# EXHIBIT 1

EXHIBIT 1
31

1   William N. Lobel (State Bar No. 093202)
  Mike D. Neue (State Bar No. 179303)
2   THE LOBEL FIRM, LLP
  840 Newport Center Drive, Suite 750
3   Newport Beach, California 92660
  Telephone:  (949) 999-2860
4   Facsimile:  (949) 999-2870

5   [Proposed] Attorneys for Debtors and
  Debtors-in-Possession
6

7   Alan J. Friedman (State Bar No. 132580)
  Issa K. Moe (State Bar No. 254998)
  IRELL & MANELLA LLP
8   840 Newport Center Drive, Suite 400
  Newport Beach, California 92660
9   Telephone:  (949) 760-0991
  Facsimile:  (949) 760-5200
10

11   Attorneys for Debtors and
  Debtors-in-Possession

12

13

14           **UNITED STATES BANKRUPTCY COURT**

15           **CENTRAL DISTRICT OF CALIFORNIA**

16           **SANTA ANA DIVISION**

| | |
|---|---|
| In re | Case No. SA 08-13150-RK |
| | [Substantively Consolidated With: |
| JAMES C. GIANULIAS, and CAMEO | Case No. 8:08-bk-13151-RK] |
| HOMES, a California corporation, | |
| | Chapter 11 |
| Debtors and Debtors-in-Possession. | **STIPULATION TO CONTINUE DATES** |
| | **RELATIVE TO CHAPTER 11 CASE** |
| | |
| | Disclosure Statement hearing: |
| | Date:  April 15, 2009 |
| | Time: 10:30 a.m. |
| | Ctrm:  5D |

1   **TO THE HONORABLE ROBERT N. KWAN, UNITED STATES**

2   **BANKRUPTCY JUDGE:**

3       James Gianulias and Cameo Homes, the substantively consolidated debtors herein

4   (the "Debtors"), the Official Joint Committee of Unsecured Creditors (the "Committee"),

5   and the Office of the United States Trustee hereby enter into this stipulation (the

6   "Stipulation"), based upon the following:

7   <u>**RECITALS**</u>

8       A.    Involuntary cases were commenced against the Debtors on June 6, 2008.  On

9   July 2, 2008, the Court entered its "Order on Debtor's Election to Convert Chapter 7 Case

10   to a Case Under Chapter 11 of the Bankruptcy Code" converting the cases to proceedings

11   under chapter 11 of the Bankruptcy Code.  The Debtors retained the firm of Irell &

12   Manella as bankruptcy counsel.

13       B.    The United States Trustee appointed a Creditors Committee ("Committee")

14   on or about July 23, 2008 and the Committee subsequently retained Sulmeyer Kupetz as its

15   bankruptcy counsel and thereafter, retained other professionals as needed.  On a voluntary

16   basis, the Debtors have been providing documents requested by the Committee as needed

17   in these cases.

18       C.    On December 11, 2008, the Court entered an order substantively

19   consolidating Cameo's chapter 11 estate into Gianulias' chapter 11 estate.  In addition, the

20   Court ordered the extension of the Debtors' exclusivity periods under section 1121 of the

21   Bankruptcy Code through January 28, 2009 to file a Plan and Disclosure Statement and

22   until March 30, 2009 to confirm their Plan of Reorganization.  Absent this Stipulation, the

23   Debtors currently intend to file their Plan and Disclosure Statement by the January 28,

24   2009 deadline.

25       D.    The hearing on the Debtors' Disclosure Statement is currently set for April

26   15, 2009.

27       E.    The Debtors and the Committee have been engaged in discussions regarding

28   valuation issues and valuation methodologies which will need to be resolved as part of the

1 plan confirmation process. In an effort to narrow the issues in dispute by agreement prior
2 to the date by which the Debtors must file their plan and disclosure statement, the Debtors
3 and the Committee have agreed to exchange certain financial information. To that end, in
4 December 2008, the Debtors provided the Committee with a large volume of business
5 records and valuation data, which is currently being evaluated and assessed by the
6 Committee's valuation and financial advisors, Deloitte and GlassRatner Advisory &
7 Capital Group. The Committee has likewise agreed to provide the Debtors with
8 information and data regarding the valuation opinions of their financial advisors.

9        F.        In order to facilitate the ongoing information exchange between the Debtors,
10 the Committee, and their respective financial advisors, the parties wish to ensure that the
11 experts can speak freely among themselves without raising concerns that such statements
12 may later be elicited in testimony during the confirmation process. Accordingly, the
13 Debtors and the Committee have agreed that discussions between their financial advisors
14 shall be deemed to be statements made in compromise negotiations, and shall be
15 inadmissible in the context of a contested litigation on valuation or plan confirmation,
16 pursuant to Federal Rule of Evidence 408. Statements between the financial advisors shall
17 be entitled to such protection even if counsel for the Debtors and the Committee are absent
18 during the discussions.

19        G.        Furthermore, to permit the Debtors and the Committee to conduct the
20 proposed information exchanges and continue discussions, the parties believe that is it in
21 the best interests of the estate and its creditors to extend various deadlines in this case.

22        H.        Accordingly, the parties wish to extend the exclusive period for the Debtors
23 to file a plan and disclosure statement pursuant to section 1121 of the Bankruptcy Code
24 (which currently will expire on January 28, 2009) for 41 days (through March 10, 2009),
25 and, assuming that the Debtors file their plan and disclosure statement by March 10, 2009,
26 to extend the exclusivity period for soliciting votes on the plan from the current expiration
27 date of March 30, 2009 through May 11, 2009.

28

EXHIBIT 1

34

## STIPULATION

WHEREFORE, it is stipulated and agreed as follows:

1. The terms of the foregoing recitals are incorporated herein by this reference.

2. The exclusive period for the Debtors to file a plan and disclosure statement pursuant to section 1121 of the Bankruptcy Code shall be extended for 41 days (through March 10, 2009).

3. Provided that the Debtors' plan and disclosure statement is timely filed on or before March 10, 2009, the exclusive period for the Debtors to file a plan and disclosure statement shall be further extended, to permit the solicitation of plan acceptances, shall be extended from the current expiration date of March 30, 2009 through May 11, 2009. The Committee shall retain its right to seek to modify the exclusivity periods as permitted and governed by section 1121 of the Bankruptcy Code at any time and, without limitation, the rights of the parties to this Stipulation are preserved other than as set forth in this Stipulation.

4. Discussions between the Debtors' financial advisors, FTI, and the Committee's financial advisors, Deloitte and GlassRatner, which occur on or before March 10, 2009, shall be deemed to be statements made in compromise negotiations, and shall be inadmissible in the context of a contested litigation on valuation or plan confirmation, pursuant to Federal Rule of Evidence 408. Statements between the financial advisors shall be entitled to such protection even if counsel for the Debtors and the Committee are absent during the discussions.

5. The parties may agree to further extensions of the time periods set forth in this Stipulation by further agreement and subsequent order of this Court.

Dated: January 2ⁿᵈ, 2009          IRELL & MANELLA LLP


                                  By _____
                                       Alan Friedman
                                  Attorneys for Debtors and
                                  Debtors-in-Possession

EXHIBIT 1

35

1    Dated: January 26 2009          SULMEYERKUPETZ

2

3                                    By _____
                                          Victor A. Sahn
4                                         Elissa D. Miller
                                     Attorneys for Official Joint Committee of Unsecured
5                                    Creditors

6    Dated: January ___, 2009        UNITED STATES TRUSTEE

7

8                                    By _____
                                          Michael Hauser
9                                    Attorneys for United States Trustee

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION TO CONTINUE DATES RELATIVE          - 4 -
TO CHAPTER 11 CASE

EXHIBIT 1

36

1   Dated: January __, 2009.          SULMEYERKUPETZ

2

3                                     By _____
4                                          Victor A. Sahn
                                           Elissa D. Miller
5                                     Attorneys for Official Joint Committee of Unsecured
                                      Creditors
6   Dated: January 27, 2009          UNITED STATES TRUSTEE

7

8                                     By _____
9                                          Michael Hauser
                                      Attorneys for United States Trustee
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION TO CONTINUE DATES RELATIVE
TO CHAPTER 11 CASE                          - 4 -

EXHIBIT 1
37

## PROOF OF SERVICE

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 840 Newport Center Drive, Suite 400, Newport Beach, California 92660-6324.

On January 27, 2009, I served the foregoing document described as **STIPULATION TO CONTINUE DATES RELATIVE TO CHAPTER 11 CASE** on each interested party, as stated below:

| | |
|---|---|
| **Debtors**<br>James C. Gianulias and Cameo Homes<br>1105 Quail Street<br>Newport Beach, CA 92660 | Paul J. Couchot, Esq.<br>Winthrop Couchot PC<br>660 Newport Center Dr., 4th Floor<br>Newport Beach, CA 92660-5946 |
| **Office of United States Trustee**<br>Attn: Michael Hauser, Esq.<br>411 W. Fourth Street, #9041<br>Santa Ana, CA 92701-4593 | **Committee Counsel**<br>Victor A. Sahn, Esq/Elissa D. Miller, Esq.<br>Dan Lev, Esq. - SulmeyerKupetz<br>333 South Hope Street, 35th Floor<br>Los Angeles, CA 90071 |

[X]      (BY MAIL) I placed a true copy of the foregoing document in a sealed envelope addressed to each interested party, as stated on the attached service list. I placed each such envelope, with postage thereon fully prepaid, for collection and mailing at Irell & Manella LLP, Newport Beach, California. I am readily familiar with Irell & Manella LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.

Executed on January 27, 2009, at Newport Beach, California.

I declare under penalty of perjury that the foregoing is true and correct.

Lori Gauthier
(Type or print name)                                    (Signature)

2004427.1 01

EXHIBIT 1
38

# EXHIBIT 2

EXHIBIT 1

39

1  William N. Lobel (State Bar No. 093202)
   Mike D. Neue (State Bar No. 179303)
2  THE LOBEL FIRM, LLP
   840 Newport Center Drive, Suite 750
3  Newport Beach, California 92660
   Telephone:   (949) 999-2860
4  Facsimile:   (949) 999-2870

5  [Proposed] Attorneys for Debtors and
   Debtors-in-Possession
6

7  Alan J. Friedman (State Bar No. 132580)
   Issa K. Moe (State Bar No. 254998)
8  IRELL & MANELLA LLP
   840 Newport Center Drive, Suite 400
   Newport Beach, California 92660
9  Telephone:   (949) 760-0991
   Facsimile:   (949) 760-5200
10

11 Attorneys for Debtors and
   Debtors-in-Possession

12

13

14

                    FILED & ENTERED

                       JAN 29 2009

                CLERK U.S. BANKRUPTCY COURT
                 Central District of California
                BY kent      DEPUTY CLERK

15

                UNITED STATES BANKRUPTCY COURT

                CENTRAL DISTRICT OF CALIFORNIA

                    SANTA ANA DIVISION

16 In re                          )  Case No. 8:08-13150-RK
17                                )  [Substantively Consolidated With:
   JAMES C. GIANULIAS, and CAMEO  )  Case No. 8:08-bk-13151-RK]
18 HOMES, a California corporation,)
                                  )  Chapter 11
19                                )
        Debtors and Debtors-in-Possession. )  ORDER APPROVING STIPULATION TO
20                                )  CONTINUE DATES RELATIVE TO
                                  )  CHAPTER 11 CASE
21                                )
                                  )
22                                )  Disclosure Statement hearing:
                                  )  Date:  April 15, 2009
23                                )  Time:  10:30 a.m.
                                  )  Ctrm:  5D
24                                )
                                  )
25 _____)

26

27

28

ORDER APPROVING STIPULATION TO
CONTINUE DATES RELATIVE TO CHAPTER 11
CASE

EXHIBIT 1

40

1   James Gianulias and Cameo Homes, the substantively consolidated debtors herein

2   (the "Debtors"), the Official Joint Committee of Unsecured Creditors (the "Committee"),

3   and the Office of the United States Trustee have entered into a stipulation (the

4   "Stipulation"), which was filed with the Court on January 27, 2009.

5   Upon consideration of the Stipulation, and other good cause appearing therefor,

6   **IT IS HEREBY ORDERED** that:

7   1.   The Stipulation is approved.

8   2.   The exclusive period for the Debtors to file a plan and disclosure statement

9   pursuant to section 1121 of the Bankruptcy Code is extended through March 10, 2009.

10   3.   Provided that the Debtors' plan and disclosure statement is timely filed on or

11   before March 10, 2009, the exclusive period for the Debtors to file a plan and disclosure

12   statement shall be deemed to have been further extended, to permit the solicitation of plan

13   acceptances, from the current expiration date of March 30, 2009 through May 11, 2009.

14   The Committee shall retain its right to seek to modify the exclusivity periods as permitted

15   and governed by section 1121 of the Bankruptcy Code at any time and, without limitation,

16   the rights of the parties to this Stipulation are preserved other than as set forth in this

17   Order.

18   4.   Discussions between the Debtors' financial advisors, FTI, and the

19   Committee's financial advisors, Deloitte and GlassRatner Advisory & Capital Group,

20   which occur on or before March 10, 2009, shall be deemed to be statements made in

21   compromise negotiations, and shall be inadmissible in the context of a contested litigation

22   on valuation or plan confirmation, pursuant to Federal Rule of Evidence 408.  Statements

23   between the financial advisors shall be entitled to such protection even if counsel for the

24   Debtors and the Committee are absent during the discussions.

25   ///

26   ///

27

28

ORDER APPROVING STIPULATION TO
CONTINUE DATES RELATIVE TO CHAPTER 11
CASE                                                 - 1 -

EXHIBIT 1

41

1    5.    The parties may agree to further extensions of the applicable time periods

2    referenced in this Order by further agreement and subsequent order of this Court.

3                                     # # #

23

24

25    DATED: January 29, 2009

        _____
        United States Bankruptcy Judge

# EXHIBIT 2

EXHIBIT 2

43

1  Victor A. Sahn (CA Bar No. 97299)
   Elissa D. Miller (CA Bar No. 120029)
2  Daniel A. Lev (CA Bar No. 129622)
   Alexandra Kazhokin (CA Bar No. 245051)
3  **Sulmeyer**Kupetz
   A Professional Corporation
4  333 South Hope Street, Thirty-Fifth Floor
   Los Angeles, California 90071-1406
5  Telephone: 213.626.2311
   Facsimile: 213.629.4520
6
   Attorneys for Official Joint Committee of
7  Unsecured Creditors

8

9                    **UNITED STATES BANKRUPTCY COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA, SANTA ANA DIVISION**

11  In re                                  Case No. 8:08-bk-13150-RK

12  James C. Gianulias,                    Jointly Administered with
13                                         Case No. 8:08-bk-13151-RK
                    Debtor.
14                                         Chapter 11

15                                         **STIPULATION TO FURTHER CONTINUE
                                           DATES RELATIVE TO CHAPTER 11**
16                                         **CASE**

17                                         DATE:    [Hearing Date Not Necessary]
                                           TIME:
18                                         PLACE:   Courtroom 5D
                                                    411 West Fourth Street
19                                                  Santa Ana, CA 92701-4593

20  In re

    CAMEO HOMES, a California corporation   8:08-bk-13151-RK
21

22  ☒      Affects All Debtors

23
24  ☐      Affects James C. Gianulias       8:08-bk-13150-RK

25  ☐      Affects Cameo Homes, a California  8:08-bk-13151-RK
           corporation
26

27

28

[VAS\GEN\524836.1]

EXHIBIT 2

1  TO THE HONORABLE ROBERT KWAN, UNITED STATES BANKRUPTCY JUDGE:

2      The Chapter 11 Debtors, James C. Gianulias and Cameo Homes, Inc.

3  ("Debtors") and the Offiical Joint Committee of Unsecured Creditors for James C.

4  Gianulias and Cameo Homes, Inc. ("Committee") hereby Stipulate and Agree ("Second

5  Stipulation") as follows:

6      1.    **Prior Stipulation and Order to Continue Dates in Chapter 11 Case:**

7  Previously, the Committee and the Debtors agreed to continue certain dates in

8  connection with these Chapter 11 cases.  Attached hereto as Exhibit "1" is a true and

9  accurate copy of the "Stipulation to Continue Dates Relative to Chapter 11 Case," ("First

10  Stipulation") and as Exhibit "2" is the "Order Approving Stipulation to Continue Dates

11  Relative to Chapter 11 Case." ("Order")  Generally stated, the First Stipulation and the

12  Order addressed the following matters:

13      A.    The Debtors and the Committee agreed to extend the Debtors'

14  Exclusive Period to file its Chapter 11 Plan(s) and Disclosure Statement (s) through and

15  including March 10, 2009.

16      B.    The Debtors and the Committee agreed  to extend the period by

17  which the Debtor would be able to exclusively solicit acceptances or rejections of its

18  Plan(s) of Reorganization from March 30, 2009 to May 11, 2009.

19      2.    **Primary Purpose of the First Stipulation and Order:** As recited in the

20  Stipulation, the primary purpose of the agreement between the Debtors and the

21  Committee was to facilitate productive discussions between the Debtors' valuation

22  consultant and the Committee's valuation consultant and financial advisor regarding the

23  various values found to exist in connection with the properties or interests in properties

24  held by the Debtors.  The parties believed that these discussions would assist in

25  narrowing the issues that remain the subject of disagreement between the valuation

26  consultants and thereby streamline the matters for either resolution between the parties

27  or for evidentiary hearing before this Court.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1       3.      **Meeting Between Debtors' Valuation Consultants and Committee's**

2   **Valuation Consultants:** These meetings between the valuation consultants took place

3   and the parties have exchanged information regarding their valuation conclusions.  They

4   remain in the process of completing this review and working through the points of

5   agreement and disagreement on the valuation issues.  The Debtors and the Committee

6   have agreed to work through those issues, identify them for the Court and provide a

7   report to this Court prior to a hearing on March 31, 2009 at 4:00 p.m.  In connection with

8   a hearing that took place on March 3, 2009 at 4:00 p.m., the Committee provided the

9   Court with a status report regarding the identification of issues that should be resolved

10  (from the Committee's view) in advance of a consideration by this Court of other issues

11  that will be addressed in connection with any Plan of Reorganization offered for

12  consideration and approval in these Chapter 11 cases.

13      4.      **Continuation of Dates Originally Agreed Upon in the First Stipulation:**

14  In order to facilitate these discussions, the parties have agreed to the following new dates

15  in connection with this Chapter 11 case:

|  | First Stipulation | Second Stipulation |
|---|---|---|
| **Exclusivity Period for Debtors to File Plan and Disclosure Statement** | March 10, 2009 | March 31, 2009 |
| **Exclusivity Period For Debtors to Confirm Plan of Reorganization** | May 11, 2009 | June 1, 2009 |

21      5.      The parties believe that extending the dates as set forth in paragraph 4,

22  above, will facilitate a more expeditious, orderly and cost effective resolution of the

23  outstanding valuation issues in this case.  However, other than as set forth in this Second

24  Stipulation, all of the rights provided for including those rights reserved by the parties are

25  incorporated into this Second Stipulation.  In all other respects, other than as set forth in

26  this Second Stipulation, the First Stipulation shall otherwise remain in force and effect.

27      Wherefore, the parties have caused this stipulation to be executed by their duly-

28  appointed attorneys of record.

1   DATED: March 11, 2009

2

3

4

5

6   DATED: March 10, 2009

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SulmeyerKupetz**
A Professional Corporation

By: _____
Victor A. Sahn
Attorneys for Official Joint Committee of
Unsecured Creditors

Irell & Manella, LLP

The Lobel Firm


By: _____
Attorneys for James C. Gianulias and Cameo
Homes, Inc.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

IV:ASIGEM\524836 1 3/11/2009 (12:56 PM)]

4

EXHIBIT 2
47

1  DATED: March 10, 2009

2

3

4

5

6  DATED: March 10, 2009

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SulmeyerKupetz
A Professional Corporation


By: _____
     Victor A. Sahn
     Attorneys for Official Joint Committee of
     Unsecured Creditors

Irell & Manella, LLP

The Lobel Firm



By: _____

     Attorneys for James C. Gianulias and Cameo
     Homes, Inc.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

[VAS\GEN\524836.1 3/10/2009 (1:41 PM)]

4

EXHIBIT 2

48

# EXHIBIT 3

EXHIBIT 3
49

## James C. Gianulias & Cameo Homes
### Ownership Cash Flow Projections (10-Years)

Source: Debtor provided financial statements and general ledgers

| Properties | Total JCG % | 2009 Projected Net Cash Flow | 2009 JCG Entities | 2010 Projected Net Cash Flow | 2010 JCG Entities | 2011 Projected Net Cash Flow | 2011 JCG Entities | 2012 Projected Net Cash Flow | 2012 JCG Entities | 2013 Projected Net Cash Flow | 2013 JCG Entities | 20 Projected Net Cash Flow |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Properties Managed by Mesa Management** | | | | | | | | | | | | |
| BLA - Park Glen Brookdale | 50.00% | 1,283,655 | 631,828 | 1,308,843 | 654,322 | 1,354,283 | 677,142 | 1,400,581 | 700,291 | 1,447,539 | 723,770 | 1,495,165 |
| CBC - Coast Business Center | 20.73% | 711,983 | 147,594 | 732,987 | 151,948 | 754,355 | 156,378 | 776,097 | 160,885 | 857,824 | 177,827 | 820,712 |
| CRW - Crown Building | 20.00% | 222,271 | 44,454 | 228,437 | 45,687 | 234,883 | 46,937 | 241,012 | 48,202 | 247,420 | 49,484 | 253,809 |
| DAN - Dana Center LP | 50.00% | 98,544 | 49,272 | 104,319 | 52,159 | 110,220 | 55,110 | 116,245 | 58,122 | 122,401 | 61,200 | 128,690 |
| DC - Dana Center GP | 0.50% | 78,382 | 392 | 81,261 | 406 | 84,220 | 421 | 87,242 | 436 | 90,327 | 452 | 93,476 |
| EIA - Placentia (Emerald Isle) | 69.85% | 653,409 | 456,406 | 733,768 | 512,537 | 817,541 | 571,052 | 902,614 | 630,476 | 989,004 | 690,819 | 1,076,721 |
| GHP - Green Haven Plaza | 25.00% | 195,898 | 48,975 | 200,749 | 50,187 | 205,641 | 51,410 | 210,573 | 52,643 | 215,544 | 53,886 | 220,555 |
| GVSC - Grass Valley Shopping Center | 100.00% | 441,358 | 441,358 | 466,976 | 466,976 | 490,046 | 490,046 | 513,487 | 513,487 | 537,301 | 537,301 | 561,493 |
| LAG - Lucas - Gianulias | 50.00% | 50,909 | 25,454 | 59,106 | 29,553 | 67,449 | 33,724 | 75,942 | 37,971 | 84,586 | 42,293 | 93,384 |
| PIA - Palm Island Senior Community | 64.00% | 1,414,082 | 904,598 | 1,526,851 | 976,337 | 1,613,894 | 1,032,692 | 1,700,421 | 1,088,269 | 1,788,246 | 1,144,477 | 1,877,382 |
| PIC - Piccadilly Apartments | 50.00% | 635,308 | 317,664 | 651,087 | 325,544 | 667,048 | 333,524 | 683,195 | 341,598 | 699,525 | 349,763 | 716,039 |
| PMV - Park Mesa Village | 37.50% | 1,952,007 | 732,340 | 2,013,023 | 754,884 | 2,074,092 | 777,785 | 2,136,120 | 801,047 | 2,199,131 | 824,674 | 2,263,126 |
| PWD - Parkewood Village Apartments | 37.51% | 1,468,833 | 550,882 | 1,503,367 | 563,838 | 1,538,345 | 576,956 | 1,573,759 | 590,238 | 1,609,611 | 603,685 | 1,645,901 |
| RKA - River Knolls | 100.00% | 157,068 | 157,068 | 166,159 | 166,159 | 175,278 | 175,278 | 184,424 | 184,424 | 193,585 | 193,585 | 202,764 |
| SVA - Silverado Apartments | 50.00% | (1,911,466) | | (1,474,046) | | (860,079) | | (852,251) | | (734,057) | | (612,242) |
| VPA - Vista Pointe Apartments | 37.74% | (1,216,885) | | (951,455) | | (724,402) | | (694,976) | | (624,579) | | (550,000) |
| V8A - Villa Buena Apartments | 49.50% | 950,454 | 470,475 | 975,596 | 482,920 | 1,001,062 | 495,526 | 1,026,854 | 508,293 | 1,052,973 | 521,222 | 1,079,418 |
| **Total Mesa Management Properties** | | $ 7,197,280 | 4,998,748 | $ 8,328,627 | 5,235,458 | $ 9,603,677 | 5,474,182 | $ 10,081,344 | 5,716,382 | $ 10,776,380 | 5,974,436 | $ 11,366,492 |
| **East Coast Properties** | | | | | | | | | | | | |
| County Gardens | 25.00% | (12,211) | (3,053) | (13,603) | (3,416) | (15,260) | (3,815) | (17,012) | (4,253) | (18,928) | (4,731) | (21,005) |
| Grenadier Village | 25.00% | 742,476 | 185,619 | 754,006 | 188,501 | 765,097 | 191,274 | 775,718 | 193,929 | 785,839 | 196,460 | 795,433 |
| Valenti's Country Estates | 25.00% | 81,310 | 20,328 | 82,697 | 20,674 | 84,030 | 21,008 | 85,299 | 21,325 | 86,503 | 21,626 | 87,634 |
| WWG - Wood Wind Gardens | 25.00% | 338,305 | 84,576 | 343,752 | 85,938 | 349,043 | 87,261 | 354,169 | 88,542 | 359,117 | 89,779 | 363,875 |
| **Total East Coast Properties** | | $ 1,149,881 | 287,470 | $ 1,166,792 | 291,698 | $ 1,182,910 | 295,727 | $ 1,198,174 | 299,543 | $ 1,212,533 | 303,133 | $ 1,225,937 |
| **Kona Plantation** | 50.00% | (273,421) | (136,711) | (523,930) | (261,965) | (526,884) | (263,442) | (529,925) | (264,963) | (533,058) | (266,529) | (536,283) |
| LCM - Lahaina Cannery Mall | 18.00% | 559,710 | 100,748 | 602,962 | 108,533 | 646,533 | 116,376 | 690,411 | 124,274 | 734,588 | 132,226 | 779,040 |
| Beachfront Golf Club | 25.00% | (1,197,060) | (299,265) | (1,426,904) | (356,726) | (1,468,948) | (367,237) | (1,512,660) | (378,165) | (1,558,098) | (389,524) | (1,605,317) |
| Sunrise Village Shopping Center | 13.87% | 824,192 | 114,315 | 825,702 | 114,525 | 851,862 | 118,154 | 878,411 | 121,836 | 905,339 | 125,570 | 932,653 |
| **Total Other Properties** | | $ (86,579) | (220,912) | $ (522,171) | (395,633) | $ (497,433) | (396,149) | $ (473,764) | (397,018) | $ (451,228) | (398,257) | $ (429,898) |
| **Grand Total** | | $ 8,260,582 | 5,065,306 | $ 8,973,248 | 5,131,523 | $ 10,289,154 | 5,373,760 | $ 10,805,754 | 5,618,907 | $ 11,537,685 | 5,879,313 | $ 12,162,531 |

Notes:
1. Preliminary cash flow projections are based on income increases of 2.0% annually over base year (2009) and expenses increased 3.0% annually with the exception of taxes and insurance, which are increased 2.0% annually.
2. Detailed cash flow projections include management and vacancy deductions based on the greater of actual and market or contractual standards. Replacement reserves are based on $250/unit for multi-family properties and $0.25/sf for commercial properties, which represent industry standards.
3. Vista Pointe & Silverado Apartments (Markets 144 and 492) are non-stabilized assets. Cash flow for JCG entities is not projected as the property is reported to be under new ownership terms to be provided.
4. Kona Plantation, LLC cash flow projections are based on YE-2007 data. Current operating statements, budgets, terms of recent ownership and capital restructure to be provided.

DRAFT - Preliminary
Privileged & Confidential
Attorney Client Work Product

Page 1 of 2
4/2/2009

EXHIBIT 3

50

# James C. Gianulias & Cameo Homes
## Ownership Cash Flow Projections (10-Years)
Source: Debtor provided financial statements and general l...

| Properties | Total JCG % | '14 JCG Entities | 2015 Projected Net Cash Flow | 2015 JCG Entities | 2016 Projected Net Cash Flow | 2016 JCG Entities | 2017 Projected Net Cash Flow | 2017 JCG Entities | 2018 Projected Net Cash Flow | 2018 JCG Entities | 2019 Projected Net Cash Flow | 2019 JCG Entities |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Properties Managed by Mesa Management** | | | | | | | | | | | | |
| BLA - Park Glen Brooklake | 50.00% | 747,583 | 1,543,463 | 771,732 | 1,592,442 | 796,221 | 1,642,101 | 821,051 | 1,692,449 | 846,225 | 1,743,489 | 871,745 |
| CBC - Coast Business Center | 20.73% | 170,134 | 843,599 | 174,878 | 866,881 | 179,704 | 890,562 | 184,614 | 914,649 | 188,607 | 933,148 | 194,885 |
| CRW - Crown Building | 20.00% | 50,782 | 260,481 | 52,096 | 267,134 | 53,427 | 273,872 | 54,774 | 280,689 | 56,138 | 287,597 | 57,517 |
| DAN - Dana Center LP | 50.00% | 64,345 | 135,115 | 67,557 | 141,677 | 70,838 | 148,382 | 74,191 | 155,231 | 77,615 | 162,228 | 81,114 |
| DC - Dana Center GP | 0.50% | 467 | 96,690 | 483 | 93,974 | 500 | 103,325 | 517 | 106,745 | 534 | 110,238 | 551 |
| EIA - Placentia (Emerald Isle) | 69.85% | 752,080 | 1,165,781 | 814,288 | 1,256,020 | 877,456 | 1,347,993 | 941,573 | 1,441,171 | 1,006,658 | 1,535,751 | 1,072,722 |
| GHP - Green Haven Plaza | 25.00% | 55,139 | 225,602 | 56,401 | 230,681 | 57,670 | 235,795 | 58,949 | 240,944 | 60,236 | 246,123 | 61,531 |
| GVSC - Grass Valley Shopping Center | 100.00% | 561,493 | 586,070 | 586,070 | 611,034 | 611,034 | 636,393 | 636,393 | 662,149 | 662,149 | 688,306 | 688,306 |
| LG - Lucas - Gianulias | 50.00% | 46,692 | 102,338 | 51,169 | 111,462 | 55,726 | 120,725 | 60,362 | 130,164 | 65,082 | 139,771 | 69,885 |
| PIA - Palm Island Senior Community | 64.00% | 1,201,524 | 1,967,843 | 1,259,420 | 2,059,638 | 1,318,168 | 2,152,763 | 1,377,781 | 2,247,291 | 1,438,266 | 2,343,171 | 1,499,629 |
| PIC - Picadilly Apartments | 50.00% | 358,020 | 732,735 | 366,368 | 749,613 | 374,807 | 766,673 | 383,337 | 783,972 | 391,956 | 801,330 | 400,665 |
| PMV - Frank Mesa Village | 37.50% | 848,672 | 2,328,119 | 873,045 | 2,394,120 | 897,795 | 2,461,142 | 922,828 | 2,529,196 | 948,449 | 2,598,292 | 974,360 |
| PWD - Parkewood Village Apartments | 37.51% | 617,295 | 1,622,629 | 631,070 | 1,710,736 | 645,009 | 1,757,402 | 659,114 | 1,795,445 | 673,382 | 1,833,926 | 687,614 |
| RKA - River Knolls | 100.00% | 202,764 | 211,951 | 211,951 | 221,145 | 221,145 | 230,338 | 230,338 | 239,529 | 239,529 | 248,709 | 248,709 |
| SVA - Silverado Apartments | 50.00% | - | (486,694) | | (357,303) | | (223,952) | | (86,517) | | 55,122 | 27,561 |
| VPA - Villa Buena Apartments | 37.74% | - | (471,016) | | (387,361) | | (298,852) | | (205,161) | | (108,028) | |
| VSA - Villa Siena Apartments | 49.50% | 534,312 | 1,100,191 | 547,565 | 1,133,295 | 560,981 | 1,160,727 | 574,560 | 1,188,488 | 588,302 | 1,216,579 | 602,207 |
| **Total Mesa Management Properties** | | 6,211,310 | 12,030,896 | 6,464,101 | 12,710,397 | 6,720,481 | 13,405,408 | 6,980,480 | 14,116,373 | 7,244,125 | 14,843,741 | 7,539,000 |
| **East Coast Properties** | | | | | | | | | | | | |
| Country Gardens | 25.00% | (5,251) | (23,259) | (5,815) | (25,696) | (6,424) | (23,322) | (7,080) | (31,147) | (7,787) | (34,177) | (6,544) |
| Grenadier Village | 25.00% | 198,858 | 804,461 | 201,115 | 812,864 | 203,223 | 820,692 | 205,173 | 827,805 | 206,956 | 834,250 | 208,562 |
| Valenti's Country Estates | 25.00% | 21,900 | 86,694 | 22,174 | 88,677 | 22,419 | 90,577 | 22,644 | 91,391 | 22,848 | 92,110 | 23,028 |
| WWG - Wood Wind Gardens | 25.00% | 90,069 | 365,434 | 92,108 | 372,777 | 93,194 | 376,895 | 94,224 | 380,770 | 95,192 | 384,389 | 96,097 |
| **Total East Coast Properties** | | 306,484 | 1,238,330 | 309,582 | 1,249,652 | 312,414 | 1,259,842 | 314,960 | 1,268,839 | 317,210 | 1,276,572 | 319,143 |
| Kona Plantation | 50.00% | (268,142) | (539,605) | (269,903) | (543,027) | (271,514) | (546,551) | (273,276) | (550,179) | (276,090) | (553,918) | (276,959) |
| LCM - Lahaina Cannery Mall | 18.00% | 140,229 | 823,788 | 148,281 | 868,784 | 156,381 | 914,027 | 164,525 | 959,503 | 172,710 | 1,015,197 | 180,935 |
| Chardonnay Golf Club | 25.00% | (401,329) | (1,654,386) | (413,597) | (1,705,369) | (425,342) | (1,755,324) | (439,581) | (1,813,328) | (453,332) | (1,870,449) | (467,612) |
| Sunrise Village Shopping Center | 13.87% | 129,359 | 960,356 | 133,201 | 988,452 | 137,098 | 1,016,946 | 141,050 | 1,045,840 | 145,058 | 1,075,135 | 149,121 |
| **Total Other Properties** | | (399,883) | (409,846) | (401,916) | (391,185) | (404,376) | (373,903) | (407,281) | (358,165) | (410,653) | (344,036) | (414,515) |
| **Grand Total** | | $ 6,117,911 | $ 12,859,376 | $ 6,371,767 | $ 13,568,891 | $ 6,628,518 | $ 14,291,347 | $ 6,888,159 | $ 15,027,047 | $ 7,150,682 | $ 15,776,277 | $ 7,443,629 |

Notes:
1. Preliminary cash flow projections are based on income increases of 2.5...
2. Base year (2009) expenses include management and vacancy deducti...
3. Vista Pointe & Silverside Apartments (Murbita 144 and 462) are non-st...
4. Kona Plantation, LLC cash flow projections are based on YE-2007 data

DRAFT - Preliminary
Privileged & Confidential
Attorney Client Work Product

Page 2 of 2
4/2/2009

CF Projections Summary REV 3 27 09 (2).xls
4/2/2009 4:15 PM
2 of 2

EXHIBIT 3
51

# EXHIBIT 4

EXHIBIT 4

52



# ORIGINAL

1  William N. Lobel (State Bar No. 93202)
   wlobel@irell.com
2  Alan J. Friedman (State Bar No. 132580)
   afriedman@irell.com
3  Kerri A. Lyman  (State Bar No. 241615)
   klyman@irell.com
4  Issa K. Moe (State Bar No. 254998)
   imoe@irell.com
5  IRELL & MANELLA LLP
   840 Newport Center Drive, Suite 400
6  Newport Beach, California 92660-6324
   Telephone:  (949) 760-0991
7  Facsimile:  (949) 760-5200

8  Attorneys for James C. Gianulias

9  Paul J. Couchot (State Bar No. 131934)
   pcouchot@winthropcouchot.com
10 WINTHROP COUCHOT P.C.
   660 Newport Center Drive, 4th Floor
11 Newport Beach, CA 92660-5946
   Telephone:  (949) 720-4100
12 Facsimile:   (949) 720-4111

13 Attorneys for Cameo Homes

14

15         UNITED STATES BANKRUPTCY COURT

16          CENTRAL DISTRICT OF CALIFORNIA

17               SANTA ANA DIVISION

18 In re                          )  Case No. 8:08-bk-13150-RK
                                  )
19 JAMES C. GIANULIAS,            )  Jointly Administered With:
                                  )  Case No. 8:08-bk-13151-RK
20                                )
         Debtor and Debtor-in-Possession.  )  Chapter 11
21 _____)
                                  )  STIPULATION AND ORDER
22 CAMEO HOMES, a California corporation,  )  SUBSTANTIVELY CONSOLIDATING
                                  )  CHAPTER 11 ESTATE OF CAMEO
23                                )  HOMES INTO CHAPTER 11 ESTATE OF
         Debtor and Debtor-in-Possession.  )  JAMES C. GIANULIAS
24 _____)
                                  )  Hearing Date:
25                                )  DATE:   December 3, 2008
   RELATES TO BOTH DEBTORS        )  TIME:   2:00 p.m.
26                                )  PLACE:  Courtroom 5D
                                  )
27

28

197095 04

EXHIBIT 4

53

1    The "Motion for Order Substantively Consolidating Chapter 11 Estate of Cameo Homes

2    Into Chapter 11 Estate of James C. Gianulias" (the "Motion") was filed by James C. Gianulias

3    ("Gianulias") and Cameo Homes, a California corporation ("Cameo"), the debtors and debtors-in-

4    possession in these jointly administered cases (collectively, the "Debtors"). The Declarations of

5    Shawn Conerty, William N. Lobel and Ron Greenspan were submitted in support of the Motion.

6        Four responses (the "Objections") were filed to the Motion: (i) the *Opposition of Official*

7    *Joint Committee of Unsecured Creditors to Debtors' Motion for Substantive Consolidation,* and

8    declaration in support thereof, were filed by the Official Joint Committee of Unsecured Creditors

9    (the "Committee"); (ii) the *Limited Opposition to Debtors' Motion for Order Substantively*

10   *Consolidating Chapter 11 Estate of Cameo Homes Into Chapter 11 Estate of James C.* Gianulias

11   filed by the M. and C. Immell Revocable Trust, et al.; (iii) the *Conditional Non-Opposition by*

12   *Famille Holdings, L.P. to Debtors' Motion for an Order Substantively Consolidating Cases* filed

13   by Famille Holdings, L.P.; and (iv) the *Statement in Response to Motion for an Order*

14   *Substantively Consolidating Cases* filed by Wachovia Bank, N.A.

15       As a result of negotiations among the Debtors and the Committee, and further discussions

16   among the Debtors and the other objecting parties, the Debtors, the Committee and the other

17   objecting parties have resolved their disputes and agreed to the terms of this Order.

18   **THE COURT HEREBY FINDS THAT:**

19   **A.    Jurisdiction, Final Order and Statutory Predicates**

20       This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This proceeding

21   is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (N) and (0). Venue is proper in this

22   District and in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

23       This Order constitutes a final and appealable order within the meaning of 28 U.S.C. §

24   158(a).

25       This proceeding is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(A),

26   (N) and (O).

27

28

EXHIBIT 4

54

**B.    Notice and Hearing**

This Court hereby finds that the Motion has been served upon all parties required to be served under applicable law, including: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) all tax authorities listed on the Debtors' schedules; and (iv) all parties entitled to receive notice in these chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

William N. Lobel, Esq. of Irell & Manella LLP appeared at the hearing on behalf of Gianulias. Paul J. Couchot, Esq. of Winthrop Couchot PC appeared at the hearing on behalf of Cameo. Victor Sahn, Esq. of SulmeyerKupetz appeared at the hearing on behalf of the Committee. All other appearances with respect to this matter were noted on the Court's record.

**C.    The Chapter 11 Cases Should be Substantively Consolidated**

Substantive consolidation of the Chapter 11 estate of Cameo (Case No. 08-bk-13151-RK) with the Chapter 11 estate of Gianulias (Case No. 08-bk-13150-RK) is in the best interest of the Debtors, their estates and their creditors.

The relief granted herein is justified under both of the tests set forth in *In re Bonham*, 229 F. 3d 750 (9th Cir. 2000).

Good cause exists to substantively consolidate the Chapter 11 estate of Cameo with the Chapter 11 case of Gianulias.

Gianulias and Cameo shall be substantively consolidated for purposes of these chapter 11 cases only, and such consolidation will cease upon dismissal of either of Gianulias' or Cameo's chapter 11 cases or the conversion of either case to a Chapter 7 case.

The relief granted herein will not impact the non-dischargeability actions filed by Famille Holdings, L.P., California National Bank, and Wachovia Bank, N.A. or the application of section 1115 of the Bankruptcy Code. Further, substantive consolidation will not affect any tax treatment, tax attributes or rights under the Bankruptcy Code, the Internal Revenue Code or applicable state law pertaining to tax issues in these Chapter 11 cases.

The relief granted herein will not impact or eliminate any inter-company claims existing between Gianulias and Cameo.

Substantive consolidation of the Gianulias and Cameo estates will have no effect, either

1970958.4 04

- 3 -

EXHIBIT 4

55

1  during the cases or post confirmation, on the rights or obligations of either estate, or of Gianulias

2  or Cameo as debtors, to third parties with respect to any contract or agreement to which either

3  Gianulias or Cameo is a party.

4  **IT IS HEREBY:**

5       **ORDERED** that the Motion is granted; and it is further

6       **ORDERED** that the Chapter 11 estate of Cameo (Case No. 08-bk-13151-RK) is hereby

7  substantively consolidated with the Chapter 11 estate of Gianulias (Case No. 08-bk-13150-RK), as

8  of June 6, 2008; and it is further

9       **ORDERED** that any plan of reorganization proposed by the Debtors will provide each

10  unsecured creditor with a distribution of not less than the greater of: (i) the amount such unsecured

11  creditor would have received from the estate in which it holds its claim absent substantive

12  consolidation of the Debtors' estates or (ii) the amount such unsecured creditor will receive

13  pursuant to a plan in the consolidated estates; and it if further

14       **ORDERED** that to the extent any creditor holds claims against both of the Debtors'

15  estates, neither of such claims will be subject to objection solely on the basis of the existence of a

16  claim against the other Debtor's estate; and it is further

17       **ORDERED** that nothing in this Order shall be interpreted as causing a change in the

18  federal or state income tax status of the Debtors or the Debtors' estates; and it is further

19       **ORDERED** that notwithstanding the substantive consolidation of the Debtors' estates, (i)

20  any asset owned by the Chapter 11 estate of Gianulius prior to substantive consolidation may be

21  abandoned to Gianulius pursuant to Bankruptcy Code section 554 under the same rules and

22  restrictions as if such asset were still owned by the Chapter 11 estate of Gianulius at the time of

23  abandonment, and (ii) any asset owned by the Chapter 11 estate of Cameo prior to substantive

24  consolidation may be abandoned to Cameo pursuant to Bankruptcy Code section 554 under the

25  same rules and restrictions as if such asset were still owned by the Chapter 11 estate of Cameo at

26  the time of abandonment. No party shall be permitted to argue that the substantive consolidation

27  of the Debtors' estates either increases or decreases such rights of abandonment or permits any

28

1970958.4 04

- 4 -

EXHIBIT 4

56

1  asset: (1) originating in Gianulias' estate to be abandoned to Cameo; or (2) originating in Cameo's

2  estate to be abandoned to Gianulias; and it is further

3      **ORDERED** notwithstanding the substantive consolidation of the Debtors' estates, (i) any

4  asset abandoned to Debtor James C. Gianulias pursuant to Bankruptcy Code section 554 shall be

5  treated for all purposes (including federal and state tax purposes) as having been transferred to him

6  by the Chapter 11 estate of Gianulias if the chapter 11 estate of Gianulias owned or held an

7  interest in such asset prior to substantive consolidation, and (ii) any asset abandoned to Debtor

8  Cameo pursuant to Bankruptcy Code section 554 shall be treated for all purposes (including

9  federal and state tax purposes) as having been transferred to it by the Chapter 11 estate of Cameo

10  if the Chapter 11 estate of Cameo owned or held an interest in such asset prior to substantive

11  consolidation; and it is further

12      **ORDERED** that any inter-company claims existing between Gianulias and Cameo will

13  continue to exist and will not be eliminated as the result of this Order; and it is further

14      **ORDERED** that Gianulias and Cameo shall be substantively consolidated for purposes of

15  these chapter 11 cases only, and such consolidation will cease upon dismissal of either of

16  Gianulias' or Cameo's chapter 11 cases or the conversion of either case to a Chapter 7 case; and it

17  is further

18      **ORDERED** that the substantive consolidation of the Gianulias and Cameo estates will

19  have no effect, either during the cases or post confirmation, on the rights or obligations of either

20  estate, or of Gianulias or Cameo as debtors, to third parties with respect to any contract or

21  agreement to which either Gianulias or Cameo is a party; and it is further

22      **ORDERED** that the Court shall retain jurisdiction to hear and determine all matters arising

23  from the implementation of this Order.

24

25  Dated: ___**DEC 1 0 2008**___

26                                   THE HONORABLE ROBERT KWAN
                                     UNITED STATES BANKRUPTCY JUDGE

27

28

1970958.4 04

- 5 -

EXHIBIT 4

57

1    Agreed to by:

2    IRELL & MANELLA LLP

3    By:    /s/    William N. Lobel
             William N. Lobel
4    Counsel for James C. Gianulias

5    WINTHROP COUCHOT PC

6    By:    /s/    Paul J. Couchot
             Paul J. Couchot
7    Counsel for Cameo Homes

8    SULMEYERKUPETZ

9    By:    /s/
             Victor Sahn
10
11   Counsel for Official Joint Committee
     of Unsecured Creditors
12
     REED SMITH LLP
13
14   By:    /s/    Marsha A. Houston
             Marsha A. Houston
15   Counsel for Wachovia Bank, N.A.

16   COX, CASTLE & NICHOLSON LLP

17   By:    /s/    Jess R. Bressi
             Jess R. Bressi
18   Counsel for Famille Holdings, L.P.

19   WEILAND, GOLDEN, SMILEY,
20   WANG EKVALL & STROK, LLP

21   By:    /s/    Lei Lei Wang Ekvall
             Lei Lei Wang Ekvall
22   Counsel for the M. and C. Immell
     Revocable Trust, et al.
23

24   GOE & FORSYTHE, LLP

25

26   By:    /s/    Robert P. Goe
             Robert P. Goe
27   Counsel for the Lucas Entities

28

EXHIBIT 4

58

| | |
|---|---|
| 1 | **NOTICE TO USERS OF THIS FORM:** |
| 2 | Physically attach this form as the last page of the proposed Order or Judgment. Do not file this form as a separate document. |

| | | |
|---|---|---|
| 3 | In re:                    (SHORT TITLE) | CHAPTER 11 CASE NUMBER: 8:08-BK-13150-RK |
| 4 | JAMES C. GIANULIAS | |
| 5 | | |
| 6 | Debtor and Debtor-in-Possession | |

7

8    NOTICE OF ENTRY OF JUDGMENT OR ORDER
9    AND CERTIFICATE OF MAILING

10

**TO ALL PARTIES IN INTEREST ON THE ATTACHED SERVICE LIST:**
11

You are hereby notified, pursuant to Local Bankruptcy Rule 9021-1(1)(v), that a judgment or
12    order entitled (specify):

13    **STIPULATION AND ORDER SUBSTANTIVELY CONSOLIDATING CHAPTER 11
      ESTATE OF CAMEO HOMES INTO CHAPTER 11 ESTATE OF JAMES C. GIANULIAS**
14

15    was entered on (specify date): 12-11-08

16    I hereby certify that I mailed a copy of this notice and a true copy of the order or judgment to the
      persons and entities on the attached service list on (specify date): 12-11-08
17

18
      Dated: 12-11-08
19                                              JON DAVID CERETTO
                                                Clerk of the Bankruptcy Court
20
                                                By: _____
21                                                  Deputy Clerk
22
23
24
25
26
27
28

1970958.4 04                          - 7 -                          EXHIBIT 4
                                                                          59

# SERVICE LIST

| | |
|---|---|
| 1 | |

| | |
|---|---|
| Office of the United States Trustee<br>Attn: Michael Hauser, Esq.<br>411 W. Fourth Street, Suite 9041<br>Santa Ana, CA 92701-4593 | Attorneys for Official Joint Committee of Unsecured Creditors<br>Victor Sahn, Esq/Elissa Miller, Esq/Daniel Lev, Esq.<br>SulmeyerKupetz<br>333 South Hope Street, Thirty-Fifth Floor<br>Los Angeles, CA 90071-1406 |
| James C. Gianulias<br>Cameo Homes<br>1105 Quail Street<br>Newport Beach, CA 92660 | Winthrop Couchot PC<br>Attn: Paul J. Couchot, Esq.<br>660 Newport Center Drive, 4th Floor<br>Newport Beach, CA 92660-5946 |
| Counsel for Wachovia Bank, N.A.<br>Marsha A. Houston, Esq.<br>Reed Smith LLP<br>355 South Grand Avenue, Suite 2900<br>Los Angeles, CA 90071 | Counsel for Famille Holdings, LP<br>Jess R. Bressi, Esq.<br>Cox, Castle & Nicholson LLP<br>19800 MacArthur Blvd., Suite 500<br>Irvine, CA 92612-2435 |
| Counsel for the M. and C. Immell Revocable Trust<br>Lei Lei Wang Ekvall, Esq.<br>Weiland, Golden, Smiley, Wang Ekvall & Strok<br>650 Town Center Drive, Suite 950<br>Costa Mesa, CA 92626 | Counsel for the Lucas Entities<br>Robert P. Goe, Esq.<br>Goe & Forsythe, LLP<br>660 Newport Center Drive, Suite 320<br>Newport Beach, CA 92626 |
| Irell &Manella LLP<br>Attn: Lori Gauthier<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660-6324 | |