# EXHIBIT 5

EXHIBIT 5

61

1  Victor A. Sahn (CA Bar No. 97299)
   Elissa Miller (CA Bar No.          )
2  Daniel Lev (CA Bar No.          )
   **Sulmeyer**Kupetz
3  A Professional Corporation
   333 South Hope Street, Thirty-Fifth Floor
4  Los Angeles, California  90071-1406
   Telephone: 213.626.2311
5  Facsimile: 213.629.4520

6  Attorneys for Joint Official Committee of
   Unsecured Creditors of James C. Gianulias
7  and Cameo Homes

8
                **UNITED STATES BANKRUPTCY COURT**
9
          **CENTRAL DISTRICT OF CALIFORNIA, RIVERSIDE DIVISION**
10

11 In re                              Case No. 8:08-bk-13150-RK
12
                                      Substantively Consolidated With:
13 JAMES C. GIANULIAS,                Case No. 8:08-bk-13151-RK

14                                    Chapter 11
            Debtor and Debtor in
15            Possession
   _____
16 CAMEO HOMES, a California          **CHAPTER 11 REORGANIZATION PLAN**
   Corporation,                       **OF THE JOINT OFFICIAL COMMITTEE**
17                                     **OF UNSECURED CREDITORS OF**
            Debtor and Debtor in      **JAMES C. GIANULIAS AND CAMEO**
18            Possession.             **HOMES, INC.**
   _____
19 RELATES TO BOTH DEBTORS            **DATE** :    January ___, 2009
                                      **TIME** :    _____
20                                    **PLACE** :   Courtroom 5D

21                                    **Disclosure Statement Hearing**

22
                                      **Plan Confirmation Hearing**
23
                                      [See Disclosure Statement for
24                                     Voting and Objection Procedures]

25                                    **DATE** :    [To Be Set]
                                      **TIME** :    [To Be Set]
26                                    **PLACE** :   Courtroom 5D
                                                    _____
27

28

EXHIBIT 5

62
[VAS\GEN\523415.3 4/3/2009 (4:31 AM)]

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

The Joint Official Committee of Unsecured Creditors of James C. Gianulias and Cameo Homes, a California Corporation ("Committee" or "Proponent"), propose the following plan of reorganization (the "Plan") pursuant to chapter 11 of the Bankruptcy Code:

I.

## DEFINITIONS, INTERPRETATIONS AND RULES OF CONSTRUCTION

A.    **Definitions.**

1.    "**Administrative Claim**" means a Claim for costs and expenses of the administration of the bankruptcy case under sections 503(b) or 507(b) of the Bankruptcy Code, including, without limitation: (a) the actual and necessary costs and expenses incurred after the Petition Date of preserving the Estate and operating the business of the Debtor (such as wages, salaries, or commissions for services); (b) all Claims of professionals employed at the expense of the Estate; and (c) any fees or charges assessed against the Estate under 28 U.S.C. § 1930.

2.    "**Allowed Administrative Claim**" means an Administrative Claim allowed pursuant to sections 503(b) or 507(b) of the Bankruptcy Code.

3.    "**Allowed Claim**" means a Claim: (a) with respect to which a Proof of Claim has not been filed but the Claim has been listed in the Schedules filed with the Bankruptcy Court by the Debtor and not listed as disputed, contingent, or unliquidated as to amount and as to which no objection is filed within the time period fixed by the Bankruptcy Court, or as to which any such objection has been determined by a Final Order; or (b) with respect to which a Proof of Claim has been filed within the time period fixed by the Bankruptcy Court, and as to which no objection is filed within the time period fixed by the Bankruptcy Court, or as to which any such objection has been determined by a Final Order.

EXHIBIT 5
63

4.    **"Allowed General Unsecured Claim"** means an unsecured Allowed Claim against the Debtor, however arising, not entitled to priority under section 507(a) of the Bankruptcy Code, including, without limitation, an Allowed Claim based on the rejection of an executory contract or unexpired lease.

5.    **"Allowed Priority Claim"** means an Allowed Administrative Claim, Allowed Priority Tax Claim, or Allowed Priority Unsecured Claim.

6.    **"Allowed Priority Tax Claim"** means an Allowed Claim entitled to priority pursuant to section 507(a)(8) of the Bankruptcy Code.

7.    **"Allowed Priority Unsecured Claim"** means an Allowed Claim entitled to priority pursuant to sections 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the Bankruptcy Code.

8.    **"Allowed Secured Claim"** means an Allowed Claim secured by a lien, security interest or other charge against property in which the Estate has an interest, or which is subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value, determined in accordance with section 506(a) of the Bankruptcy Code, of the interest of the holder of such Allowed Secured Claim in the Estate's interest in such property, or to the extent of the amount subject to any setoff, as the case may be, excluding any and all non-pecuniary loss penalty claims (and related interest) as defined in section 726(a)(4) of the Bankruptcy Code.

9.    **"Avoidance Action"** means any action which is filed or which may be filed pursuant to the provisions of sections 510, 542, 543, 544, 545, 547, 548, 549, or 550 of the Bankruptcy Code, any actions based on applicable nonbankruptcy law that may be incorporated or brought under the foregoing sections of the Bankruptcy Code, or any other similar action or proceeding filed to recover property for or on behalf of the Estate or to avoid a lien or transfer.  If requested by the Bankruptcy Court, the Committee will more completely describe the actions which are the subject of this paragraph. Otherwise, the Committee shall request findings from the Bankruptcy Court as part of

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5
[VAS\GEN\523415.3 4/3/2009 (4:31 AM)]                    - 3 -
64

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  confirmation of the Committee's Plan that the Plan satisfies the disclosure requirements

2  of Section 1123(b)(3)(B) of the Bankruptcy Code.

3        10.   **"Ballot"** means the form distributed to Claimants on which is to be

4  stated an acceptance or rejection of the Plan.

5        11.   **"Bankruptcy Code"** or **"Code"** means title 11 of the United States

6  Code, as now in effect or hereafter amended. All citations in the Plan to section numbers

7  are to the Bankruptcy Code unless otherwise expressly indicated.

8        12.   **"Bankruptcy Court"** or **"Court"** means the United States

9  Bankruptcy Court for the Central District of California, Santa Ana Division, which has

10  jurisdiction over this bankruptcy case and the Estate of the Debtors, or such successor

11  court or tribunal as may hereafter be confirmed or created by lawful authority with power

12  to confirm reorganization plans under chapter 11 of the Bankruptcy Code and all

13  applicable statutes, rules, and regulations pertaining thereto.

14        13.   **"Bankruptcy Rules"** means the Federal Rules of Bankruptcy

15  Procedure and the Local Bankruptcy Rules for use in the Bankruptcy Court, as now in

16  effect or hereafter amended.

17        14.   **"Bar Date"** means the last date for filing Proofs of Claim other than

18  Administrative Claims or Claims based upon the rejection of any executory contracts or

19  unexpired leases. The Bar Date for filing Proofs of Claim was set by the Bankruptcy

20  Court as October 31, 2008.

21        15.   **"Business Day"** means any day other than a Saturday, Sunday, or

22  "legal holiday" as defined in Bankruptcy Rule 9006(a).

23        **16.**   **"Cameo"** means Cameo Homes, Inc., one of the Chapter 11

24  Debtors in these cases.

25        17.   **"Cash"** means cash and cash equivalents, including, but not limited

26  to, checks or similar forms of payment or exchange.

27        18.   **"Claim"** means: (a) a right to payment from the Debtors, whether or

28  not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured,

EXHIBIT 5

1  unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to

2  an equitable remedy for breach of performance if such breach gives rise to a right to

3  payment from the Debtors, whether or not such right to an equitable remedy is reduced to

4  judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,

5  undisputed, secured, or unsecured.

6      19.    **"Claimant"** means the holder of a Claim.

7      20.    **"Class"** means a grouping into which Claims which are substantially

8  similar to other Claims have been classified pursuant to Article ___ of the Plan.

9      21.    **"Committee"** means the Joint Official Committee of Unsecured

10  Creditors of James C. Gianulias and Cameo Homes, Inc.

11      22.    **"Confirmation"** means the entry of the Confirmation Order by the

12  Bankruptcy Court.

13      23.    **"Confirmation Date"** means the date on which the Confirmation

14  Order is entered by the Bankruptcy Court.

15      24.    **"Confirmation Hearing"** means the hearing, including any

16  continued or postponed session thereof, at which time the Bankruptcy Court will consider

17  and determine whether to confirm the Plan.

18      25.    **"Confirmation Order"** means the order, as entered, of the

19  Bankruptcy Court confirming the Plan pursuant to section 1129 of the Bankruptcy Code.

20      26.    **"Creditor"** means the holder of an Allowed Claim.

21      27.    **"Debtors"** means James C. Gianulias and Cameo Homes, Inc., the

22  debtors and debtors in possession in these bankruptcy cases.

23      28.    **"Disallowed Claim"** means a Claim against the Debtors, which

24  Claim is disallowed pursuant to an order of the Bankruptcy Court as to which eleven

25  calendar days have passed following entry of such order and no stay pending an appeal

26  of such order is obtained during such period.

27      29.    **"Disclosure Statement"** means this Disclosure Statement (and all

28  exhibits or schedules annexed thereto or referenced therein) which accompanies the

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

[VAS\GEN\523415.3 4/3/2009 (4:31 AM)]                - 5 -                                                66

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

Plan, as the Disclosure Statement may be amended, modified, or supplemented from time to time in accordance with the Bankruptcy Code and Bankruptcy Rules.

30. **"Disposable Income"** shall have the meaning set forth in Bankruptcy Code section 1129(a)(15)(B).

31. **"Disputed Claim"** means any Claim: (a) listed on the Debtors' Schedules as unliquidated, disputed, or contingent; or (b) as to which the Debtors, or any other party in interest, has interposed a timely objection or request for estimation or subordination in accordance with the Bankruptcy Code and the Bankruptcy Rules, which objection or request for estimation or subordination has not been withdrawn or determined by a Final Order. A Claim will be considered a Disputed Claim in its entirety if an objection is timely filed to any portion of such Claim.

32. **"Disputed Claims Reserve Fund"** means the fund created upon the Effective Date consisting of funds available for Distribution on account of Disputed Claims.

33. **"Distribution"** means the Cash which is required to be distributed under the Plan to the holders of Allowed Claims.

34. **"Effective Date"** means the date not later than sixty days following the date upon which the Confirmation Order becomes a Final Order; provided, however, that, if an appeal of the Confirmation Order is timely filed, the Debtors may elect to cause the Plan to become effective, notwithstanding the pendency of such appeal, so long as no stay of the Confirmation Order is in effect, by filing with the Bankruptcy Court a notice of such election, in which event the Plan will become effective as provided herein.

35. **"Estate"** means the estate created under section 541 of the Bankruptcy Code in this bankruptcy case.

36. **"Estate Manager"** means such person as the Committee designates prior to the hearing on the Committee's Disclosure Statement

37. **"File," "Filed" or "Filing"** means filed with the Bankruptcy Court having jurisdiction over this bankruptcy case.

EXHIBIT 5

67

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  38. "**Final Distribution**" means, for each Class, the last Distribution to

2  be made to holders of Allowed Claims in that Class.

3  39. "**Final Order**" means an order or judgment of the Bankruptcy Court,

4  or of any court of competent jurisdiction where there is pending an action in which the

5  Debtors are a party, which has not been reversed, stayed, modified, or amended, and as

6  to which: (a) the time to appeal, petition for certiorari, or move, for reargument or

7  rehearing has expired and as to which no appeal, petition for certiorari, or other

8  proceeding for reargument or rehearing shall then be pending; (b) any right to appeal,

9  petition for certiorari, reargument, or rehearing shall have been waived in writing in form

10  and substance satisfactory to the Debtors; or (c) any appeal, petition for certiorari,

11  reargument or rehearing has been resolved by the highest court to which the order or

12  judgment was appealed timely or from which certiorari, reargument, or rehearing was

13  sought.

14  40. "**General Unsecured Claim**" means an unsecured Claim against

15  the Debtor that is not entitled to priority under section 507(a) of the Bankruptcy Code,

16  including, without limitation, a Claim based on the rejection of an executory contract or

17  unexpired lease.

18  41. "**Gianulias**" means James C. Gianulias, the Chapter 11 Debtor

19  42. "**Net Avoidance Action Proceeds**" means all of the Cash

20  proceeds recovered from Avoidance Actions, minus all costs of the Avoidance Actions

21  and administrative expenses of the Estate including, but not limited to, the fees and

22  expenses of the Estate Manager and Professionals employed by the Estate, income

23  taxes and payments pursuant to the Plan to creditors holding Allowed Administrative

24  Claims, Allowed Priority Claims and/or Allowed Secured Claims.

25  43. "**Net Sale Proceeds**" means all of the Cash proceeds generated

26  from sale of assets of the Estate under the Plan, if any, minus all costs of the sale of

27  assets under the Plan, payment of claims secured by the said assets, administrative

28  expenses of the Estate including, but not limited to, the fees and expenses of the Estate

EXHIBIT 5
[VAS\GEN\523415.3 4/3/2009 (4:31 AM)]                    - 7 -                                                    68

1  Manager and Professionals employed by the Estate, income taxes, and payments

2  pursuant to the Plan to creditors holding Allowed Administrative Claims, Allowed Priority

3  Claims and/or Allowed Secured Claims.

4          44.    "**Petition Date**" means June 2, 2008, the date on which the

5  involuntary petitions were filed against the Debtors by the Petitioning Creditors.

6          45.    "**Petitioning Creditors**" means the creditors who filed the

7  involuntary Chapter 7 Petitions against James C. Gianulias and Cameo Homes, Inc.

8          46.    "**Plan**" means the Committee's chapter 11 Plan, as the Plan may be

9  amended, modified, or supplemented from time to time in accordance with the

10  Bankruptcy Code and Bankruptcy Rules.

11          47.    "**Unsecured Creditor Fund**" means the fund created upon the

12  Effective Date, whereby the Cash on hand generated from the Net Sale Proceeds, Net

13  Avoidance Action Proceeds, and other sources described herein, will be transferred to a

14  fund which will be managed by the Estate Manager and used for funding the Plan.

15          48.    "**Pledged Interests**" means the pledged interests in real properties

16  in which interests are owned by Gianulias and Cameo.

17          49.    "**Post-Confirmation Estate Claims**" means any and all claims and

18  causes of action which constitute property of the Estate including, but not limited to, any

19  Avoidance Actions, whether or not such claims or causes of action are the subject of

20  litigation pending as of the Effective Date.

21          50.    "**Priority Claim**" means an Administrative Claim, Priority Tax Claim,

22  or Priority Unsecured Claim.

23          51.    "**Priority Tax Claim**" means a Claim asserted to have priority under

24  section 507(a)(8) of the Bankruptcy Code.

25          52.    "**Priority Unsecured Claim**" means a Claim asserted to have

26  priority under sections 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6) or 507(a)(7) of the

27  Bankruptcy Code.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

[VAS\GEN\523415.3 4/3/2009 (4:31 AM)]          - 8 -                                              69

53. **"Professionals"** means professionals such as attorneys, consultants, valuation experts or accountants employed at the expense of the Bankruptcy Estate.

54. **"Proof of Claim"** means a statement under oath filed in this bankruptcy case by a Claimant in which the Claimant sets forth the amount claimed to be owed to it and sufficient detail to identify the basis for the Claim, in accordance with Federal Rule of Bankruptcy Procedure 3001.

55. **"Reorganized Debtors"** means the Reorganized Debtors James C. Gianulias and Cameo Homes, Inc.

56. **"Schedules"** means the Schedules of Assets and Liabilities and Statement of Financial Affairs filed by the Debtors, as amended, modified, or supplemented from time to time.

57. **"Secured Claim"** means a Claim secured by a lien, security interest or other charge against property in which the Estate has an interest, or which is subject to setoff under section 553 of the Bankruptcy Code, to the extent of the value, determined in accordance with section 506(a) of the Bankruptcy Code, of the interest of the holder of such Secured Claim in the Estate's interest in such property, or to the extent of the amount subject to any setoff, as the case may be.

58. **"Unclaimed Distribution"** means any Distribution which is unclaimed as a result of any of the following:  (a) checks which have been returned as undeliverable without a proper forwarding address; (b) checks which were not mailed or delivered because of the absence of a proper address to which to mail or deliver the same; (c) checks which remain unnegotiated for a period of ninety days after the date of issuance.

B. **Interpretations, Computation of Time and Governing Law.**

1. **Undefined Terms.**

Any term used in the Plan that is not defined in the Plan, either in Section I.A (Definitions) or elsewhere, but that is used in the Bankruptcy Code or the Bankruptcy

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

70

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Rules has the meaning assigned to that term in the Bankruptcy Code or the Bankruptcy
2   Rules.

3        2.    **Rules of Interpretation.**

4        For the purposes of the Plan:

5            a.    Whenever, from the context, it is appropriate, each term,
6   whether stated in the singular or the plural, shall include both the singular and the plural.

7            b.    Any reference in the Plan to a contract, instrument, release or
8   other agreement or document being in a particular form or on particular terms and
9   conditions means that such document shall be substantially in such form or substantially
10  on such terms and conditions.

11           c.    Any reference in the Plan to an existing document or Exhibit Filed or
12  to be Filed means such document or Exhibit, as it may have been or may be amended,
13  modified, or supplemented as of the Confirmation Date.

14           d.    Unless otherwise specified in a particular reference in the Plan, all
15  references in the Plan to Sections, Articles or Exhibits are references to Sections, Articles
16  and Exhibits of or to the Plan.

17           e.    Unless otherwise specified in a particular reference in the Plan, the
18  words "herein," "hereof," "hereto," "hereunder," and others of similar import refer to the
19  Plan in its entirety rather than only to a particular paragraph, subparagraph, or clause
20  contained in the Plan.

21           f.    Captions and headings to Articles and Sections are inserted for
22  convenience of reference only and are not intended to be a part of or to affect the
23  interpretation of the Plan.

24           g.    The provisions of the Plan will control over any description thereof
25  contained in the Disclosure Statement.

26           h.    Any term used in the Plan that is not defined in the Plan, but that is
27  used in the Bankruptcy Code or in the Bankruptcy Rules shall have the meaning
28  assigned to that term in (and shall be construed in accordance with the rules of

EXHIBIT 5

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1  construction under) the Bankruptcy Code or the Bankruptcy Rules.  Without limiting the

2  foregoing, the rules of construction set forth in section 102 of the Bankruptcy Code shall

3  apply hereto.  The definitions and rules of construction contained herein do not apply to

4  the Disclosure Statement or to the exhibits to the Plan except to the extent expressly so

5  stated in the Disclosure Statement or in each exhibit to the Plan.

6           i.        Except to the extent that federal law, including the Bankruptcy Code

7  or the Bankruptcy Rules are applicable, the rights and obligations arising under the Plan

8  shall be governed by, and construed and enforced for all purposes in accordance with,

9  the laws of the State of California, without giving effect to any principles of conflict of laws

10 thereof.

11          j.        All exhibits to the Plan are incorporated into the Plan and will be

12 deemed to be included in the Plan, regardless of when they are filed.

13         3.    **Computing Time Periods.**

14         In computing any period of time prescribed or allowed by the Plan, the provisions

15 of Bankruptcy Rule 9006(a) shall apply.

16         4.    **Notices and Delivery of Documents.**

17         All notices, correspondence, and other deliveries under this Disclosure Statement

18 must be directed as follows:

19

| | |
|---|---|
| <u>To the Committee:</u> | Victor A. Sahn<br>Elissa Miller<br>Daniel Lev<br>**Sulmeyer**Kupetz, A Professional Corporation<br>333 S. Hope Street, Thirty-Fifth Floor<br>Los Angeles, CA  90071<br>Telephone:   213.626-2311<br>Facsimile:    213.629-4520<br>Email: Vsahn@sulmeyerlaw.com<br>          Emiller@sulmeyerlaw.com |
| *With a copy to:* | Lance Jurich, Esq.<br>Derrick Talerico<br>Loeb & Loeb<br>10100 Santa Monica Blvd., Suite 2200<br>Los Angeles, CA 90067<br>Telephone No.: 310.282-2211<br>Facsimile No.: 310.282.2200 |

EXHIBIT 5

[VAS\GEN\523415.3 4/3/2009 (4:31 AM)]                              - 11 -                                                     72

| | |
|---|---|
| | Email: ljurich@loeb.com<br>dtalerico@lobel.com |
| To the Debtors : | Alan Friedman<br>Irell & Manella<br>840 Newport Center Drive, Suite 400<br>Newport Beach, CA 92660-6324<br>Telephone No.: 949.760.0991<br>Facsimile No.: 949.760.5200<br>Email: afriedman@irell.com<br><br>William Lobel<br>The Lobel Firm<br>840 Newport Center Drive, Suite 750<br>Newport Beach, California 92660<br>Telephone No: 949 999 2860<br>Fax No: 949 999 2870 |
| With a Copy To: | Mr. James C. Gianulias<br>1105 Quail Street<br>Newport Beach, California 92660 |

## II.

## CERTAIN GENERAL TERMS AND CONDITIONS

The following general terms and conditions apply to this Plan:

1.        To the extent any Claim or portion of any Claim of a Creditor is a Disputed Claim, or is otherwise contingent or unliquidated, or has not been allowed by the Court, the Estate Manager may either reserve and segregate such Distribution under the Plan as is sufficient to provide for each of such Claims under the Plan, ask the Court to determine an appropriate reserve, or ask the Court to estimate for purposes of allowance any contingent or unliquidated Claim which would otherwise delay the administration of the Case.

2.        Pursuant to section 1123 of the Code, Section III of this Plan designates nineteen (19) classes of Claims. As set forth below, Administrative Claims, and Tax Claims of the kind specified in sections 507(a)(1) and 507(a)(8) of the Code, have not been classified and are excluded from the Classes set forth in Section III of the Plan, in accordance with section 1123(a)(1) of the Code. A Claim shall be deemed classified in a particular Class only to the extent that the Claim qualifies within the description of that Class and shall be deemed classified in a different Class to the extent

Sulmeyer Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1    that any remainder of the Claim qualifies within the description of such different Class. A

2    Claim is in a particular Class only to the extent that the Claim is an Allowed Claim in that

3    Class. Multiple proofs of claim filed by a Creditor which qualify for inclusion within the

4    same Class shall be aggregated and, if allowed, shall constitute a single Allowed Claim.

5                                                    III.

6                                          **INTRODUCTION**

7            James C. Gianulias and Cameo Homes, Inc. ("Debtors") are the Debtors and

8    Debtors in Possession in this Case. The Debtors' bankruptcy cases were commenced by

9    the filing of an involuntary bankruptcy cases against them on June 2, 2008. On July 1,

10   2008, the Debtors converted their involuntary bankruptcy cases to cases under Chapter

11   11 of the Bankruptcy Code. The Debtors remain as Debtors in Possession in these

12   bankruptcy cases. The Debtors are continuing in the possession of their assets and the

13   management of their affairs pursuant to Bankruptcy Code sections 1107 and 1108. This

14   document is the chapter 11 plan proposed by the Committee (the Committee may

15   sometimes be referred to here as the "Proponent" of the Plan). Sent to you in the same

16   envelope as this document is the Disclosure Statement which has been approved by the

17   Court and which is provided to help you understand the Plan.

18          The Plan provides for the reorganization of the Debtors pursuant to the terms and

19   conditions set forth herein. The Debtors' reorganization will be funded by the cash flow

20   realized over time from certain assets that exist within the Debtors' bankruptcy estate.

21   The Plan will also be funded by the recovery of certain potentially avoidable transfers.

22   Although the terms of the Plan are more fully set out in Section IV below, which is

23   controlling, the following is a general outline of the Plan:

24                    1.      To the extent there is an Allowed Administrative Claim due and

25                            owing on the Effective Date, said Allowed Administrative Claim will

26                            be paid in full on the Effective Date, unless the holder of said Claim

27                            agrees to different treatment or such claim has not been allowed as

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

[VAS\GEN\523415.3 4/3/2009 (4:31 AM)]                    - 13 -                                                    74

a result of a final and non-appealable order of the Bankruptcy Court, in which case such claim shall be paid at such time.

2.  Allowed Priority Tax Claims, if any, will be paid in full on the Plan's Effective Date or on such different date as provided in the Plan.

3.  The Class 1-A Secured Claim of Arch Insurance Company is unimpaired under the Plan, and shall be entitled, upon the Plan's effective date, to the exercise of their legal and equitable rights under any contracts or agreements with the Debtors pertaining to the projects known as Murrieta Land 60, LLC, 100 San Jacinto, LLC, 48th & Adams, LLC, 82 San Jacinto, LLC, Silver Oaks Beaumont 72, LLC, and Murrieta 492, LLC.

4.  The Class 1-B Secured Claim of Chase Home Finance is impaired under the Plan.  This claim shown on the Debtor's schedules in the amount of $638,275.00 and is secured by a residential property located at 79205 Shadow Trail, La Quinta, California 92253.  This claim shall be paid in full according to its existing loan documents or other documents that establish its lien rights, if any, and shall otherwise be paid as modified under the Plan.

5.  The Class 1-C Secured Claim of Countrywide is impaired under the Plan.   This claim is shown on the Debtor's schedules in the amount of $472,500.00 and is secured by a first trust deed on a property located at 77320 Camino Quintana, La Quinta, California 92253.  This claim shall be paid in full according to its existing loan documents or other documents that establish its lien rights, if any, and shall otherwise be paid as modified under the Plan.

6.  The Class 1-D Secured Claim of the County of Maui, if any, is impaired under the Plan.   This claim is for government debts and/or property taxes on the condominium property located at 13 Coconut

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

[VAS\GEN\523415.3 4/3/2009 (4:31 AM)]                    - 14 -                                                    75

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Grove, Unit C, Lahaina, Hawaii 96761.  This claim shall be paid in

2   full according to its existing loan documents or other documents

3   that establish its lien rights, if any, and shall otherwise be paid as

4   modified under the Plan.

5   7.   Class 1-E Secured Claim of Countrywide is impaired if the property

6   which secures payment of this claim is property of the estate

7   notwithstanding the Debtor's contention that this property is part of

8   a QPERT and is therefore not available to satisfy the claims of

9   creditors in this case.  If the claim owed to Countrywide secured by

10   the property described below is property which is not property of the

11   estate, then the rights of Countrywide shall remain unaffected by

12   this Plan and Countrywide shall be entitled to exercise any rights

13   provided to them under their various prepetition agreements with

14   the Debtor.  This claim is in connection with a mortgage on real

15   property located at 21 Atlantis Cove, Newport Coast, California

16   92657.  If the property which secures payment of this claim is

17   property which is property of this bankruptcy estate, this claim shall

18   be paid in full according to its existing loan documents or other

19   documents that establish its lien rights, if any, and shall otherwise

20   be paid as modified under the Plan.

21   8.   Class 1-F Secured Claim of Gus and Julie Gianulias which is a

22   claim of approximately $3,000,000 and is noted on the Debtor's

23   bankruptcy schedules as being comprised of a series of loans dated

24   January 1, 2008, January 3, 2008, and January 24, 2008 as well as

25   two loans of undetermined dates.  This claim, to the extent that is a

26   valid and binding obligation of the Debtors to the Class 1-F

27   claimant, shall be paid in full according to its existing loan

28

EXHIBIT 5

[VAS\GEN\523415.3 4/3/2009 (4:31 AM)]        - 15 -        76

1  documents or other documents that establish its lien rights, if any,

2  and shall otherwise be paid as modified under the Plan.

3      9.    Class 1-G Secured Claim of Marilyn Gianulias Robbins which is

4  stated by the Debtor to be in the amount of $4,200,000 and comes

5  out of a divorce settlement reached with the Debtor James C.

6  Gianulias more than 10 years ago.  A true and correct copy of

7  various documents pertaining to the divorce settlement is attached

8  hereto as Exhibit "1" and is fully incorporated herein by this

9  reference.  This claim, to the extent that is a valid and binding

10  obligation of the Debtors to the Class 1-G claimant, shall be paid in

11  full according to its existing loan documents or other documents

12  that establish its lien rights, if any, and shall otherwise be paid as

13  modified under the Plan.

14      10.    Class 1-H Secured Claim of National Bank of Arizona, which holds

15  a first trust deed on property located at 12553 Settlers Lane,

16  Truckee, California 96161.  The trust deed secures payment of a

17  claim of $506,000 according to the Debtor's bankruptcy schedules.

18  This claim, to the extent that is a valid and binding obligation of the

19  Debtors to the Class 1-H claimant, shall be paid in full according to

20  its existing loan documents or other documents that establish its lien

21  rights, if any, and shall otherwise be paid as modified under the Plan.

22      11.    Class 1-I Secured Claim of Wells Fargo, which is represented by a

23  first TD on condominium property located at 13 Coconut Grove, Unit

24  C, Lahaina, Hawaii 96761, securing claim of $3,000,000.  This claim,

25  to the extent that is a valid and binding obligation of the Debtors to

26  the Class 1-I claimant, shall be paid in full according to its existing

27  loan documents or other documents that establish its lien rights, if

28  any, and shall otherwise be paid as modified under the Plan.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA  90071-1406
TEL. 213.626.2311  •  FAX 213.629.4520

12.     Class 1-J Secured Claim of Wells Fargo, which is represented by a
Second TD on condominium property located at 13 Coconut Grove,
Unit C, Lahaina, Hawaii 96761 securing a loan of $1,000,000.  This
claim to the extent that is a valid and binding obligation of the
Debtors to the Class 1-J claimant, shall be paid in full according to its
existing loan documents or other documents that establish its lien
rights, if any, and shall otherwise be paid as modified under the Plan.

13.     Class 1-K Secured Claim of Wells Fargo loan of $280,000 secured
by First Trust Deed on property located at Fasching House East, 747
S. Galena St., Unit 340/440, Aspen, Colorado  81611.  This
claim to the extent that is a valid and binding obligation of the
Debtors to the Class 1-Kclaimant, shall be paid in full according to its
existing loan documents or other documents that establish its lien
rights, if any, and shall otherwise be paid as modified under the Plan.

14.     Class 1-L Secured Claim of Western Insurance Company indemnity
for surety bonds under three different contracts dated 2/16/07,
4/27/07, 8/1/07 and 8/6/07.  These claims to the extent they are valid
and binding obligations of the Debtors to the Class 1-L claimant,
shall be paid in full according to its existing loan documents or other
documents that establish its lien rights, if any, and shall otherwise be
paid as modified under the Plan.

15.     Class 1-M Secured Claim of Hunsaker & Associates, San Diego,
California.  According to the Debtor's schedules, this claimant has
recorded mechanics' liens on April 16, 2008 against the property
known as the La Costa Resort, Phase 2 PA-2, as mechanics' lien
filings numbers 2008-0202019, 0202020, 0202018, 0202017,
0202015, 0202016, 0202013, 0202014.   These claims to the
extent they are valid and binding obligations of the Debtors to the

EXHIBIT 5

78

1    Class 1-M claimant, shall be paid in full according to its existing loan

2    documents or other documents that establish its lien rights, if any,

3    and shall otherwise be paid as modified under the Plan.

4    16.    Class 1-N Secured Claim of Key Real Estate Equitable Capital, Inc.

5    which, according to the Debtor's bankruptcy schedules, holds a

6    mortgage and a California UCC Financing Statement #419160024

7    under which there has been pledged a membership interest of the

8    Debtor(s) in MUrietta Land 60; LLC. These claims to the

9    extent they are valid and binding obligations of the Debtors to the

10   Class 1-N claimant, shall be paid in full according to its existing loan

11   documents or other documents that establish its lien rights, if any,

12   and shall otherwise be paid as modified under the Plan.

13   17.    Class 1-O Secured Claim of US Bancorp Business Equipment

14   Finance Group which, according to the Debtor's bankruptcy

15   schedules holds a California UCC Financing Statement for Copier

16   Equipment Leases. This claim to the extent that is a valid and

17   binding obligation of the Debtors to the Class 1-O claimant, shall be

18   paid in full according to its existing loan documents or other

19   documents that establish its lien rights, if any, and shall otherwise be

20   paid as modified under the Plan.

21   18.    Class 2-Unsecured claims are impaired under the Plan. All allowed

22   claims in Class 2 shall receive their pro rata payments from the Plan

23   Fund from the Estate Manager. Additionally, Class 2 creditors shall

24   receive payment of all recoveries realized from the Avoidance

25   Actions and from the Real Property Asset Sales that are permitted

26   under this Plan.

27   19.    Class 3-Represents the interests of the Debtors. These interests will

28   not receive any distributions under the Plan.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

[VAS\GEN\523415.3 4/3/2009 (4:31 AM)]                    - 18 -                                              79

20.     The Estate Manager, will make all Distributions in accordance with the provisions of the Plan.  The Estate Manager will also take such actions with regard to the responsibilities currently held either by the Debtors, or Mesa Management or G. Companies Management and determine whether they should be retained to continue to perform their duties following confirmation of the Plan.  James C. Gianulias shall continue to be employed following confirmation of the Plan and shall be paid the sums which are set forth upon Exhibit "2" to the Disclosure Statement filed by the Debtors in Possession on or about March 31, 2009.  The sums shown within the Debtors' Disclosure Statement are approximately between $325,000 and $400,000 over the life of the Committee's Plan.  The Estate Manager will have authority over the operations of the real estate business of the Debtors during the course of time that the provisions of this Plan are in place.  There shall neither be a change in ownership of the interests in real property or of the real properties themselves.  At the conclusion of the period covered by this Plan, when all payments set forth have been made in full, the Estate Manager shall relinquish his/her position and Mr. Gianulias shall continue to do the work which he did previously.

IV.

## CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

A.     **Unclassified Claims.**

Certain types of Claims are not placed into voting classes; instead they are unclassified.  They are not considered impaired and they do not vote on the Plan because they are automatically entitled to specific treatment provided for them in the

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

1   Bankruptcy Code.  As such, the Committee has not placed the following Claims in a class

2   and the treatment of such claims is set forth below.

3                              1.   **Administrative Expenses.**

4          Administrative expenses are Claims for costs or expenses of administering

5   Debtor's chapter 11 case which are allowed under Code section 507(a)(2).  The Code

6   requires that all Administrative Claims be paid on the Effective Date of the Plan, unless a

7   particular claimant agrees to a different treatment.

8          Except to the extent that the holder of a particular Allowed Administrative Claim

9   agrees to a different treatment thereof, each Allowed Administrative Claim will be paid in

10  full, in Cash, on the later of:  (a) the Effective Date; or (b) the fifth Business Day after the

11  order allowing such Administrative Claim becomes a Final Order.  Any holder of an

12  Administrative Claim (including, without limitation, any governmental unit holding an

13  Administrative Claim for post-petition taxes and/or interest and penalties related to such

14  taxes) is required to file a request for payment of its Administrative Claim.  Requests for

15  payment of Administrative Claims must be filed not later than thirty days after the

16  Effective Date, and will be paid on or before the fifth Business Day after the order

17  allowing such Administrative Claim becomes a Final Order.  Any failure by the holder of

18  an Administrative Claim to file a request for payment of its Administrative Claim within

19  thirty days after the Effective Date will forever bar such holder of an Administrative Claim

20  from asserting its Administrative Claim against the Estate.

21         The following chart lists all of Debtor's estimated Section 507(a)(2) Administrative

22  Claims and their treatment under the Plan:

| Name | Code § | Allowed to Date | Total Estimated[1] | Paid By Debtors to Date | Total Estimated Required to Be Paid on the Effective Date | Treatment |
|------|--------|-----------------|--------------------|--------------------------|-----------------------------------------------------------|-----------|
|      |        |                 |                    |                          |                                                           |           |

[1]   All professional fees are subject to allowance in by order of the Bankruptcy Court.

| Name | Code § | Allowed to Date | Total Estimated† | Paid By Debtors to Date | Total Estimated Required to Be Paid on the Effective Date | Treatment |
|------|--------|-----------------|------------------|-------------------------|----------------------------------------------------------|-----------|
| SulmeyerKupetz, A Professional Corporation, general bankruptcy counsel for the Committee | 503(b) | | | | | In the event that there are unpaid fees and expenses that are allowed by the Court, unless otherwise agreed, the unpaid amounts shall be paid in full, in Cash, on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |
| Clerk, Bankruptcy Court Fees | 507(a)(2) | | | | | Paid in full on the Effective Date |
| Stutman Treister & Glatt, Special Tax Counsel to the Committee | 503(b) | | | | | In the event that there are unpaid fees and expenses that are allowed by the Court, unless otherwise agreed, the unpaid amounts shall be paid in full, in Cash, on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |
| GlassRatner Advisory Group, LLC, Financial Advisors to the Committee | 503(b) | | | | | In the event that there are unpaid fees and expenses that are allowed by the Court, unless otherwise agreed, the unpaid amounts shall be paid in full, in Cash, on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

| Name | Code § | Allowed to Date | Total Estimated[1] | Paid By Debtors to Date | Total Estimated Required to Be Paid on the Effective Date | Treatment |
|---|---|---|---|---|---|---|
| Deloitte, Valuation Consultants to the Committee | 503(b) | | | | | In the event that there are unpaid fees and expenses that are allowed by the Court, unless otherwise agreed, the unpaid amounts shall be paid in full, in Cash, on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |
| Unpaid United States Trustee Fees | 507(a)(2) | | | | | The United States Trustee Quarterly Fees as of the Effective Date are estimated and will be paid in full to the extent they are due and owing on the Effective Date.<br><br>In addition, postconfirmation quarterly fees of the United States Trustee will be paid to the extent they are due and owing until the bankruptcy case is dismissed or a final decree has been entered, whichever occurs first. |
| Irell & Manella, general bankruptcy counsel to the Debtors in Possession | 503(b) | | | | | In the event that there are unpaid fees and expenses that are allowed by the Court, unless otherwise agreed, the unpaid amounts shall be paid in full, in Cash, on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

| Name | Code § | Allowed to Date | Total Estimated† | Paid By Debtors to Date | Total Estimated Required to Be Paid on the Effective Date | Treatment |
|------|--------|-----------------|------------------|-------------------------|----------------------------------------------------------|-----------|
| FTI Consulting, LLC, Financial Advisors and Valuation Consultants to the Debtors | 503(b) | | | | | In the event that there are unpaid fees and expenses that are allowed by the Court, unless otherwise agreed, the unpaid amounts shall be paid in full, in Cash, on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |
| Croudace, _____ Special Counsel to the Debtors in Possession | 503(b) | | | | | In the event that there are unpaid fees and expenses that are allowed by the Court, unless otherwise agreed, the unpaid amounts shall be paid in full, in Cash, on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |
| Haskell & White, Accountants for the Debtors in Possession | 503(b) | | | | | In the event that there are unpaid fees and expenses that are allowed by the Court, unless otherwise agreed, the unpaid amounts shall be paid in full, in Cash, on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

| Name | Code § | Allowed to Date | Total Estimated[†] | Paid By Debtors to Date | Total Estimated Required to Be Paid on the Effective Date | Treatment |
|---|---|---|---|---|---|---|
| The Lobel Law Firm, Special Bankruptcy Counsel to the Debtors | 503(b) | | | | | In the event that there are unpaid fees and expenses that are allowed by the Court, unless otherwise agreed, the unpaid amounts shall be paid in full, in Cash, on the later of: (a) the Effective Date; or (b) the fifth Business Day after the order allowing such Administrative Claim becomes a Final Order. |

The Court must rule on all professional fees listed in the chart above before the fees will be owed.  For all fees except the Clerk's Office fees and the United States Trustee's fees, the professional in question must file and serve a properly noticed fee application and the Court must rule on the application.  Only the amount of fees allowed by the Court will be owed and required to be paid under the Plan.

2.    **Other Administrative Expenses.**

The last day to file chapter 11 administrative claims (except for professional fees and expenses) is thirty (30) days after the Effective Date.  Unless otherwise agreed, allowed administrative expense claims will be paid on the later of the Effective Date or ten days after the entry of a non-appealable order allowing the administrative expense claim.

As indicated above, it is anticipated that the Debtors will need to pay approximately $2,250,000 in cash to pay administrative claims on the Effective Date of the Plan.  As indicated elsewhere in the Disclosure Statement, the Debtors will have sufficient Cash on the Effective Date to make such payment.  The source of this Cash will be from the Cash on hand.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

[VAS\GEN\523415.3 4/3/2009 (4:31 AM)]          - 24 -          85

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

3.    **Priority Tax Claims.**

Priority tax claims are certain unsecured income, employment and other taxes described by Code section 507(a)(8).  Except to the extent that the holder of a particular Allowed Priority Tax Claim agrees to a different treatment thereof, the Code requires that each holder of an Allowed Priority Tax Claim receive on account of such Claim regular installment payments -

a.    of a total value, as of the Effective Date of the Plan, equal to the allowed amount of such Claim;

b.    over a period ending not later than five years after the Petition Date under section 301, 302 or 303; and

c.    in a manner not less favorable than the most favored nonpriority Unsecured Claim provided for by the Plan (other than Cash payments made to a class of creditors under section 1122(b)).

The following chart lists Debtor's Section 507(a)(8) Priority Tax Claims and their treatment under the Plan.

| Description | Claim Amount | Treatment |
|---|---|---|
| Internal Revenue Service<br><br>Type of Tax: Income tax<br><br>There were no taxes of this type assessed prior to the Petition Date. | | If it is determined that this Creditor has an Allowed Priority Tax Claim, such claim will be paid in full in one payment on the later of 90 days after the Effective Date or the date assessed by the Internal Revenue Service from the Unsecured Creditor Fund. |
| California Franchise Tax Board<br><br>Type of Tax: Income tax<br><br>There were no taxes of this type assessed prior to the Petition Date. | | If it is determined that this Creditor has an Allowed Priority Tax Claim, such claim will be paid in full in one payment on the later of  90 days after the Effective Date or the date assessed by the Franchise Tax Board from the Unsecured Creditor Fund. |
| | | |

**B.    Classes of Secured Claims.**

Secured Claims are Claims secured by liens on property of the Estate.  The following chart lists all classes containing Debtor's prepetition Secured Claims:

| Class No. | Description | Insiders (Y/N) | Impaired (Y/N) | Amount of Claim and Collateral Per Debtors' Schedules | Treatment |
|---|---|---|---|---|---|
| 1-A | Arch Insurance Company | No | Yes | rights under any contracts or agreements with the Debtors as indemnity for surety claims pertaining to the projects known as Murrieta Land 60, LLC, 100 San Jacinto, LLC, 48th & Adams, LLC, 82 San Jacinto, LLC, Silver Oaks Beaumont 72, LLC, and Murrieta 492, LLC | The creditor shall be entitled to exercise its full legal and equitable rights upon confirmation of the Plan and its Effective Date. |
| 1-B | Chase Home Finance | No | Yes | $638,275.00 and is secured by a residential property located at 79205 Shadow Trail, La Quinta, California 92253 | Estate Manager shall have sixty days following Plan Confirmation to evaluate whether there is any value in this Property. He/she shall do so in cooperation with Mr. James Gianulias or Mr. Gianulias may designate a third party to confer with the Estate Manager. At the end of said sixty day period, the Estate Manager will decide whether to make the payments required on this property or decide if the property is of inconsequential value and should be abandoned under Section 553 of the Bankruptcy Code. |
| 1-C | Countrywide | No | Yes | $472,500.00 and is secured by a first trust deed on a property located at 77320 Camino Quintana, La Quinta, California 92253 | Estate Manager shall have sixty days following Plan Confirmation to evaluate whether there is any value in this Property. He/she shall do so in cooperation with Mr. James Gianulias or Mr. Gianulias may designate a third party to confer with the Estate Manager. At the end of said sixty day period, the Estate Manager will decide whether to make the payments required on this property or decide if the property is of inconsequential value and should be abandoned under Section 553 of the Bankruptcy Code. |
| 1-D | County of Maui | No | Yes | claim is for government debts and/or property taxes on the condominium property located at 13 Coconut Grove, Unit C, Lahaina, Hawaii 96761; amount unknown | Estate Manager shall have sixty days following Plan Confirmation to evaluate whether there is any value in this Property. He/she shall do so in cooperation with Mr. James Gianulias or Mr. Gianulias may designate a third party to confer with the Estate Manager. At the end of said sixty day period, the Estate Manager will decide whether to make the payments required on this property or decide if the property is of inconsequential value and should be abandoned under Section 553 of the Bankruptcy Code. |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

| 1-E | Countrywide | No | Conditionally impaired if property securing repayment of this loan is property of the bankruptcy estate and not of Mr. Gianulias' QPERT | $1,371,000 mortgage on real property located at 21 Atlantis Cove, Newport Coast, California 92657 | Estate Manager will examine this property and see if it is property of the estate or property that is owned by a non-debtor entity known as a QPIRT. |
| 1-F | Gus and Julie Gianulias | Yes | Yes | $3,000,000 and is noted on the Debtor's bankruptcy schedules as being comprised of a series of loans dated January 1, 2008, January 3, 2008, and January 24, 2008 as well as two loans of undetermined dates | [illegible — redacted] Presuming that this claim is valid, unpaid portion of claim will receive the following treatment on the Plan's Effective Date: the Class 1-F secured claimant will receive a promissory note representative of the unpaid balance on its indebtedness to the Debtor. The Class 1-F claimant shall receive payments equal to interest at 4.5% per annum on a 25-year amortized basis. The claimant will receive monthly payments beginning on the first day of the first full month following confirmation of the Plan and continuing each month thereafter. The remaining balance on this indebtedness shall be all due and payable either when an asset which acts as security for this claimant is sold or fifteen years following the first payment made pursuant to this Plan, which shall first occur. |
| 1-G | Marilyn Gianulias Robbins | Yes | Yes | $4,200,000 and comes out of a divorce settlement reached with the Debtor James C. Gianulias more than 10 years ago | [illegible — redacted] Presuming that this claim is valid, unpaid portion of claim will receive the following treatment on the Plan's Effective Date: the Class 1-G secured claimant will receive a promissory note representative of the unpaid balance on its indebtedness to the Debtor. The Class 1-F claimant shall receive payments equal to interest at 4.5% per annum on a 25-year amortized basis. The claimant will receive monthly payments beginning on the first day of the first full month following confirmation of the Plan and continuing each month thereafter. The remaining balance on this indebtedness shall be all due and payable either when an asset which acts as security for this claimant is sold or fifteen years following the first payment made pursuant to this Plan, which shall first occur. |
| 1-H | National Bank of Arizona | No | Yes | first trust deed on property located at 12553 Settlers Lane, Truckee, California 96161. secures payment of a claim of $506,000 | Estate Manager shall have sixty days following Plan Confirmation to evaluate whether there is any value in this Property. He/she shall do so in cooperation with Mr. James Gianulias or Mr. Gianulias may designate a third party to confer with the Estate Manager. At the end of said sixty day period, the Estate Manager will decide whether to make the payments required on this property or decide if the property is of inconsequential value and should be abandoned under Section 553 of the Bankruptcy Code. |

EXHIBIT 5

| | | | | | |
|---|---|---|---|---|---|
| 1-I | Wells Fargo | No | Yes | first TD on condominium property located at 13 Coconut Grove, Unit C, Lahaina, Hawaii 96761, securing claim of $3,000,000 | Estate Manager shall have sixty days following Plan Confirmation to evaluate whether there is any value in this Property. He/she shall do so in cooperation with Mr. James Gianulias or Mr. Gianulias may designate a third party to confer with the Estate Manager.  At the end of said sixty day period, the Estate Manager will decide whether to make the payments required on this property or decide if the property is of inconsequential value and should be abandoned under Section 553 of the Bankruptcy Code. |
| 1-J | Wells Fargo | No | Yes | Second TD on condominium property located at 13 Coconut Grove, Unit C, Lahaina, Hawaii 96761 securing a loan of $1,000,000 | Estate Manager shall have sixty days following Plan Confirmation to evaluate whether there is any value in this Property. He/she shall do so in cooperation with Mr. James Gianulias or Mr. Gianulias may designate a third party to confer with the Estate Manager.  At the end of said sixty day period, the Estate Manager will decide whether to make the payments required on this property or decide if the property is of inconsequential value and should be abandoned under Section 553 of the Bankruptcy Code. |
| 1-K | Wells Fargo | No | Yes | $280,000 secured by First Trust Deed on property located at Fasching House East, 747 S. Galena St., Unit 340/440, Aspen, Colorado 81611 | Estate Manager shall have sixty days following Plan Confirmation to evaluate whether there is any value in this Property. He/she shall do so in cooperation with Mr. James Gianulias or Mr. Gianulias may designate a third party to confer with the Estate Manager.  At the end of said sixty day period, the Estate Manager will decide whether to make the payments required on this property or decide if the property is of inconsequential value and should be abandoned under Section 553 of the Bankruptcy Code. |
| 1-L | Western Insurance Company | No | No | Indemnity for surety bonds under three different contracts dated 2/16/07, 4/27/07, 8/1/07 and 8/6/0 | This creditor shall be entitled to exercise its full legal and equitable rights upon confirmation of the Plan |
| 1-M | Hunsaker & Associates | No | No | recorded mechanics' liens on April 16, 2008 against the property known as the La Costa Resort, Phase 2 PA-2, as mechanics' lien filings numbers 2008-0202019, 0202020, 0202018, 0202017, 0202015, 0202016, 0202013, 0202014 | This creditor shall be entitled to exercise its full legal and equitable rights upon confirmation of the Plan |

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL. 213.626.2311 • FAX 213.629.4520

EXHIBIT 5

| | | | | | |
|---|---|---|---|---|---|
| 1-N | Key Real Estate Equitable Capital, Inc. | No | Yes | mortgage and a California UCC Financing Statement #419160024 under which there has been pledged a membership interest of the Debtor(s) in Murrieta Land 60, LLC | Estate Manager shall have sixty days following Plan Confirmation to evaluate whether there is any value in this Property. He/she shall do so in cooperation with Mr. James Gianulias or Mr. Gianulias may designate a third party to confer with the Estate Manager. At the end of said sixty day period, the Estate Manager will decide whether to make the payments required on this property or decide if the property is of inconsequential value and should be abandoned under Section 553 of the Bankruptcy Code. |
| 1-O | US Bancorp Business Equipment Finance Group | No | No | California UCC Financing Statement for Copier Equipment Leases. | This creditor shall be entitled to exercise its full legal and equitable rights upon confirmation of the Plan. |
| 1-P | Pacific Mercantile Bank | No | Yes | Security interest in James Gianulias' 33.3% partnership interest in Cambridge Square Associates | Estate Manager shall have sixty days following Plan Confirmation to evaluate whether there is any value in this Property. He/she shall do so in cooperation with Mr. James Gianulias or Mr. Gianulias may designate a third party to confer with the Estate Manager. At the end of said sixty day period, the Estate Manager will decide whether to make the payments required on this property or decide if the property is of inconsequential value and should be abandoned under Section 553 of the Bankruptcy Code. |
| 1-Q | Temecula Valley Erosion Control | No | No | Secured claim for $45,000 filed in case; collateral undetermined | This creditor shall be entitled to exercise its full legal and equitable rights upon confirmation of the Plan. |
| 1-R | Hillcrest Contracting, Inc. | No | Yes | Mechanic's Lien for $242,697.46 | This creditor shall be entitled to exercise its full legal and equitable rights upon confirmation of the Plan. |
| 1-S | Riverside County Tax Collector | No | Yes | Secured Tax claim of approximately $513,602.65 | This creditor shall be entitled to exercise its full legal and equitable rights upon confirmation of the Plan. |

## C. Classes of Priority Unsecured Claims.

Certain Priority Claims that are referred to in Code sections 507(a)(1), 507(a)(4), 507(a)(5), 507(a)(6), and 507(a)(7) are required to be placed in classes. These types of claims are entitled to priority treatment as follows: the Code requires that each holder of such a Claim receive cash on the Effective Date equal to the allowed amount of such Claim. However, a Class of unsecured Priority Claim holders may vote to accept deferred cash payments of a value, as of the Effective Date, equal to the allowed amount of such Claim.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

EXHIBIT 5