**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re:<br><br>JAMES C. GIANULIAS<br><br><br>Debtor(s). | CHAPTER: 11<br><br>CASE NO.: 08-13150-RK<br><br>DATE: 9/8/09<br>TIME: 10:30 am<br>CTRM: 5D<br>FLOOR: |
|---|---|

# NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY
## UNDER 11 U.S.C. § 362 (with supporting declarations)
### (MOVANT: <u>National Bank of Arizona, a national banking</u> ) association
#### (Real Property)

1. NOTICE IS HEREBY GIVEN to the Debtor(s) and Trustee (if any)("Responding Parties"), their attorneys (if any), and other interested parties that on the above date and time and in the indicated courtroom, Movant in the above-captioned matter will move this Court for an Order granting relief from the automatic stay as to Debtor(s) and Debtor's(s') bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**  ☐ **255 East Temple Street, Los Angeles**   ☒ **411 West Fourth Street, Santa Ana**
   ☐ **21041 Burbank Boulevard, Woodland Hills**   ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to Local Bankruptcy Rule 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the Bankruptcy Court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:
   ☐ at the hearing   ☐ at least _____ court days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

   (2) ☐ A Motion for Order Shortening Time was filed per Local Bankruptcy Rule 9075-1(b) and was granted by the Court and such motion and order have been or are being served upon the debtor and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has been filed and remains pending. Once the Court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion.

4. You may contact the Bankruptcy Clerk's Office to obtain a copy of an approved court form for use in preparing your response *(Optional Court Form F 4001-1M.RES)*, or you may prepare your response using the format required by Local Bankruptcy Rule 9004-1 and the Court Manual.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                    # F 4001-1M.RP

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| JAMES C. GIANULIAS | | Debtor(s). | CASE NO.: 08-13150-RK |

5.   If you fail to file a written response to the Motion or fail to appear at the hearing, the Court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Dated: 8/5/09

Wright, Finlay & Zak, LLP
*Print Law Firm Name (if applicable)*

Donna L. La Porte, Esq.
*Print Name of Individual Movant or Attorney for Movant*

/s/Donna L. La Porte, Esq.
*Signature of Individual Movant or Attorney for Movant*

| In re (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|
| JAMES C. GIANULIAS | Debtor(s). | CASE NO.: 08-13150-RK |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY
### (MOVANT: National Bank of Arizona, a national banking) association

1. **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the "Property"):

   *Street Address:* 12553 Settlers Lane
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Truckee, California 96161

   Legal description or document recording number (including county of recording):

   ☒ See attached continuation page.

2. **Case History:**

   a. ☐ A voluntary  ☒ An involuntary  petition under Chapter  ☐ 7 ☒ 11 ☐ 12 ☐ 13
      was filed on *(specify date):* 6/6/08
   b. ☒ An Order of Conversion to Chapter  ☒ 7 ☐ 11 ☐ 12 ☐ 13
      was entered on *(specify date):* 7/2/09
   c. ☐ Plan was confirmed on *(specify date):*
   d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached Declaration.

3. **Grounds for Relief from Stay:**

   a. ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

      (1) ☒ Movant's interest in the Property is not adequately protected.

         (a) ☒ Movant's interest in the collateral is not protected by an adequate equity cushion.

         (b) ☒ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

         (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor(s).

         (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted in this case.

      (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

         (a) ☐ Movant is the only creditor or one of very few creditors listed on the master mailing matrix.

         (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

         (c) ☐ The Debtor(s) filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the Petition and a few other documents. No other Schedules or Statement of Affairs (or Chapter 13 Plan, if appropriate) have been filed.

         (d) ☐ Other (See attached continuation page).

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*  **F 4001-1M.RP**

| In re                    (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| JAMES C. GIANULIAS                                        Debtor(s). | CASE NO.: 08-13150-RK |

(3) ☐ *(Chapter 12 or 13 cases only)*

    (a) ☐ Postconfirmation plan payments have not been made to the Standing Trustee.

    (b) ☐ Postconfirmation payments required by the confirmed plan have not been made to Movant.

(4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor(s) has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor(s) has/have failed within the later of 90 days after the petition or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's(s) filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    a. ☒ Movant submits the attached Declaration(s) on the Court's approved forms (if applicable) to provide evidence in support of this Motion pursuant to Local Bankruptcy Rules.

    b. ☐ Other Declaration(s) are also attached in support of this Motion.

    c. ☒ Movant requests that the Court consider as admissions the statements made by Debtor(s) under penalty of perjury concerning Movant's claims and the Property set forth in Debtor(s)'s Schedules. Authenticated copies of the relevant portions of the Schedules are attached as Exhibit  4&5   .

    d. ☒ Other evidence *(specify)*:
        Deed and Note

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following *(specify forms of relief requested)*:**

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached Declaration(s).

3. ☒ Additional provisions requested:

    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

    b. ☒ That the 10-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    c. ☐ That Extraordinary Relief be granted as set forth in the Attachment *(attach Optional Court Form F 4001-1M.ER)*.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                                        **F 4001-1M.RP**

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| JAMES C. GIANULIAS | | Debtor(s). | CASE NO.: 08-13150-RK |

      d.   ☐  For other relief requested, see attached continuation page.

4.   If relief from stay is not granted, Movant respectfully requests the Court to order adequate protection.

Dated: 8/4/09

                                       Respectfully submitted,

                                       National Bank of Arizona, a national banking association
                                       *Movant Name*

                                       Wright, Finlay & Zak, LLP
                                       *Firm Name of Attorney for Movant (if applicable)*

                                       By:  /s/Donna L. La Porte, Esq.
                                       *Signature*

                                       Name:  Donna L. La Porte, Esq.
                                       *Typed Name of Individual Movant or Attorney for Movant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                              **F 4001-1M.RP**

**F 4001-1M.RP**

| In re | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| JAMES C. GIANULIAS | Debtor(s). | CASE NO.: 08-13150-RK |

# REAL PROPERTY DECLARATION
## (MOVANT: National Bank of Arizona, a national banking )

I, Dwight Campbell                                      , declare as follows:
*(Print Name of Declarant)*

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion ("Property") because *(specify)*:

   ☐ I am the Movant and owner of the Property.

   ☐ I manage the Property as the authorized agent for the Movant.

   ☒ I am employed by Movant as *(state title and capacity)*: Vice President

   ☐ Other *(specify)*:

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor(s) concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the Court if required.

3. a. The address of the Property that is the subject of this Motion is:

   *Street Address:* 12553 Settlers Lane
   *Apartment/Suite No.:*
   *City, State, Zip Code:* Truckee, CA 96161

   b. The legal description or document recording number (including county of recording) set forth in Movant's Deed of Trust is attached as Exhibit 1        .

   ☒ See attached page.

4. Type of property *(check all applicable boxes)*:

   a. ☐ Debtor's(s') principal residence   b. ☐ Other single family residence

   c. ☐ Multi-unit residential   d. ☐ Commercial

   e. ☐ Industrial   f. ☐ Vacant land

   g. ☒ Other *(specify)*:
      Undeveloped land

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                      **F 4001-1M.RP**

| In re (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| JAMES C. GIANULIAS                                    Debtor(s). | CASE NO.: 08-13150-RK |

5. Nature of Debtor's(s') interest in the Property:

   a. ☒ Sole owner

   b. ☐ Co-owner(s) *(specify):*

   c. ☐ Lien holder *(specify):*

   d. ☐ Other *(specify):*

   e. ☒ Debtor(s) ☒ did ☐ did not list the Property in the Schedules filed in this case.

   f. ☐ Debtor(s) acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed

      The deed was recorded on:

6. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ 506,600.00 | $ 506,600.00 | $ 506,600.00 |
| b. | Accrued Interest: | $ 36,728.50 | $ 3,018.78 | $ 76,475.78 |
| c. | Late Charges | $ 6,731.88 | $ 301.88 | $ 7,033.76 |
| d. | Costs (Attorney's Fees, Other Costs): | $ 150.00 | $ 950.00 | $ 1,100.00 |
| e. | Advances (Property Taxes, Insurance): | $ 0.00 | $ 0.00 | $ 0.00 |
| g. | TOTAL CLAIM as of 7/22/09 : | $ 550,210.38 | $ 510,870.66 | $ 591,209.54 |

   h. ☐ Loan is all due and payable because it matured on *(specify date):*

7. Movant holds a ☒ deed of trust ☐ judgment lien ☐ other *(specify)*
   that encumbers the Property.

   a. A true and correct copy of the document as recorded is attached as Exhibit 2 .

   b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit 3 .

   c. ☐ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit _____.

8. Status of Movant's claim relating to the Property *(fill in all applicable information requested below):*

   a. Current interest rate: 7.25

   b. Contractual maturity date: 3/1/10

   c. Amount of current monthly payment: $ 3,119.41

   d. Number of PREPETITION payments that have come due and were not made: 12 . Total amount: $ 36,728.50

   e. Number of POSTPETITION payments that have come due and were not made: 1 . Total amount: $ 3,018.78

   f. Date of POSTPETITION default: 7/1/09

   g. Last payment received on the following date: 6/1/08

   h. Notice of default recorded on the following date: n/a

   i. Notice of sale recorded on the following date: n/a

   j. Foreclosure sale originally scheduled for the following date: n/a

   k. Foreclosure sale currently scheduled for the following date: n/a

   l. Foreclosure sale already held on the following date: n/a

   m. Trustee's deed on sale already recorded on the following date: n/a

   n. Future payments due by time of anticipated hearing date *(if applicable):*
      An additional payment of $ 3,119.40 will come due on 8/1/09 , and on the 1st day of each month thereafter. If the payment is not received by the 10th day of the month, a late charge of $ 311.94 will be charged to the loan.

9. Attached hereto as Exhibit _____ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor(s) since the petition date.

   No postpetition payments have been made whatsoever.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| In re | (SHORT TITLE) | | CHAPTER: 11 |
|---|---|---|---|
| JAMES C. GIANULIAS | | Debtor(s). | CASE NO.: 08-13150-RK |

10. ☒ *(Chapter 7 and 11 cases only)*: The fair market value of the entire Property is $ 540,000.00 _____, established by:

    a. ☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.

    b. ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

    c. ☒ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit 4 & 5 .

    d. ☐ Other *(specify)*:

11. ☒ The fair market value of the Property is declining based on/due to: Depressed real estate market conditions _____

12. ☒ **Calculation of equity in Property:**

    a. Based upon ☐ preliminary title report ☒ Debtor's(s') admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | **Name of Holder** | **Amount as Scheduled by Debtor(s) (if any)** | **Amount Known to Declarant and Source** |
|---|---|---|---|
| 1st Deed of Trust: | National Bank of Arizona | $506,600.00 | $591,209.54 |
| 2nd Deed of Trust: | | | |
| 3rd Deed of Trust: | | | |
| Judgment Liens: | | | |
| Taxes: | Nevada County Treasurer | unknown | |
| Other: | | | |
| **TOTAL DEBT: $** | | **$506,600.00** | $591,209.54 |

    b. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit 2-5 , and consists of:

        ☐ Preliminary title report

        ☒ Relevant portions of Debtor's(s') Schedules as filed in this case

        ☒ Other *(specify)*: Deed of Trust and Note

    c. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's(s') equity in the Property is ($ 51,209.54 ) _____ (§ 362(d)(2)(A)).

    d. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is ($ 51,209.54 ) _____ (§ 362(d)(1)).

    e. Estimated costs of sale: $ 43,200.00 _____ (Estimate based upon 8 ___% of estimated gross sales price)

13. ☐ *(Chapter 12 and 13 cases only)* Chapter 12 or 13 case status information:

    a. 341(a) Meeting currently scheduled for (or concluded on) the following date:
        Confirmation hearing currently scheduled for (or concluded on) the following date:
        Plan confirmed on the following date *(if applicable)*:

    b. Postpetition/preconfirmation payments due BUT REMAINING UNPAID since the filing of the case:

| | | | | | |
|---|---|---|---|---|---|
| *(Number of)* _____ | payment(s) due at $_____ | each | = | $_____ |
| *(Number of)* _____ | payment(s) due at $_____ | each | = | $_____ |
| *(Number of)* _____ | late charge(s) at $_____ | each | = | $_____ |
| *(Number of)* _____ | late charge(s) at $_____ | each | = | $_____ |

*(Continued on next page)*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009     **F 4001-1M.RP**

| In re | | CHAPTER: 11 |
|---|---|---|
| | (SHORT TITLE) | |
| JAMES C. GIANULIAS | Debtor(s). | CASE NO.: 08-13150-RK |

c. Postpetition/preconfirmation advances or other charges due but unpaid:    $_____
(See attachment for details of type and amount.)

**TOTAL POSTPETITION/PRECONFIRMATION DELINQUENCY:**   $_____

d. Postconfirmation payments due BUT REMAINING UNPAID since plan confirmation *(if applicable)*:

*(Number of)* _____ payment(s) due at $_____ each   =   $_____
*(Number of)* _____ payment(s) due at $_____ each   =   $_____
*(Number of)* _____ late charge(s) at  $_____ each   =   $_____
*(Number of)* _____ late charge(s) at  $_____ each   =   $_____

e. Postconfirmation advances or other charges due but unpaid:    $_____
(See attachment for details of type and amount.)

**TOTAL POSTCONFIRMATION DELINQUENCY:**   $_____

f. ☐ The claim is provided for in the Chapter 12 or 13 Plan.  Plan payment history is attached as Exhibit _____.

g. ☐ See attached Declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach Court Form F 4001-1M.13)*.

14. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

15. ☐ The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that the Property qualifies as single asset real estate, the Debtor(s) has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time  or the Debtor(s) has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

16. ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

17 ☐ The filing of the petition was part of a scheme to delay, hinder and defraud creditors that involved:

a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval.  See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy filings affecting the Property.  The multiple bankruptcy filings include the following cases:
  1. Case Name:
     Case Number:                    Chapter:
     Date Filed:                      Date Dismissed:                    Date Discharged:
     Relief from stay re this property   ☐ was    ☐ was not  granted.
  2. Case Name:
     Case Number:                    Chapter:
     Date Filed:                      Date Dismissed:                    Date Discharged:
     Relief from stay re this property   ☐ was    ☐ was not  granted.
  3. ☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*

F 4001-1M.RP

| In re                          (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| JAMES C. GIANULIAS                               Debtor(s). | CASE NO.: 08-13150-RK |

18. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

    a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

    b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

    c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration was executed on** *AUGUST 4* , *2009* , at *6001 N. 24TH ST. BLDG B.* *(city, state).*
PHOENIX, AZ. 85016

Dwight Campbell
_____
*Print Declarant's Name*

_____
*Signature of Declarant*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                                                             **F 4001-1M.RP**

| In re                    (SHORT TITLE) | CHAPTER: 11 |
|---|---|
| JAMES C. GIANULIAS                                    Debtor(s). | CASE NO.: 08-13150-RK |

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

4665 MacArthur Court, Ste 280, Newport Beach, CA 92660

A true and correct copy of the foregoing document described as <u>Notice of Motion and Motion for Relief from the Auto-matic Stay Under 11 U.S.C. 362</u> _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On <u>8/5/09</u> _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

John B Acierno     ecfcacb@piteduncan.com
Jess R Bressi      jbressi@coxcastle.com
Frank Cadigan      frank.cadigan@usdoj.gov

☑ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL (indicate method for each person or entity served):**
On <u>8/11/09</u> _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

Honorable Robert Kwan

☑ Service information continued on attached page

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL (indicate method for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 8/11/09 | Ginger Tran | /s/Ginger Tran |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

| In re                                    (SHORT TITLE)          | CHAPTER: 11                |
|                                                                 |                            |
| JAMES C. GIANULIAS                                   Debtor(s). | CASE NO.: 08-13150-RK      |

## ADDITIONAL SERVICE INFORMATION (if needed):

Jon M Chatalian    efile@pbgc.gov
Sean T Cork    scork@ssd.com
Paul J Couchot    pcouchot@winthropcouchot.com, pj@winthropcouchot.com
Susan S Davis    sdavis@coxcastle.com
Daniel Denny    ddenny@gibsondunn.com
Lei Lei Wang Ekvall    lekvall@wgllp.com
David K Eldan    malvarado@pmcos.com
Alan J Friedman    afriedman@irell.com
Jose A Garcia    ecfcacb@piteduncan.com
Robert P Goe    kmurphy@goeforlaw.com
Michael J Hauser    michael.hauser@usdoj.gov
Whitman L Holt    wholt@stutman.com
Marsha A Houston    mhouston@reedsmith.com
Lance N Jurich    ljurich@loeb.com
Daniel A Lev    dlev@sulmeyerlaw.com
Kerri A Lyman    klyman@irell.com
Andrew K Mauthe    mauthelaw@attglobal.net
Elissa Miller    emiller@sulmeyerlaw.com
Randall P Mroczynski    randym@cookseylaw.com
Mike D Neue    mneue@thelobelfirm.com, csolorzano@thelobelfirm.com
Penelope Parmes    pparmes@rutan.com
Steven G Polard    spolard@perkinscoie.com
Hamid R Rafatjoo    hrafatjoo@pszjlaw.com, hrafatjoo@pszjlaw.com
Christopher O Rivas    crivas@reedsmith.com
Martha E Romero    Romero@mromerolawfirm.com
Anthony J Rothman    anthony@arothmanlaw.com
Victor A Sahn    vsahn@sulmeyerlaw.com
John D Schlotter    bkmail@mrdefault.com
Mark C Schnitzer    mschnitzer@rhlaw.com
Leonard M Shulman    lshulman@shbllp.com
Timothy J Silverman    tim@sgsslaw.com
Derrick Talerico    dtalerico@loeb.com, kpresson@loeb.com;ljurich@loeb.com
James E Till    jtill@milbank.com
James E Till    jtill@thelobelfirm.com
United States Trustee (SA)    ustpregion16.sa.ecf@usdoj.gov
Matthew S Walker    matthew.walker@pillsburylaw.com, sue.hodges@pillsburylaw.com; pamela.breeden@pillsburylaw.com
Joshua D Wayser    joshua.wayser@kattenlaw.com
Steven Werth    swerth@sulmeyerlaw.com
John H Wunsch    sandra.g.mcmasters@wellsfargo.com

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*                                                    **F 4001-1M.RP**

| In re<br>JAMES C. GIANULIAS | (SHORT TITLE) | CHAPTER: 11 |
|---|---|---|
| | Debtor(s). | CASE NO.: 098-13150-RK |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Capital Drywall, LP
c/o Hines Smith Carder
3080 Bristol St Ste 540
Costa Mesa, CA 92626

Peter L Duncan
401 B St Ste 1500
San Diego, CA 92101

Gateway Insulation, Inc.
c/o Hines Smith Carder
3080 Bristol St Ste 540
Costa Mesa, CA 92626

Gateway Plastering, Inc.
c/o Hines Smith Carder
3080 Bristol St Ste 540
Costa Mesa, CA 92626

John D Klinedinst
Klinedinst PC
501 W Broadway Ste 600
San Diego, CA 92101

Lanak & Hanna P C
400 N Tustin Ave
Santa Ana, CA 92705-3815

Lantex Landscape Architecture Inc
28052 Camino Capistrano Ste 211
Laguna Niguel, CA 92677

William N. Lobel
840 Newport Center Drive Ste 750
Newport Beach, CA 92660

William N. Lobel
Irell & Manella LLP
840 Newport Center Dr, Ste 400
Newport Beach, CA 92660-6324

PNC Bank, National Association
Polsinelli Shalton Flanigan Suelthaus PC
Daniel J Flanigan
700 W 47th St Ste 1000
Kansas City, MO 64112

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*    F 4001-1M.RP

| In re<br>JAMES C. GIANULIAS | (SHORT TITLE)<br><br>Debtor(s). | CHAPTER: 11<br>CASE NO.: 08-13150-RK |

**ADDITIONAL SERVICE INFORMATION** (if needed):

Lori Scott
1301 Fifth Ave Ste 3100
Seattle, WA 98101

Squire, Sanders & Dempey LLP
Patrick Fields
555 S. Flower Street
31st Floor
Los Angeles, CA 90071-2300

Squire, Sanders & Dempsey LLP
Sean T. Cork
40 N. Central Ave., #2700
Phoenix, AZ 85004

Linda Watanabe-Mitchell
David Evans and Associates Inc
320 SW Upper Terrace Dr Ste 200
Bend, OR 97702

Nevada County
Treasurer & Tax Collector
E Christina Dabis
950 Maidu Ave
Nevada, CA 95959

James C. Gianulias
1105 Quail St.
Newport Beach, CA 92660

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*January 2009*    **F 4001-1M.RP**

**LEGAL DESCRIPTION**

**EXHIBIT "A"**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE TOWN OF TRUCKEE, COUNTY OF NEVADA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Lot R38 of Old Greenwood Phase 1 as per map recorded November 3, 2003, in Book 8 of Subdivisions, at Page 111, Nevada County Records.

APN: 19-740-43

# EXHIBIT "1"

END OF DOCUMENT

CLTA Preliminary Report Form (11/17/04)

**RECORDING REQUESTED BY:**
Fidelity National Title Company of California

**AND WHEN RECORDED MAIL TO**
National Bank of Arizona
C/O Development Finance Department
6001 North 24th Street, Building B
Phoenix, AZ 85016

Escrow No.: 07-**501379**-LG
Locate No.: CAFNT0929-0929-0002-0000501379
Title No.: 07-**501379**-SC

Nevada, County Recorder
Kathleen Smith
**DOC- 2007-0008254-00**
Acct 6-Fidelity National Title Co
**Thursday, MAR 15, 2007 14:18:00**
REC $27.00 SBS $12.00 MIC $3.00
AUT $15.00
Ttl Pd $57.00    Nbr-0000487837
SLJ/SJ/3-13

SPACE ABOVE THIS LINE FOR RECORDER'S USE

Deed of Trust

**THIS PAGE ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
(Additional recording fee applies)
EXHIBIT "2"

(recoverch)(10-04)

**RECORDATION REQUESTED BY:**
NATIONAL BANK OF ARIZONA, a national banking
association
Development Finance Department
6001 NORTH 24TH STREET
BUILDING B
PHOENIX, AZ 85016

**WHEN RECORDED MAIL TO:**
NATIONAL BANK OF ARIZONA, a national banking
association
Development Finance Department
6001 NORTH 24TH STREET
BUILDING B
PHOENIX, AZ 85016

**SEND TAX NOTICES TO:**
JAMES CHRIS GIANULIAS, Trustee of JAMES CHRIS
GIANULIAS TRUST, dated December 22, 1998 as
amended in its entirety on October 14, 2003 under the
provisions of a trust agreement dated December 22,
1998
1105 QUAIL STREET
NEWPORT BEACH, CA 92660

FOR RECORDER'S USE ONLY

#501379-49

# DEED OF TRUST

**THIS DEED OF TRUST** is dated February 23, 2007, among JAMES CHRIS GIANULIAS, as Trustee of the
JAMES CHRIS GIANULIAS TRUST, dated December 22, 1998 as amended in its entirety on October 14, 2003,
whose address is 1105 QUAIL STREET, NEWPORT BEACH, CA 92660 ("Trustor"); NATIONAL BANK OF
ARIZONA, a national banking association, whose address is Development Finance Department, 6001 NORTH
24TH STREET, BUILDING B, PHOENIX, AZ 85016 (referred to below sometimes as "Lender" and sometimes
as "Beneficiary"); and NATIONAL BANK OF ARIZONA, a national banking association, whose address is 6001
NORTH 24TH STREET, PHOENIX, AZ 85016 (referred to below as "Trustee").

**CONVEYANCE AND GRANT.** For valuable consideration, Trustor irrevocably grants, transfers and assigns to Trustee in trust, with power
of sale, for the benefit of Lender as Beneficiary, all of Trustor's right, title, and interest in and to the following described real property,
together with all existing or subsequently erected or affixed buildings, improvements and fixtures; all easements, rights of way, and
appurtenances; all water, water rights and ditch rights (including stock in utilities with ditch or irrigation rights); and all other rights,
royalties, and profits relating to the real property, including without limitation all minerals, oil, gas, geothermal and similar matters, **(the
"Real Property) located in NEVADA County, State of California:**

**SEE EXHIBIT "A" ATTACHED HERETO AND BY THIS REFERENCE MADE A PART HEREOF**

**The Assessor's Parcel Number for the Real Property is 19-740-43.**

Trustor presently assigns to Lender (also known as Beneficiary in this Deed of Trust) all of Trustor's right, title, and interest in and to all
present and future leases of the Property and all Rents from the Property. This is an absolute assignment of Rents made in connection
with an obligation secured by real property pursuant to California Civil Code Section 2938. In addition, Trustor grants to Lender a Uniform
Commercial Code security interest in the Personal Property and Rents.

**THIS DEED OF TRUST, INCLUDING THE ASSIGNMENT OF RENTS AND THE SECURITY INTEREST IN THE RENTS AND PERSONAL
PROPERTY, IS GIVEN TO SECURE (A) PAYMENT OF THE INDEBTEDNESS AND (B) PERFORMANCE OF ANY AND ALL OBLIGATIONS
OF THE TRUSTOR UNDER THE NOTE, THE RELATED DOCUMENTS, AND THIS DEED OF TRUST. THIS DEED OF TRUST IS GIVEN AND
ACCEPTED ON THE FOLLOWING TERMS:**

**TRUSTOR'S REPRESENTATIONS AND WARRANTIES.** Trustor warrants that: (a) this Deed of Trust is executed at Borrower's request and
not at the request of Lender; (b) Trustor has the full power, right, and authority to enter into this Deed of Trust and to hypothecate the
Property; (c) the provisions of this Deed of Trust do not conflict with, or result in a default under any agreement or other instrument
binding upon Trustor and do not result in a violation of any law, regulation, court decree or order applicable to Trustor; (d) Trustor has
established adequate means of obtaining from Borrower on a continuing basis information about Borrower's financial condition; and (e)
Lender has made no representation to Trustor about Borrower (including without limitation the creditworthiness of Borrower).

**TRUSTOR'S WAIVERS.** Except as prohibited by applicable law, Trustor waives any right to require Lender to (a) make any presentment,
protest, demand, or notice of any kind, including notice of change of any terms of repayment of the Indebtedness, default by Borrower or
any other guarantor or surety, any action or nonaction taken by Borrower, Lender, or any other guarantor or surety of Borrower, or the
creation of new or additional Indebtedness; (b) proceed against any person, including Borrower, before proceeding against Trustor; (c)
proceed against any collateral for the Indebtedness, including Borrower's collateral, before proceeding against Trustor; (d) apply any
payments or proceeds received against the Indebtedness in any order; (e) give notice of the terms, time, and place of any sale of any
collateral pursuant to the Uniform Commercial Code or any other law governing such sale; (f) disclose any information about the
Indebtedness, Borrower, any collateral, or any other guarantor or surety, or about any action or nonaction of Lender; or (g) pursue any

remedy or course of action in Lender's power whatsoever.

Trustor also waives any and all rights or defenses arising by reason of (h) any disability or other defense of Borrower, any other guarantor or surety or any other person; (i) the cessation from any cause whatsoever, other than payment in full, of the Indebtedness; (j) the application of proceeds of the Indebtedness by Borrower for purposes other than the purposes understood and intended by Trustor and Lender; (k) any act of omission or commission by Lender which directly or indirectly results in or contributes to the discharge of Borrower or any other guarantor or surety, or the Indebtedness, or the loss or release of any collateral by operation of law or otherwise; (l) any statute of limitations in any action under this Deed of Trust or on the Indebtedness; or (m) any modification or change in terms of the Indebtedness, whatsoever, including without limitation, the renewal, extension, acceleration, or other change in the time payment of the Indebtedness is due and any change in the interest rate.

Trustor waives all rights and defenses arising out of an election of remedies by Lender, even though that election of remedies, such as non-judicial foreclosure with respect to security for a guaranteed obligation, has destroyed Trustor's rights of subrogation and reimbursement against Borrower by the operation of Section 580d of the California Code of Civil Procedure, or otherwise.

Trustor waives all rights and defenses that Trustor may have because Borrower's obligation is secured by real property. This means among other things: (1) Lender may collect from Trustor without first foreclosing on any real or personal property collateral pledged by Borrower. (2) If Lender forecloses on any real property collateral pledged by Borrower: (A) The amount of Borrower's obligation may be reduced only by the price for which the collateral is sold at the foreclosure sale, even if the collateral is worth more than the sale price. (B) Lender may collect from Trustor even if Lender, by foreclosing on the real property collateral, has destroyed any right Trustor may have to collect from Borrower. This is an unconditional and irrevocable waiver of any rights and defenses Trustor may have because Borrower's obligation is secured by real property. These rights and defenses include, but are not limited to, any rights and defenses based upon Section 580a, 580b, 580d, or 726 of the Code of Civil Procedure.

Trustor understands and agrees that the foregoing waivers are unconditional and irrevocable waivers of substantive rights and defenses to which Trustor might otherwise be entitled under state and federal law. The rights and defenses waived include, without limitation, those provided by California laws of suretyship and guaranty, anti-deficiency laws, and the Uniform Commercial Code. Trustor acknowledges that Trustor has provided these waivers of rights and defenses with the intention that they be fully relied upon by Lender. Trustor further understands and agrees that this Deed of Trust is a separate and independent contract between Trustor and Lender, given for full and ample consideration, and is enforceable on its own terms. Until all Indebtedness is paid in full, Trustor waives any right to enforce any remedy Trustor may have against Borrower's or any other guarantor, surety, or other person, and further, Trustor waives any right to participate in any collateral for the Indebtedness now or hereafter held by Lender.

**PAYMENT AND PERFORMANCE.** Except as otherwise provided in this Deed of Trust, Borrower and Trustor shall pay to Lender all Indebtedness secured by this Deed of Trust as it becomes due, and Borrower and Trustor shall strictly perform all their respective obligations under the Note, this Deed of Trust, and the Related Documents.

**POSSESSION AND MAINTENANCE OF THE PROPERTY.** Borrower and Trustor agree that Borrower's and Trustor's possession and use of the Property shall be governed by the following provisions:

**Possession and Use.** Until the occurrence of an Event of Default, Trustor may (1) remain in possession and control of the Property; (2) use, operate or manage the Property; and (3) collect the Rents from the Property.

**Duty to Maintain.** Trustor shall maintain the Property in good condition and promptly perform all repairs, replacements, and maintenance necessary to preserve its value.

**Compliance With Environmental Laws.** Trustor represents and warrants to Lender that: (1) During the period of Trustor's ownership of the Property, there has been no use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance by any person on, under, about or from the Property; (2) Trustor has no knowledge of, or reason to believe that there has been, except as previously disclosed to and acknowledged by Lender in writing, (a) any breach or violation of any Environmental Laws, (b) any use, generation, manufacture, storage, treatment, disposal, release or threatened release of any Hazardous Substance on, under, about or from the Property by any prior owners or occupants of the Property, or (c) any actual or threatened litigation or claims of any kind by any person relating to such matters; and (3) Except as previously disclosed to and acknowledged by Lender in writing, (a) neither Trustor nor any tenant, contractor, agent or other authorized user of the Property shall use, generate, manufacture, store, treat, dispose of or release any Hazardous Substance on, under, about or from the Property; and (b) any such activity shall be conducted in compliance with all applicable federal, state, and local laws, regulations and ordinances, including without limitation all Environmental Laws. Trustor authorizes Lender and its agents to enter upon the Property to make such inspections and tests, at Trustor's expense, as Lender may deem appropriate to determine compliance of the Property with this section of the Deed of Trust. Any inspections or tests made by Lender shall be for Lender's purposes only and shall not be construed to create any responsibility or liability on the part of Lender to Trustor or to any other person. The representations and warranties contained herein are based on Trustor's due diligence in investigating the Property for Hazardous Substances. Trustor hereby (1) releases and waives any future claims against Lender for indemnity or contribution in the event Trustor becomes liable for cleanup or other costs under any such laws; and (2) agrees to indemnify and hold harmless Lender against any and all claims, losses, liabilities, damages, penalties, and expenses which Lender may directly or indirectly sustain or suffer resulting from a breach of this section of the Deed of Trust or as a consequence of any use, generation, manufacture, storage, disposal, release or threatened release occurring prior to Trustor's ownership or interest in the Property, whether or not the same was or should have been known to Trustor. The provisions of this section of the Deed of Trust, including the obligation to indemnify, shall survive the payment of the Indebtedness and the satisfaction and reconveyance of the lien of this Deed of Trust and shall not be affected by Lender's acquisition of any interest in the Property, whether by foreclosure or otherwise.

**Nuisance, Waste.** Trustor shall not cause, conduct or permit any nuisance nor commit, permit, or suffer any stripping of or waste on or to the Property or any portion of the Property. Without limiting the generality of the foregoing, Trustor will not remove, or grant to any other party the right to remove, any timber, minerals (including oil and gas), coal, clay, scoria, soil, gravel or rock products without Lender's prior written consent.

**Removal of Improvements.** Trustor shall not demolish or remove any Improvements from the Real Property without Lender's prior

written consent. As a condition to the removal of any Improvements, Lender may require Trustor to make arrangements satisfactory to Lender to replace such Improvements with Improvements of at least equal value.

**Lender's Right to Enter.** Lender and Lender's agents and representatives may enter upon the Real Property at all reasonable times to attend to Lender's interests and to inspect the Real Property for purposes of Trustor's compliance with the terms and conditions of this Deed of Trust.

**Compliance with Governmental Requirements.** Trustor shall promptly comply with all laws, ordinances, and regulations, now or hereafter in effect, of all governmental authorities applicable to the use or occupancy of the Property. Trustor may contest in good faith any such law, ordinance, or regulation and withhold compliance during any proceeding, including appropriate appeals, so long as Trustor has notified Lender in writing prior to doing so and so long as, in Lender's sole opinion, Lender's interests in the Property are not jeopardized. Lender may require Trustor to post adequate security or a surety bond, reasonably satisfactory to Lender, to protect Lender's interest.

**Duty to Protect.** Trustor agrees neither to abandon or leave unattended the Property. Trustor shall do all other acts, in addition to those acts set forth above in this section, which from the character and use of the Property are reasonably necessary to protect and preserve the Property.

**DUE ON SALE - CONSENT BY LENDER.** Lender may, at Lender's option, declare immediately due and payable all sums secured by this Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law.

**TAXES AND LIENS.** The following provisions relating to the taxes and liens on the Property are part of this Deed of Trust:

**Payment.** Trustor shall pay when due (and in all events at least ten (10) days prior to delinquency) all taxes, special taxes, assessments, charges (including water and sewer), fines and impositions levied against or on account of the Property, and shall pay when due all claims for work done on or for services rendered or material furnished to the Property. Trustor shall maintain the Property free of all liens having priority over or equal to the interest of Lender under this Deed of Trust, except for the lien of taxes and assessments not due and except as otherwise provided in this Deed of Trust.

**Right to Contest.** Trustor may withhold payment of any tax, assessment, or claim in connection with a good faith dispute over the obligation to pay, so long as Lender's interest in the Property is not jeopardized. If a lien arises or is filed as a result of nonpayment, Trustor shall within fifteen (15) days after the lien arises or, if a lien is filed, within fifteen (15) days after Trustor has notice of the filing, secure the discharge of the lien, or if requested by Lender, deposit with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender in an amount sufficient to discharge the lien plus any costs and attorneys' fees, or other charges that could accrue as a result of a foreclosure or sale under the lien. In any contest, Trustor shall defend itself and Lender and shall satisfy any adverse judgment before enforcement against the Property. Trustor shall name Lender as an additional obligee under any surety bond furnished in the contest proceedings.

**Evidence of Payment.** Trustor shall upon demand furnish to Lender satisfactory evidence of payment of the taxes or assessments and shall authorize the appropriate governmental official to deliver to Lender at any time a written statement of the taxes and assessments against the Property.

**Notice of Construction.** Trustor shall notify Lender at least fifteen (15) days before any work is commenced, any services are furnished, or any materials are supplied to the Property, if any mechanic's lien, materialmen's lien, or other lien could be asserted on account of the work, services, or materials. Trustor will upon request of Lender furnish to Lender advance assurances satisfactory to Lender that Trustor can and will pay the cost of such improvements.

**PROPERTY DAMAGE INSURANCE.** The following provisions relating to insuring the Property are a part of this Deed of Trust.

**Maintenance of Insurance.** Trustor shall procure and maintain policies of fire insurance with standard extended coverage endorsements on a fair value basis for the full insurable value covering all Improvements on the Real Property in an amount sufficient to avoid application of any coinsurance clause, and with a standard mortgagee clause in favor of Lender, together with such other hazard and liability insurance as Lender may reasonably require. Notwithstanding the foregoing, in no event shall Trustor be required to provide hazard insurance in excess of the replacement value of the improvements on the Real Property. Policies shall be written in form, amounts, coverages and basis reasonably acceptable to Lender and issued by a company or companies reasonably acceptable to Lender. Trustor, upon request of Lender, will deliver to Lender from time to time the policies or certificates of insurance in form satisfactory to Lender, including stipulations that coverages will not be cancelled or diminished without at least ten (10) days prior written notice to Lender. Each insurance policy also shall include an endorsement providing that coverage in favor of Lender will not be impaired in any way by any act, omission or default of Trustor or any other person. Should the Real Property be located in an area designated by the Director of the Federal Emergency Management Agency as a special flood hazard area, Trustor agrees to obtain and maintain Federal Flood Insurance, if available, for the full unpaid principal balance of the loan and any prior liens on the property securing the loan, up to the maximum policy limits set under the National Flood Insurance Program, or as otherwise required by Lender, and to maintain such insurance for the term of the loan.

**Application of Proceeds.** Trustor shall promptly notify Lender of any loss or damage to the Property. Lender may make proof of loss if Trustor fails to do so within fifteen (15) days of the casualty. If in Lender's sole judgment Lender's security interest in the Property has been impaired, Lender may, at Lender's election, receive and retain the proceeds of any insurance and apply the proceeds to the reduction of the Indebtedness, payment of any lien affecting the Property, or the restoration and repair of the Property. If the proceeds are to be applied to restoration and repair, Trustor shall repair or replace the damaged or destroyed Improvements in a manner satisfactory to Lender. Lender shall, upon satisfactory proof of such expenditure, pay or reimburse Trustor from the proceeds for the reasonable cost of repair or restoration if Trustor is not in default under this Deed of Trust. Any proceeds which have not been disbursed within 180 days after their receipt and which Lender has not committed to the repair or restoration of the Property shall be

used first to pay any amount owing to Lender under this Deed of Trust, then to pay accrued interest, and the remainder, if any, shall be applied to the principal balance of the Indebtedness. If Lender holds any proceeds after payment in full of the Indebtedness, such proceeds shall be paid to Trustor as Trustor's interests may appear.

**LENDER'S EXPENDITURES.** If Trustor fails (A) to keep the Property free of all taxes, liens, security interests, encumbrances, and other claims, (B) to provide any required insurance on the Property, or (C) to make repairs to the Property then Lender may do so. If any action or proceeding is commenced that would materially affect Lender's interests in the Property, then Lender on Trustor's behalf may, but is not required to, take any action that Lender believes to be appropriate to protect Lender's interests. All expenses incurred or paid by Lender for such purposes will then bear interest at the rate charged under the Note from the date incurred or paid by Lender to the date of repayment by Trustor. All such expenses will become a part of the Indebtedness and, at Lender's option, will (A) be payable on demand; (B) be added to the balance of the Note and be apportioned among and be payable with any installment payments to become due during either (1) the term of any applicable insurance policy; or (2) the remaining term of the Note; or (C) be treated as a balloon payment which will be due and payable at the Note's maturity. The Deed of Trust also will secure payment of these amounts. The rights provided for in this paragraph shall be in addition to any other rights or any remedies to which Lender may be entitled on account of any default. Any such action by Lender shall not be construed as curing the default so as to bar Lender from any remedy that it otherwise would have had.

**WARRANTY; DEFENSE OF TITLE.** The following provisions relating to ownership of the Property are a part of this Deed of Trust:

**Title.** Trustor warrants that: (a) Trustor holds good and marketable title of record to the Property in fee simple, free and clear of all liens and encumbrances other than those set forth in the Real Property description or in any title insurance policy, title report, or final title opinion issued in favor of, and accepted by, Lender in connection with this Deed of Trust, and (b) Trustor has the full right, power, and authority to execute and deliver this Deed of Trust to Lender.

**Defense of Title.** Subject to the exception in the paragraph above, Trustor warrants and will forever defend the title to the Property against the lawful claims of all persons. In the event any action or proceeding is commenced that questions Trustor's title or the interest of Trustee or Lender under this Deed of Trust, Trustor shall defend the action at Trustor's expense. Trustor may be the nominal party in such proceeding, but Lender shall be entitled to participate in the proceeding and to be represented in the proceeding by counsel of Lender's own choice, and Trustor will deliver, or cause to be delivered, to Lender such instruments as Lender may request from time to time to permit such participation.

**Compliance With Laws.** Trustor warrants that the Property and Trustor's use of the Property complies with all existing applicable laws, ordinances, and regulations of governmental authorities.

**Survival of Promises.** All promises, agreements, and statements Trustor has made in this Deed of Trust shall survive the execution and delivery of this Deed of Trust, shall be continuing in nature and shall remain in full force and effect until such time as Borrower's Indebtedness is paid in full.

**CONDEMNATION.** The following provisions relating to eminent domain and inverse condemnation proceedings are a part of this Deed of Trust:

**Proceedings.** If any eminent domain or inverse condemnation proceeding is commenced affecting the Property, Trustor shall promptly notify Lender in writing, and Trustor shall promptly take such steps as may be necessary to pursue or defend the action and obtain the award. Trustor may be the nominal party in any such proceeding, but Lender shall be entitled, at its election, to participate in the proceeding and to be represented in the proceeding by counsel of its own choice, and Trustor will deliver or cause to be delivered to Lender such instruments and documentation as may be requested by Lender from time to time to permit such participation.

**Application of Net Proceeds.** If any award is made or settlement entered into in any condemnation proceedings affecting all or any part of the Property or by any proceeding or purchase in lieu of condemnation, Lender may at its election, and to the extent permitted by law, require that all or any portion of the award or settlement be applied to the Indebtedness and to the repayment of all reasonable costs, expenses, and attorneys' fees incurred by Trustee or Lender in connection with the condemnation proceedings.

**IMPOSITION OF TAXES, FEES AND CHARGES BY GOVERNMENTAL AUTHORITIES.** The following provisions relating to governmental taxes, fees and charges are a part of this Deed of Trust:

**Current Taxes, Fees and Charges.** Upon request by Lender, Trustor shall execute such documents in addition to this Deed of Trust and take whatever other action is requested by Lender to perfect and continue Lender's lien on the Real Property. Trustor shall reimburse Lender for all taxes, as described below, together with all expenses incurred in recording, perfecting or continuing this Deed of Trust, including without limitation all taxes, fees, documentary stamps, and other charges for recording or registering this Deed of Trust.

**Taxes.** The following shall constitute taxes to which this section applies: (1) a specific tax upon this type of Deed of Trust or upon all or any part of the Indebtedness secured by this Deed of Trust; (2) a specific tax on Borrower which Borrower is authorized or required to deduct from payments on the Indebtedness secured by this type of Deed of Trust; (3) a tax on this type of Deed of Trust chargeable against the Lender or the holder of the Note; and (4) a specific tax on all or any portion of the Indebtedness or on payments of principal and interest made by Borrower.

**Subsequent Taxes.** If any tax to which this section applies is enacted subsequent to the date of this Deed of Trust, this event shall have the same effect as an Event of Default, and Lender may exercise any or all of its available remedies for an Event of Default as provided below unless Trustor either (1) pays the tax before it becomes delinquent, or (2) contests the tax as provided above in the Taxes and Liens section and deposits with Lender cash or a sufficient corporate surety bond or other security satisfactory to Lender.

**SECURITY AGREEMENT; FINANCING STATEMENTS.** The following provisions relating to this Deed of Trust as a security agreement are a part of this Deed of Trust:

**Security Agreement.** This instrument shall constitute a Security Agreement to the extent any of the Property constitutes fixtures, and Lender shall have all of the rights of a secured party under the Uniform Commercial Code as amended from time to time.

**Security Interest.** Upon request by Lender, Trustor shall take whatever action is requested by Lender to perfect and continue Lender's

security interest in the Personal Property. Trustor shall reimburse Lender for all expenses incurred in perfecting or continuing this security interest. Upon default, Trustor shall not remove, sever or detach the Personal Property from the Property. Upon default, Trustor shall assemble any Personal Property not affixed to the Property in a manner and at a place reasonably convenient to Trustor and Lender and make it available to Lender within three (3) days after receipt of written demand from Lender to the extent permitted by applicable law.

**Addresses.** The mailing addresses of Trustor (debtor) and Lender (secured party) from which information concerning the security interest granted by this Deed of Trust may be obtained (each as required by the Uniform Commercial Code) are as stated on the first page of this Deed of Trust.

**FURTHER ASSURANCES; ATTORNEY-IN-FACT.** The following provisions relating to further assurances and attorney-in-fact are a part of this Deed of Trust:

**Further Assurances.** At any time, and from time to time, upon request of Lender, Trustor will make, execute and deliver, or will cause to be made, executed or delivered, to Lender or to Lender's designee, and when requested by Lender, cause to be filed, recorded, refiled, or rerecorded, as the case may be, at such times and in such offices and places as Lender may deem appropriate, any and all such mortgages, deeds of trust, security deeds, security agreements, financing statements, continuation statements, instruments of further assurance, certificates, and other documents as may, in the sole opinion of Lender, be necessary or desirable in order to effectuate, complete, perfect, continue, or preserve (1) Borrower's and Trustor's obligations under the Note, this Deed of Trust, and the Related Documents, and (2) the liens and security interests created by this Deed of Trust as first and prior liens on the Property, whether now owned or hereafter acquired by Trustor. Unless prohibited by law or Lender agrees to the contrary in writing, Trustor shall reimburse Lender for all costs and expenses incurred in connection with the matters referred to in this paragraph.

**Attorney-in-Fact.** If Trustor fails to do any of the things referred to in the preceding paragraph, Lender may do so for and in the name of Trustor and at Trustor's expense. For such purposes, Trustor hereby irrevocably appoints Lender as Trustor's attorney-in-fact for the purpose of making, executing, delivering, filing, recording, and doing all other things as may be necessary or desirable, in Lender's sole opinion, to accomplish the matters referred to in the preceding paragraph.

**FULL PERFORMANCE.** If Borrower and Trustor pay all the Indebtedness when due, and Trustor otherwise performs all the obligations imposed upon Trustor under this Deed of Trust, Lender shall execute and deliver to Trustee a request for full reconveyance and shall execute and deliver to Trustor suitable statements of termination of any financing statement on file evidencing Lender's security interest in the Rents and the Personal Property. Lender may charge Trustor a reasonable reconveyance fee at the time of reconveyance.

**EVENTS OF DEFAULT.** At Lender's option, Trustor will be in default under this Deed of Trust if any of the following happen:

**Payment Default.** Borrower fails to make any payment when due under the Indebtedness.

**Break Other Promises.** Borrower or Trustor breaks any promise made to Lender or fails to perform promptly at the time and strictly in the manner provided in this Deed of Trust or in any agreement related to this Deed of Trust.

**Compliance Default.** Failure to comply with any other term, obligation, covenant or condition contained in this Deed of Trust, the Note or in any of the Related Documents.

**Default on Other Payments.** Failure of Trustor within the time required by this Deed of Trust to make any payment for taxes or insurance, or any other payment necessary to prevent filing of or to effect discharge of any lien.

**Default in Favor of Third Parties.** Should Borrower or any Trustor default under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of Trustor's property or Borrower's or any Trustor's ability to repay the Indebtedness or perform their respective obligations under this Deed of Trust or any of the Related Documents.

**False Statements.** Any representation or statement made or furnished to Lender by Borrower or Trustor or on Borrower's or Trustor's behalf under this Deed of Trust or the Related Documents is false or misleading in any material respect, either now or at the time made or furnished.

**Defective Collateralization.** This Deed of Trust or any of the Related Documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Insolvency.** The dissolution or termination of the Trust, the insolvency of Borrower or Trustor, the appointment of a receiver for any part of Borrower's or Trustor's property, any assignment for the benefit of creditors, any type of creditor workout, or the commencement of any proceeding under any bankruptcy or insolvency laws by or against Borrower or Trustor.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the Property or any other of Borrower's or Trustor's property in which Lender has a lien. This includes taking of, garnishing of or levying on Borrower's or Trustor's accounts with Lender. However, if Borrower or Trustor disputes in good faith whether the claim on which the taking of the Property is based is valid or reasonable, and if Borrower or Trustor gives Lender written notice of the claim and furnishes Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Breach of Other Agreement.** Any breach by Borrower or Trustor under the terms of any other agreement between Borrower or Trustor and Lender that is not remedied within any grace period provided therein, including without limitation any agreement concerning any indebtedness or other obligation of Borrower or Trustor to Lender, whether existing now or later.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the Indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any Guaranty of the Indebtedness. In the event of a death, Lender, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Insecurity.** Lender in good faith believes itself insecure.

**Right to Cure.** If any default, other than a default in payment is curable and if Trustor has not been given a notice of a breach of the same provision of this Deed of Trust within the preceding twelve (12) months, it may be cured if Trustor, after receiving written notice from Lender demanding cure of such default: (1) cures the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiates steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continues and completes all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**RIGHTS AND REMEDIES ON DEFAULT.** If an Event of Default occurs under this Deed of Trust, at any time thereafter, Trustee or Lender may exercise any one or more of the following rights and remedies:

**Election of Remedies.** All of Lender's rights and remedies will be cumulative and may be exercised alone or together. An election by Lender to choose any one remedy will not bar Lender from using any other remedy. If Lender decides to spend money or to perform any of Trustor's obligations under this Deed of Trust, after Trustor's failure to do so, that decision by Lender will not affect Lender's right to declare Trustor in default and to exercise Lender's remedies.

**Foreclosure by Sale.** Upon an Event of Default under this Deed of Trust, Beneficiary may declare the entire Indebtedness secured by this Deed of Trust immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold the Property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed of Trust, the Note, other documents requested by Trustee, and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of the notice of default, and notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell the Property at the time and place fixed by it in the notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of the Property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement in accordance with applicable law. Trustee shall deliver to such purchaser its deed conveying the Property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of any matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee or Beneficiary may purchase at such sale. After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

**Judicial Foreclosure.** With respect to all or any part of the Real Property, Lender shall have the right in lieu of foreclosure by power of sale to foreclose by judicial foreclosure in accordance with and to the full extent provided by California law.

**UCC Remedies.** With respect to all or any part of the Personal Property, Lender shall have all the rights and remedies of a secured party under the Uniform Commercial Code, including without limitation the right to recover any deficiency in the manner and to the full extent provided by California law.

**Collect Rents.** Lender shall have the right, without notice to Borrower or Trustor to take possession of and manage the Property and collect the Rents, including amounts past due and unpaid, and apply the net proceeds, over and above Lender's costs, against the Indebtedness. In furtherance of this right, Lender may require any tenant or other user of the Property to make payments of rent or use fees directly to Lender. If the Rents are collected by Lender, then Trustor irrevocably designates Lender as Trustor's attorney-in-fact to endorse instruments received in payment thereof in the name of Trustor and to negotiate the same and collect the proceeds. Payments by tenants or other users to Lender in response to Lender's demand shall satisfy the obligations for which the payments are made, whether or not any proper grounds for the demand existed. Lender may exercise its rights under this subparagraph either in person, by agent, or through a receiver.

**Appoint Receiver.** Lender shall have the right to have a receiver appointed to take possession of all or any part of the Property, with the power to protect and preserve the Property, to operate the Property preceding foreclosure or sale, and to collect the Rents from the Property and apply the proceeds, over and above the cost of the receivership, against the Indebtedness. The receiver may serve without bond if permitted by law. Lender's right to the appointment of a receiver shall exist whether or not the apparent value of the Property exceeds the Indebtedness by a substantial amount. Employment by Lender shall not disqualify a person from serving as a receiver.

**Tenancy at Sufferance.** If Trustor remains in possession of the Property after the Property is sold as provided above or Lender otherwise becomes entitled to possession of the Property upon default of Trustor, Trustor shall become a tenant at sufferance of Lender or the purchaser of the Property and shall, at Lender's option, either (1) pay a reasonable rental for the use of the Property, or (2) vacate the Property immediately upon the demand of Lender.

**Other Remedies.** Trustee or Lender shall have any other right or remedy provided in this Deed of Trust or the Note or by law.

**Notice of Sale.** Lender shall give Trustor reasonable notice of the time and place of any public sale of the Personal Property or of the time after which any private sale or other intended disposition of the Personal Property is to be made. Reasonable notice shall mean notice given at least ten (10) days before the time of the sale or disposition. Any sale of the Personal Property may be made in conjunction with any sale of the Real Property.

**Sale of the Property.** To the extent permitted by applicable law, Borrower and Trustor hereby waives any and all rights to have the Property marshalled. In exercising its rights and remedies, the Trustee or Lender shall be free to sell all or any part of the Property together or separately, in one sale or by separate sales. Lender shall be entitled to bid at any public sale on all or any portion of the Property.

**Attorneys' Fees; Expenses.** If Lender institutes any suit or action to enforce any of the terms of this Deed of Trust, Lender shall be entitled to recover such sum as the court may adjudge reasonable as attorneys' fees at trial and upon any appeal. Whether or not any court action is involved, and to the extent not prohibited by law, all reasonable expenses Lender incurs that in Lender's opinion are necessary at any time for the protection of its interest or the enforcement of its rights shall become a part of the Indebtedness payable on demand and shall bear interest at the Note rate from the date of the expenditure until repaid. Expenses covered by this paragraph

include, without limitation, however subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees and expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), appeals, and any anticipated post-judgment collection services, the cost of searching records, obtaining title reports (including foreclosure reports), surveyors' reports, and appraisal fees, title insurance, and fees for the Trustee, to the extent permitted by applicable law. However, Trustor will only pay attorneys' fees of an attorney not Lender's salaried employee, to whom the matter is referred after Trustor's default. Trustor also will pay any court costs, in addition to all other sums provided by law.

**Rights of Trustee.** Trustee shall have all of the rights and duties of Lender as set forth in this section.

**POWERS AND OBLIGATIONS OF TRUSTEE.** The following provisions relating to the powers and obligations of Trustee are part of this Deed of Trust:

**Powers of Trustee.** In addition to all powers of Trustee arising as a matter of law, Trustee shall have the power to take the following actions with respect to the Property upon the written request of Lender and Trustor: (a) join in preparing and filing a map or plat of the Real Property, including the dedication of streets or other rights to the public; (b) join in granting any easement or creating any restriction on the Real Property; and (c) join in any subordination or other agreement affecting this Deed of Trust or the interest of Lender under this Deed of Trust.

**Obligations to Notify.** Trustee shall not be obligated to notify any other party of a pending sale under any other trust deed or lien, or of any action or proceeding in which Trustor, Lender, or Trustee shall be a party, unless the action or proceeding is brought by Trustee.

**Trustee.** Trustee shall meet all qualifications required for Trustee under applicable law. In addition to the rights and remedies set forth above, with respect to all or any part of the Property, the Trustee shall have the right to foreclose by notice and sale, and Lender will have the right to foreclose by judicial foreclosure, in either case in accordance with and to the full extent provided by applicable law.

**Successor Trustee.** Lender, at Lender's option, may from time to time appoint a successor Trustee to any Trustee appointed under this Deed of Trust by an instrument executed and acknowledged by Lender and recorded in the office of the recorder of NEVADA County, State of California. The instrument shall contain, in addition to all other matters required by state law, the names of the original Lender, Trustee, and Trustor, the book and page where this Deed of Trust is recorded, and the name and address of the successor trustee, and the instrument shall be executed and acknowledged by Lender or its successors in interest. The successor trustee, without conveyance of the Property, shall succeed to all the title, power, and duties conferred upon the Trustee in this Deed of Trust and by applicable law. This procedure for substitution of Trustee shall govern to the exclusion of all other provisions for substitution.

**Acceptance by Trustee.** Trustee accepts this Trust when this Deed of Trust, duly executed and acknowledged, is made a public record as provided by law.

**NOTICES.** Any notice required to be given under this Deed of Trust shall be given in writing, and shall be effective when actually delivered, when actually received by telefacsimile (unless otherwise required by law), when deposited with a nationally recognized overnight courier, or, if mailed, when deposited in the United States mail, as first class, certified or registered mail postage prepaid, directed to the addresses shown near the beginning of this Deed of Trust. Trustor requests that copies of any notices of default and sale be directed to Trustor's address shown near the beginning of this Deed of Trust. All copies of notices of foreclosure from the holder of any lien which has priority over this Deed of Trust shall be sent to Lender's address, as shown near the beginning of this Deed of Trust. Any person may change his or her address for notices under this Deed of Trust by giving formal written notice to the other person or persons, specifying that the purpose of the notice is to change the person's address. For notice purposes, Trustor agrees to keep Lender informed at all times of Trustor's current address. Unless otherwise provided or required by law, if there is more than one Trustor, any notice given by Lender to any Trustor is deemed to be notice given to all Trustors. It will be Trustor's responsibility to tell the others of the notice from Lender.

**STATEMENT OF OBLIGATION FEE.** Lender may collect a fee, not to exceed the maximum amount permitted by law, for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

**ARBITRATION DISCLOSURES.**

1. ARBITRATION IS FINAL AND BINDING ON THE PARTIES AND SUBJECT TO ONLY VERY LIMITED REVIEW BY A COURT.

2. IN ARBITRATION THE PARTIES ARE WAIVING THEIR RIGHT TO LITIGATE IN COURT, INCLUDING THEIR RIGHT TO A JURY TRIAL.

3. DISCOVERY IN ARBITRATION IS MORE LIMITED THAN DISCOVERY IN COURT.

4. ARBITRATORS ARE NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING IN THEIR AWARDS. THE RIGHT TO APPEAL OR SEEK MODIFICATION OF ARBITRATORS' RULINGS IS VERY LIMITED.

5. A PANEL OF ARBITRATORS MIGHT INCLUDE AN ARBITRATOR WHO IS OR WAS AFFILIATED WITH THE BANKING INDUSTRY.

6. ARBITRATION WILL APPLY TO ALL DISPUTES BETWEEN THE PARTIES, NOT JUST THOSE CONCERNING THE AGREEMENT.

7. IF YOU HAVE QUESTIONS ABOUT ARBITRATION, CONSULT YOUR ATTORNEY OR THE AMERICAN ARBITRATION ASSOCIATION.

(a) Any claim or controversy ("Dispute") between or among the parties and their employees, agents, affiliates, and assigns, including, but not limited to, Disputes arising out of or relating to this agreement, this arbitration provision ("arbitration clause"), or any related agreements or instruments relating hereto or delivered in connection herewith ("Related Agreements"), and including, but not limited to, a Dispute based on or arising from an alleged tort, shall at the request of any party be resolved by binding arbitration in accordance with the applicable arbitration rules of the American Arbitration Association (the "Administrator"). The provisions of this arbitration clause shall survive any termination, amendment, or expiration of this agreement or Related Agreements. The provisions of this arbitration clause shall supersede any prior arbitration agreement between or among the parties.

(b) The arbitration proceedings shall be conducted in a city mutually agreed by the parties. Absent such an agreement, arbitration will be

conducted in Phoenix, Arizona or such other place as may be determined by the Administrator. The Administrator and the arbitrator(s) shall have the authority to the extent practicable to take any action to require the arbitration proceeding to be completed and the arbitrator(s)' award issued within 150 days of the filing of the Dispute with the Administrator. The arbitrator(s) shall have the authority to impose sanctions on any party that fails to comply with time periods imposed by the Administrator or the arbitrator(s), including the sanction of summarily dismissing any Dispute or defense with prejudice. The arbitrator(s) shall have the authority to resolve any Dispute regarding the terms of this agreement, this arbitration clause, or Related Agreements, including any claim or controversy regarding the arbitrability of any Dispute. All limitations periods applicable to any Dispute or defense, whether by statute or agreement, shall apply to any arbitration proceeding hereunder and the arbitrator(s) shall have the authority to decide whether any Dispute or defense is barred by a limitations period and, if so, to summarily enter an award dismissing any Dispute or defense on that basis. The doctrines of compulsory counterclaim, res judicata, and collateral estoppel shall apply to any arbitration proceeding hereunder so that a party must state as a counterclaim in the arbitration proceeding any claim or controversy which arises out of the transaction or occurrence that is the subject matter of the Dispute. The arbitrator(s) may in the arbitrator(s)' discretion and at the request of any party: (1) consolidate in a single arbitration proceeding any other claim arising out of the same transaction involving another party to that transaction that is bound by an arbitration clause with Lender, such as borrowers, guarantors. sureties, and owners of collateral; and (2) consolidate or administer multiple arbitration claims or controversies as a class action in accordance with Rule 23 of the Federal Rules of Civil Procedure.

(c) The arbitrator(s) shall be selected in accordance with the rules of the Administrator from panels maintained by the Administrator. A single arbitrator shall have expertise in the subject matter of the Dispute. Where three arbitrators conduct an arbitration proceeding, the Dispute shall be decided by a majority vote of the three arbitrators, at least one of whom must have expertise in the subject matter of the Dispute and at least one of whom must be a practicing attorney. The arbitrator(s) shall award to the prevailing party recovery of all costs and fees (including attorneys' fees and costs, arbitration administration fees and costs, and arbitrator(s)' fees). The arbitrator(s), either during the pendency of the arbitration proceeding or as part of the arbitration award, also may grant provisional or ancillary remedies including but not limited to an award of injunctive relief, foreclosure, sequestration, attachment, replevin, garnishment, or the appointment of a receiver.

(d) Judgement upon an arbitration award may be entered in any court having jurisdiction, subject to the following limitation: the arbitration award is binding upon the parties only if the amount does not exceed Four Million Dollars ($4,000,000.00); if the award exceeds that limit, either party may demand the right to a court trial. Such a demand must be filed with the Administrator within thirty (30) days following the date of the arbitration award; if such a demand is not made within that time period, the amount of the arbitration award shall be binding. The computation of the total amount of an arbitration award shall include amounts awarded for attorneys' fees and costs, arbitration administration fees and costs, and arbitrator(s)' fees.

(e) No provision of this arbitration clause, nor the exercise of any rights hereunder, shall limit the right of any party to: (1) judicially or non-judicially foreclose against any real or personal property collateral or other security; (2) exercise self-help remedies, including but not limited to repossession and setoff rights; or (3) obtain from a court having jurisdiction thereover any provisional or ancillary remedies including but not limited to injunctive relief, foreclosure, sequestration, attachment, replevin, garnishment, or the appointment of a receiver. Such rights can be exercised at any time, before or after initiation of an arbitration proceeding, except to the extent such action is contrary to the arbitration award. The exercise of such rights shall not constitute a waiver of the right to submit any Dispute to arbitration, and any claim or controversy related to the exercise of such rights shall be a Dispute to be resolved under the provisions of this arbitration clause. Any party may initiate arbitration with the Administrator. If any party desires to arbitrate a Dispute asserted against such party in a complaint, counterclaim, cross-claim, or third-party complaint thereto, or in an answer or other reply to any such pleading, such party must make an appropriate motion to the trial court seeking to compel arbitration, which motion must be filed with the court within 45 days of service of the pleading, or amendment thereto, setting forth such Dispute. If arbitration is compelled after commencement of litigation of a Dispute, the party obtaining an order compelling arbitration shall commence arbitration and pay the Administrator's filing fees and costs within 45 days of entry of such order. Failure to do so shall constitute an agreement to proceed with litigation and waiver of the right to arbitrate. In any arbitration commenced by a consumer regarding a consumer Dispute, Lender shall pay one half of the Administrator's filing fee, up to $250.

(f) Notwithstanding the applicability of any other law to this agreement, the arbitration clause, or Related Agreements between or among the parties, the Federal Arbitration Act, 9 U.S.C. Section 1 et seq., shall apply to the construction and interpretation of this arbitration clause. If any provision of this arbitration clause should be determined to be unenforceable, all other provisions of this arbitration clause shall remain in full force and effect.

**MISCELLANEOUS PROVISIONS.** The following miscellaneous provisions are a part of this Deed of Trust:

    **Amendments.** What is written in this Deed of Trust and in the Related Documents is Trustor's entire agreement with Lender concerning the matters covered by this Deed of Trust. To be effective, any change or amendment to this Deed of Trust must be in writing and must be signed by whoever will be bound or obligated by the change or amendment.

    **Caption Headings.** Caption headings in this Deed of Trust are for convenience purposes only and are not to be used to interpret or define the provisions of this Deed of Trust.

    **Merger.** There shall be no merger of the interest or estate created by this Deed of Trust with any other interest or estate in the Property at any time held by or for the benefit of Lender in any capacity, without the written consent of Lender.

    **Governing Law.** With respect to procedural matters related to the perfection and enforcement of Lender's rights against the Property, this Deed of Trust will be governed by federal law applicable to Lender and to the extent not preempted by federal law, the laws of the State of California. In all other respects, this Deed of Trust will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Arizona without regard to its conflicts of law provisions. However, if there ever is a question about whether any provision of this Deed of Trust is valid or enforceable, the provision that is questioned will be governed by whichever state or federal law would find the provision to be valid and enforceable. The loan transaction that is evidenced by the Note and this Deed of Trust has been applied for, considered, approved and made, and all necessary loan documents have been accepted by Lender in the State of Arizona.

    **Joint and Several Liability.** All obligations of Borrower and Trustor under this Deed of Trust shall be joint and several, and all references to Trustor shall mean each and every Trustor, and all references to Borrower shall mean each and every Borrower. This

means that each Borrower and Trustor signing below is responsible for all obligations in this Deed of Trust.

**No Waiver by Lender.** Trustor understands Lender will not give up any of Lender's rights under this Deed of Trust unless Lender does so in writing. The fact that Lender delays or omits to exercise any right will not mean that Lender has given up that right. If Lender does agree in writing to give up one of Lender's rights, that does not mean Trustor will not have to comply with the other provisions of this Deed of Trust. Trustor also understands that if Lender does consent to a request, that does not mean that Trustor will not have to get Lender's consent again if the situation happens again. Trustor further understands that just because Lender consents to one or more of Trustor's requests, that does not mean Lender will be required to consent to any of Trustor's future requests. Trustor waives presentment, demand for payment, protest, and notice of dishonor.

**Severability.** If a court finds that any provision of this Deed of Trust is not valid or should not be enforced, that fact by itself will not mean that the rest of this Deed of Trust will not be valid or enforced. Therefore, a court will enforce the rest of the provisions of this Deed of Trust even if a provision of this Deed of Trust may be found to be invalid or unenforceable.

**Successors and Assigns.** Subject to any limitations stated in this Deed of Trust on transfer of Trustor's interest, this Deed of Trust shall be binding upon and inure to the benefit of the parties, their successors and assigns. If ownership of the Property becomes vested in a person other than Trustor, Lender, without notice to Trustor, may deal with Trustor's successors with reference to this Deed of Trust and the Indebtedness by way of forbearance or extension without releasing Trustor from the obligations of this Deed of Trust or liability under the Indebtedness.

**Time is of the Essence.** Time is of the essence in the performance of this Deed of Trust.

**DEFINITIONS.** The following words shall have the following meanings when used in this Deed of Trust:

**Beneficiary.** The word "Beneficiary" means NATIONAL BANK OF ARIZONA, a national banking association, and its successors and assigns.

**Borrower.** The word "Borrower" means JAMES CHRIS GIANULIAS, Individually; and JAMES CHRIS GIANULIAS, Trustee of JAMES CHRIS GIANULIAS TRUST, dated December 22, 1998 as amended in its entirety on October 14, 2003 under the provisions of a trust agreement dated December 22, 1998 and includes all co-signers and co-makers signing the Note and all their successors and assigns.

**Deed of Trust.** The words "Deed of Trust" mean this Deed of Trust among Trustor, Lender, and Trustee, and includes without limitation all assignment and security interest provisions relating to the Personal Property and Rents.

**Environmental Laws.** The words "Environmental Laws" mean any and all state, federal and local statutes, regulations and ordinances relating to the protection of human health or the environment, including without limitation the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended, 42 U.S.C. Section 9601, et seq. ("CERCLA"), the Superfund Amendments and Reauthorization Act of 1986, Pub. L. No. 99-499 ("SARA"), the Hazardous Materials Transportation Act, 49 U.S.C. Section 1801, et seq., the Resource Conservation and Recovery Act, 42 U.S.C. Section 6901, et seq., Chapters 6.5 through 7.7 of Division 20 of the California Health and Safety Code, Section 25100, et seq., or other applicable state or federal laws, rules, or regulations adopted pursuant thereto.

**Event of Default.** The words "Event of Default" mean any of the events of default set forth in this Deed of Trust in the events of default section of this Deed of Trust.

**Guaranty.** The word "Guaranty" means the guaranty from guarantor, endorser, surety, or accommodation party to Lender, including without limitation a guaranty of all or part of the Note.

**Hazardous Substances.** The words "Hazardous Substances" mean materials that, because of their quantity, concentration or physical, chemical or infectious characteristics, may cause or pose a present or potential hazard to human health or the environment when improperly used, treated, stored, disposed of, generated, manufactured, transported or otherwise handled. The words "Hazardous Substances" are used in their very broadest sense and include without limitation any and all hazardous or toxic substances, materials or waste as defined by or listed under the Environmental Laws. The term "Hazardous Substances" also includes, without limitation, petroleum and petroleum by-products or any fraction thereof and asbestos.

**Improvements.** The word "Improvements" means all existing and future improvements, buildings, structures, mobile homes affixed on the Real Property, facilities, additions, replacements and other construction on the Real Property.

**Indebtedness.** The word "Indebtedness" means all principal, interest, and other amounts, costs and expenses payable under the Note or Related Documents, together with all renewals of, extensions of, modifications of, consolidations of and substitutions for the Note or Related Documents and any amounts expended or advanced by Lender to discharge Trustor's obligations or expenses incurred by Trustee or Lender to enforce Trustor's obligations under this Deed of Trust, together with interest on such amounts as provided in this Deed of Trust.

**Lender.** The word "Lender" means NATIONAL BANK OF ARIZONA, a national banking association, its successors and assigns. The words "successors or assigns" mean any person or company that acquires any interest in the Note.

**Note.** The word "Note" means the promissory note dated February 23, 2007, **in the original principal amount of $506,600.00** from Borrower to Lender, together with all renewals of, extensions of, modifications of, refinancings of, consolidations of, and substitutions for the promissory note or agreement.

**Personal Property.** The words "Personal Property" mean all equipment, fixtures, and other articles of personal property now or hereafter owned by Trustor, and now or hereafter attached or affixed to the Real Property; together with all accessions, parts, and additions to, all replacements of, and all substitutions for, any of such property; and together with all proceeds (including without limitation all insurance proceeds and refunds of premiums) from any sale or other disposition of the Property.

**Property.** The word "Property" means collectively the Real Property and the Personal Property.

**Real Property.** The words "Real Property" mean the real property, interests and rights, as further described in this Deed of Trust.

**Related Documents.** The words "Related Documents" mean all promissory notes, credit agreements, loan agreements, environmental

agreements, security agreements, mortgages, deeds of trust, security deeds, collateral mortgages, and all other instruments, agreements and documents, whether now or hereafter existing, executed in connection with the Indebtedness.

**Rents.** The word "Rents" means all present and future leases, rents, revenues, income, issues, royalties, profits, and other benefits derived from the Property together with the cash proceeds of the Rents.

**Trustee.** The word "Trustee" means NATIONAL BANK OF ARIZONA, a national banking association, whose address is 6001 NORTH 24TH STREET, PHOENIX, AZ 85016 and any substitute or successor trustees.

**Trustor.** The word "Trustor" means JAMES CHRIS GIANULIAS, Trustee of JAMES CHRIS GIANULIAS TRUST, dated December 22, 1998 as amended in its entirety on October 14, 2003 under the provisions of a trust agreement dated December 22, 1998.

**TRUSTOR ACKNOWLEDGES HAVING READ ALL THE PROVISIONS OF THIS DEED OF TRUST, AND TRUSTOR AGREES TO ITS TERMS.**

**TRUSTOR:**

X _____
JAMES CHRIS GIANULIAS, as Trustee of the JAMES CHRIS GIANULIAS TRUST,
dated December 22, 1998 as amended in its entirety on October 14, 2003

---

## CERTIFICATE OF ACKNOWLEDGMENT

STATE OF _California_ )
                                      ) SS
COUNTY OF _Orange_ )

On _March 7_, 20_07_ before me, _Ruth Guerrero Notary Public_, personally appeared **JAMES CHRIS GIANULIAS, as Trustee of the JAMES CHRIS GIANULIAS TRUST, dated December 22, 1998 as amended in its entirety on October 14, 2003**, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

RUTH GUERRERO
Commission # 1706305
Notary Public - California
Orange County
My Comm. Expires Nov 23, 2010

(Seal)

---

## (DO NOT RECORD)
## REQUEST FOR FULL RECONVEYANCE
(To be used only when obligations have been paid in full)

To: _____, Trustee

The undersigned is the legal owner and holder of all Indebtedness secured by this Deed of Trust. All sums secured by this Deed of Trust have been fully paid and satisfied. You are hereby directed, upon payment to you of any sums owing to you under the terms of this Deed of Trust or pursuant to any applicable statute, to cancel the Note secured by this Deed of Trust (which is delivered to you together with this Deed of Trust), and to reconvey, without warranty, to the parties designated by the terms of this Deed of Trust, the estate now held by you under this Deed of Trust. Please mail the reconveyance and Related Documents to:

_____.

Date: _____    Beneficiary: _____

                                                            By: _____

                                                            Its: _____

LASER PRO Lending, Ver. 5.31.00.004 Copr. Harland Financial Solutions, Inc. 1997, 2007. All Rights Reserved. - CA/AZ C:\LPWIN\CFI\LPL\G01.FC TR-30270 PR-15

Title No. 07-**501379**-SC
Locate No. CAFNT0929-0929-0002-0000501379

**LEGAL DESCRIPTION**

**EXHIBIT "A"**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE TOWN OF TRUCKEE, COUNTY OF NEVADA, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

Lot R38 of Old Greenwood Phase 1 as per map recorded November 3, 2003, in Book 8 of Subdivisions, at Page 111, Nevada County Records.

APN: 19-740-43

**END OF DOCUMENT**

~~NATIONAL BANK~~ ~~LIFE INSURANCE COMPANY~~
This ~~correct~~ ~~copy~~ and
~~of the original document.~~

# PROMISSORY NOTE

| | |
|---|---|
| **Borrower:** JAMES CHRIS GIANULIAS, Individually JAMES CHRIS GIANULIAS, Trustee of JAMES CHRIS GIANULIAS TRUST, dated December 22, 1998 as amended in its entirety on October 14, 2003 1105 QUAIL STREET NEWPORT BEACH, CA 92660 | **Lender:** NATIONAL BANK OF ARIZONA, a national banking association Development Finance Department 6001 NORTH 24TH STREET BUILDING B PHOENIX, AZ 85016 |

**Principal Amount: $506,600.00**  **Interest Rate: 7.250%**  **Date of Note: February 23, 2007**

**PROMISE TO PAY.** I ("Borrower") jointly and severally promise to pay to NATIONAL BANK OF ARIZONA, a national banking association ("Lender"), or order, in lawful money of the United States of America, the principal amount of Five Hundred Six Thousand Six Hundred & 00/100 Dollars ($506,600.00), together with interest at the rate of 7.250% per annum on the unpaid principal balance from February 23, 2007, until paid in full. The interest rate may change under the terms and conditions of the "INTEREST AFTER DEFAULT" section.

**PAYMENT.** I will pay this loan in one principal payment of $506,600.00 plus interest on March 1, 2010. This payment due on March 1, 2010, will be for all principal and all accrued interest not yet paid. In addition, I will pay regular monthly payments of all accrued unpaid interest due as of each payment date, beginning May 1, 2007, with all subsequent interest payments to be due on the same day of each month after that. Unless otherwise agreed or required by applicable law, payments will be applied first to any accrued unpaid interest; then to principal; then to any unpaid collection costs; and then to any late charges. Interest on this Note is computed on a 365/365 simple interest basis; that is, by applying the ratio of the annual interest rate over the number of days in a year, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. I will pay Lender at Lender's address shown above or at such other place as Lender may designate in writing.

**EFFECTIVE RATE.** I agree to an effective rate of interest that is the rate specified in this Note plus any additional rate resulting from any other charges in the nature of interest paid or to be paid in connection with this Note.

**PREPAYMENT.** I agree that all loan fees and other prepaid finance charges are earned fully as of the date of the loan and will not be refunded to me upon early payment (whether voluntary or as a result of default), except as otherwise required by law. Except for the foregoing, I may pay without penalty all or a portion of the amount owed earlier than it is due. Early payments will not, unless agreed to by Lender in writing, relieve me of my obligation to continue to make payments under the payment schedule. Rather, early payments will reduce the principal balance due. I agree not to send Lender payments marked "paid in full", "without recourse", or similar language. If I send such a payment, Lender may accept it without losing any of Lender's rights under this Note, and I will remain obligated to pay any further amount owed to Lender. All written communications concerning disputed amounts, including any check or other payment instrument that indicates that the payment constitutes "payment in full" of the amount owed or that is tendered with other conditions or limitations or as full satisfaction of a disputed amount must be mailed or delivered to: NATIONAL BANK OF ARIZONA, a national banking association; Development Finance Department; 6001 NORTH 24TH STREET; BUILDING B; PHOENIX, AZ 85016.

**LATE CHARGE.** If a payment is 10 days or more late, I will be charged 10.000% of the regularly scheduled payment.

**INTEREST AFTER DEFAULT.** Upon default, including failure to pay upon final maturity, the interest rate on this Note shall be increased by 2.000 percentage points. However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law.

**DEFAULT.** I will be in default under this Note if any of the following happen:

**Payment Default.** I fail to make any payment when due under this Note.

**Break Other Promises.** I break any promise made to Lender or fail to perform promptly at the time and strictly in the manner provided in this Note or in any agreement related to this Note, or in any other agreement or loan I have with Lender.

**Default in Favor of Third Parties.** I or any Grantor defaults under any loan, extension of credit, security agreement, purchase or sales agreement, or any other agreement, in favor of any other creditor or person that may materially affect any of my property or my ability to repay this Note or perform my obligations under this Note or any of the related documents.

**False Statements.** Any representation or statement made or furnished to Lender by me or on my behalf under this Note or the related documents is false or misleading in any material respect, either now or at the time made or furnished.

**Death or Insolvency.** Any Borrower dies or becomes insolvent; a receiver is appointed for any part of my property; I make an assignment for the benefit of creditors; or any proceeding is commenced either by me or against me under any bankruptcy or insolvency laws.

**Taking of the Property.** Any creditor or governmental agency tries to take any of the property or any other of my property in which Lender has a lien. This includes taking of, garnishing of or levying on my accounts with Lender. However, if I dispute in good faith whether the claim on which the taking of the property is based is valid or reasonable, and if I give Lender written notice of the claim and furnish Lender with monies or a surety bond satisfactory to Lender to satisfy the claim, then this default provision will not apply.

**Defective Collateralization.** This Note or any of the related documents ceases to be in full force and effect (including failure of any collateral document to create a valid and perfected security interest or lien) at any time and for any reason.

**Collateral Damage or Loss.** Any collateral securing this Note is lost, stolen, substantially damaged or destroyed and the loss, theft, substantial damage or destruction is not covered by insurance.

**Events Affecting Guarantor.** Any of the preceding events occurs with respect to any guarantor, endorser, surety, or accommodation party of any of the indebtedness or any guarantor, endorser, surety, or accommodation party dies or becomes incompetent, or revokes or disputes the validity of, or liability under, any guaranty of the indebtedness evidenced by this Note. In the event of a death, Lender, at its option, may, but shall not be required to, permit the guarantor's estate to assume unconditionally the obligations arising under the guaranty in a manner satisfactory to Lender, and, in doing so, cure any Event of Default.

**Insecurity.** Lender in good faith believes itself insecure.

**Cure Provisions.** If any default, other than a default in payment is curable and if I have not been given a notice of a breach of the same provision of this Note within the preceding twelve (12) months, it may be cured if I, after receiving written notice from Lender demanding cure of such default: (1) cure the default within fifteen (15) days; or (2) if the cure requires more than fifteen (15) days, immediately initiate steps which Lender deems in Lender's sole discretion to be sufficient to cure the default and thereafter continue and complete all reasonable and necessary steps sufficient to produce compliance as soon as reasonably practical.

**LENDER'S RIGHTS.** Upon default, Lender may declare the entire unpaid principal balance under this Note and all accrued unpaid interest immediately due, and then I will pay that amount.

**EXHIBIT** "3"

**ATTORNEYS' FEES; EXPENSES.** Lender may hire or pay someone else to help collect this Note if I do not pay. I will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. However, I will only pay attorneys' fees of an attorney not Lender's salaried employee, to whom the matter is referred after my default. If not prohibited by applicable law, I also will pay any court costs, in addition to all other sums provided by law.

**GOVERNING LAW.** This Note will be governed by federal law applicable to Lender and, to the extent not preempted by federal law, the laws of the State of Arizona without regard to its conflicts of law provisions. This Note has been accepted by Lender in the State of Arizona.

**DISHONORED ITEM FEE.** I will pay a fee to Lender of $28.00 if I make a payment on my loan and the check or preauthorized charge with which I pay is later dishonored.

**RIGHT OF SETOFF.** To the extent permitted by applicable law, Lender reserves a right of setoff in all my accounts with Lender (whether checking, savings, or some other account). This includes all accounts I hold jointly with someone else and all accounts I may open in the future. However, this does not include any IRA or Keogh accounts, or any trust accounts for which setoff would be prohibited by law. I authorize Lender, to the extent permitted by applicable law, to charge or setoff all sums owing on the indebtedness against any and all such accounts.

**COLLATERAL.** I acknowledge this Note is secured by the following collateral described in the security instrument listed herein: a Deed of Trust dated February 23, 2007, to a trustee in favor of Lender on real property located in NEVADA County, State of California. That agreement contains the following due on sale provision: Lender may, at Lender's option, declare immediately due and payable all sums secured by the Deed of Trust upon the sale or transfer, without Lender's prior written consent, of all or any part of the Real Property, or any interest in the Real Property. A "sale or transfer" means the conveyance of Real Property or any right, title or interest in the Real Property; whether legal, beneficial or equitable; whether voluntary or involuntary; whether by outright sale, deed, installment sale contract, land contract, contract for deed, leasehold interest with a term greater than three (3) years, lease-option contract, or by sale, assignment, or transfer of any beneficial interest in or to any land trust holding title to the Real Property, or by any other method of conveyance of an interest in the Real Property. However, this option shall not be exercised by Lender if such exercise is prohibited by federal law or by Arizona law.

**Arbitration Disclosures.**

1. ARBITRATION IS FINAL AND BINDING ON THE PARTIES AND SUBJECT TO ONLY VERY LIMITED REVIEW BY A COURT.
2. IN ARBITRATION THE PARTIES ARE WAIVING THEIR RIGHT TO LITIGATE IN COURT, INCLUDING THEIR RIGHT TO A JURY TRIAL.
3. DISCOVERY IN ARBITRATION IS MORE LIMITED THAN DISCOVERY IN COURT.
4. ARBITRATORS ARE NOT REQUIRED TO INCLUDE FACTUAL FINDINGS OR LEGAL REASONING IN THEIR AWARDS. THE RIGHT TO APPEAL OR SEEK MODIFICATION OF ARBITRATORS' RULINGS IS VERY LIMITED.
5. A PANEL OF ARBITRATORS MIGHT INCLUDE AN ARBITRATOR WHO IS OR WAS AFFILIATED WITH THE BANKING INDUSTRY.
6. ARBITRATION WILL APPLY TO ALL DISPUTES BETWEEN THE PARTIES, NOT JUST THOSE CONCERNING THE AGREEMENT.
7. IF YOU HAVE QUESTIONS ABOUT ARBITRATION, CONSULT YOUR ATTORNEY OR THE AMERICAN ARBITRATION ASSOCIATION.

(a) Any claim or controversy ("Dispute") between or among the parties and their employees, agents, affiliates, and assigns, including, but not limited to, Disputes arising out of or relating to this agreement, this arbitration provision ("arbitration clause"), or any related agreements or instruments relating hereto or delivered in connection herewith ("Related Agreements"), and including, but not limited to, a Dispute based on or arising from an alleged tort, shall at the request of any party be resolved by binding arbitration in accordance with the applicable arbitration rules of the American Arbitration Association (the "Administrator"). The provisions of this arbitration clause shall survive any termination, amendment, or expiration of this agreement or Related Agreements. The provisions of this arbitration clause shall supersede any prior arbitration agreement between or among the parties.

(b) The arbitration proceedings shall be conducted in a city mutually agreed by the parties. Absent such an agreement, arbitration will be conducted in Phoenix, Arizona or such other place as may be determined by the Administrator. The Administrator and the arbitrator(s) shall have the authority to the extent practicable to take any action to require the arbitration proceeding to be completed and the arbitrator(s)' award issued within 150 days of the filing of the Dispute with the Administrator. The arbitrator(s) shall have the authority to impose sanctions on any party that fails to comply with time periods imposed by the Administrator or the arbitrator(s), including the sanction of summarily dismissing any Dispute or defense with prejudice. The arbitrator(s) shall have the authority to resolve any Dispute regarding the terms of this agreement, this arbitration clause, or Related Agreements, including any claim or controversy regarding the arbitrability of any Dispute. All limitations periods applicable to any Dispute or defense, whether by statute or agreement, shall apply to any arbitration proceeding hereunder and the arbitrator(s) shall have the authority to decide whether any Dispute or defense is barred by a limitations period and, if so, to summarily enter an award dismissing any Dispute or defense on that basis. The doctrines of compulsory counterclaim, res judicata, and collateral estoppel shall apply to any arbitration proceeding hereunder so that a party must state as a counterclaim in the arbitration proceeding any claim or controversy which arises out of the transaction or occurrence that is the subject matter of the Dispute. The arbitrator(s) may in the arbitrator(s)' discretion and at the request of any party: (1) consolidate in a single arbitration proceeding any other claim arising out of the same transaction involving another party to that transaction that is bound by an arbitration clause with Lender, such as borrowers, guarantors, sureties, and owners of collateral; and (2) consolidate or administer multiple arbitration claims or controversies as a class action in accordance with Rule 23 of the Federal Rules of Civil Procedure.

(c) The arbitrator(s) shall be selected in accordance with the rules of the Administrator from panels maintained by the Administrator. A single arbitrator shall have expertise in the subject matter of the Dispute. Where three arbitrators conduct an arbitration proceeding, the Dispute shall be decided by a majority vote of the three arbitrators, at least one of whom must have expertise in the subject matter of the Dispute and at least one of whom must be a practicing attorney. The arbitrator(s) shall award to the prevailing party recovery of all costs and fees (including attorneys' fees and costs, arbitration administration fees and costs, and arbitrator(s)' fees). The arbitrator(s), either during the pendency of the arbitration proceeding or as part of the arbitration award, also may grant provisional or ancillary remedies including but not limited to an award of injunctive relief, foreclosure, sequestration, attachment, replevin, garnishment, or the appointment of a receiver.

(d) Judgement upon an arbitration award may be entered in any court having jurisdiction, subject to the following limitation: the arbitration award is binding upon the parties only if the amount does not exceed Four Million Dollars ($4,000,000.00); if the award exceeds that limit, either party may demand the right to a court trial. Such a demand must be filed with the Administrator within thirty (30) days following the date of the arbitration award; if such a demand is not made with that time period, the amount of the arbitration award shall be binding. The computation of the total amount of an arbitration award shall include amounts awarded for attorneys' fees and costs, arbitration administration fees and costs, and arbitrator(s)' fees.

(e) No provision of this arbitration clause, nor the exercise of any rights hereunder, shall limit the right of any party to: (1) judicially or non-judicially foreclose against any real or personal property collateral or other security; (2) exercise self-help remedies, including but not limited to repossession and setoff rights; or (3) obtain from a court having jurisdiction thereover any provisional or ancillary remedies including but not limited to injunctive relief, foreclosure, sequestration, attachment, replevin, garnishment, or the appointment of a receiver. Such rights can be exercised at any time, before or after initiation of an arbitration proceeding, except to the extent such action is contrary

to the arbitration award. The exercise of such rights shall not constitute a waiver of the right to submit any Dispute to arbitration, and any claim or controversy related to the exercise of such rights shall be a Dispute to be resolved under the provisions of this arbitration clause. Any party may initiate arbitration with the Administrator. If any party desires to arbitrate a Dispute asserted against such party in a complaint, counterclaim, cross-claim, or third-party complaint thereto, or in an answer or other reply to any such pleading, such party must make an appropriate motion to the trial court seeking to compel arbitration, which motion must be filed with the court within 45 days of service of the pleading, or amendment thereto, setting forth such Dispute. If arbitration is compelled after commencement of litigation of a Dispute, the party obtaining an order compelling arbitration shall commence arbitration and pay the Administrator's filing fees and costs within 45 days of entry of such order. Failure to do so shall constitute an agreement to proceed with litigation and waiver of the right to arbitrate. In any arbitration commenced by a consumer regarding a consumer Dispute, Lender shall pay one half of the Administrator's filing fee, up to $250.

(f) Notwithstanding the applicability of any other law to this agreement, the arbitration clause, or Related Agreements between or among the parties, the Federal Arbitration Act, 9 U.S.C. Section 1 et seq., shall apply to the construction and interpretation of this arbitration clause. If any provision of this arbitration clause should be determined to be unenforceable, all other provisions of this arbitration clause shall remain in full force and effect.

**Successor Interests.** The terms of this Note shall be binding upon me, and upon my heirs, personal representatives, successors and assigns, and shall inure to the benefit of Lender and its successors and assigns.

**NOTIFY US OF INACCURATE INFORMATION WE REPORT TO CONSUMER REPORTING AGENCIES.** Please notify us if we report any inaccurate information about your account(s) to a consumer reporting agency. Your written notice describing the specific inaccuracy(ies) should be sent to us at the following address: NATIONAL BANK OF ARIZONA, a national banking association Biltmore Office 6001 NORTH 24TH STREET PHOENIX, AZ 85016.

**General Provisions.** If any part of this Note cannot be enforced, this fact will not affect the rest of the Note. Lender may delay or forgo enforcing any of its rights or remedies under this Note without losing them. I and any other person who signs, guarantees or endorses this Note, to the extent allowed by law, waive presentment, demand for payment, and notice of dishonor. Upon any change in the terms of this Note, and unless otherwise expressly stated in writing, no party who signs this Note, whether as maker, guarantor, accommodation maker or endorser, shall be released from liability. All such parties agree that Lender may renew or extend (repeatedly and for any length of time) this loan or release any party or guarantor or collateral; or impair, fail to realize upon or perfect Lender's security interest in the collateral. All such parties also agree that Lender may modify this loan without the consent of or notice to anyone other than the party with whom the modification is made. The obligations under this Note are joint and several. This means that the words "I", "me", and "my" mean each and all of the persons signing below.

**PRIOR TO SIGNING THIS NOTE, I, AND EACH OF US, READ AND UNDERSTOOD ALL THE PROVISIONS OF THIS NOTE. I, AND EACH OF US, AGREE TO THE TERMS OF THE NOTE.**

**I ACKNOWLEDGE RECEIPT OF A COMPLETED COPY OF THIS PROMISSORY NOTE.**

BORROWER:

X _____
JAMES CHRIS GIANULIAS, Individually

X _____
JAMES CHRIS GIANULIAS, as Trustee of the JAMES
CHRIS GIANULIAS TRUST, dated December 22,
1998 as amended in its entirety on October 14, 2003

## SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a co-tenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, or both own the property by placing an 'H', 'W', 'J', or 'C' in the column labeled 'Husband, Wife, Joint or Community.' If the debtor holds no interest in real property, write 'None' under 'Description and Location of Property.'

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If any entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write 'None' in the column labeled 'Amount of Secured Claim.'

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| Single family residence located at 79-205 Shadow Trail, La Quinta, CA 92253 | Debtor's interest in Revocable Trust holding 100% fee interest | H | $540,000.00 | $638,275.00 |
| Condominium located at Fasching Haus East, 747 S Galena Street, Unit 340/440, Aspen, CO 81611 | Debtor's interest in Revocable Trust holding 100% fee interest | H | $945,000.00 | $955,245.21 |
| Condominium located at 13 Coconut Grove Lane, Unit C, Lahaina, HI 96761 | Debtor's interest in Revocable Trust holding 100% fee interest | H | $4,275,000.00 | $5,000,000.00 |
| Real property located at 12553 Settlers Lane, Truckee, CA 96161 comprised of 0.38 acres of undeveloped land in Old Greenwood development | Debtor's interest in Revocable Trust holding 100% fee interest | H | $540,000.00 | $806,600.00 |
| Community property interest in condominium located at 77320 Camino Quintana, La Quinta, CA 92253 | Fee Interest | C | $648,000.00 | $1,022,500.00 |
| Debtor's interest in Personal Residence Trust (QPERT) which holds 100% interest in single family residence located at 21 Atlantis Cove, Newport Coast, CA 92657 | Personal Residence Trust | H | $4,600,000.00 | $1,371,100.00 |

Sheet no. 1 of 1 sheets attached to Schedule of
Real Property

(Use only on the last page of the completed Schedule A)

$11,548,000.00

(Report total also on Summary of Schedules)

# EXHIBIT "4"

In re <u>**James Chris Gianulias**</u>
Debtor

Case No. <u>**8:08-13150-RK**</u>
(If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests. List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", including the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND ACCOUNT NUMBER (See instructions Above) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN , AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED / DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| Vendor No:                         s543 ARCH INSURANCE COMPANY 1717 ARCH STREET 31ST FLOOR PHILADELPHIA, PA  19103 | X | H | 3/18/05 INDEMNIFICATION POTENTIAL LIABILITY AS CO-INDEMNITOR ON GENERAL INDEMNITY AGREEMENTS FOR MURRIETA LAND 60, LLC, EXECUTED 3/18/05 | X | X | UNKNOWN | UNKNOWN |
|  |  |  | Value:                              UNKNOWN |  |  |  |  |
| Vendor No:                         s546 ARCH INSURANCE COMPANY 1717 ARCH STREET 31ST FLOOR PHILADELPHIA, PA  19103 | X | H | INDEMNIFICATION POTENTIAL LIABILITY AS CO-INDEMNITOR ON SURETY BONDS FOR 100 SAN JACINTO, LLC EXECUTED 10/25/05 | X | X | UNKNOWN | UNKNOWN |
|  |  |  | Value:                              UNKNOWN |  |  |  |  |
| Vendor No:                         s549 ARCH INSURANCE COMPANY 1717 ARCH STREET 31ST FLOOR PHILADELPHIA, PA  19103 | X | H | INDEMNIFICATION POTENTIAL LIABILITY AS CO-INDEMNITOR FOR SURETY BONDS ON DEVELOPER INDEMNITY AGREEMENT FOR 48TH & ADAMS, LLC DATED 11/12/04 | X | X | UNKNOWN | UNKNOWN |
|  |  |  | Value:                              UNKNOWN |  |  |  |  |

Sheet no. 1 of 7  sheets attached to Schedule of
Creditors Holding Secured Claims

# EXHIBIT "5"

## SCHEDULE D - CREDITORS HOLDING SECURED  CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Vendor No:                    s551 | | | | | | | | |
| ARCH INSURANCE COMPANY 1717 ARCH STREET 31ST FLOOR PHILADELPHIA, PA  19103 | X | H | INDEMNIFICATION POTENTIAL LIABILITY AS CO-INDEMNITOR ON SURETY BONDS UNDER GENERAL INDEMNITY AREEMENT FOR 82 SAN JACINTO, LLC DATED 3/31/04 | X | X | | UNKNOWN | UNKNOWN |
| | | | Value:                    UNKNOWN | | | | | |
| Vendor No:                    s554 | | | | | | | | |
| ARCH INSURANCE COMPANY 1717 ARCH STREET 31ST FLOOR PHILADELPHIA, PA  19103 | X | H | INDEMNIFICATION POTENTIAL LIABILITY AS CO-INDEMNITOR FOR SURETY BONDS UNDER GENERAL INDEMNITY AGREEMENT FOR SILVER OAKS BEAUMONT 72, LLC. DATED 5/5/04 | X | X | | UNKNOWN | UNKNOWN |
| | | | Value:                    UNKNOWN | | | | | |
| Vendor No:                    s557 | | | | | | | | |
| ARCH INSURANCE COMPANY 1717 ARCH STREET 31ST FLOOR PHILADELPHIA, PA  19103 | X | H | INDEMNIFICATION POTENTIAL LIABILITY AS CO-INDEMNITOR FOR SURETY BONDS UNDER GENERAL INDEMNITY AGREEMENT FOR MURRIETA 492 LLC, DATED 1/20/04 | X | X | | UNKNOWN | UNKNOWN |
| | | | Value:                    UNKNOWN | | | | | |
| Vendor No:                    s560 | | | | | | | | |
| ARCH INSURANCE COMPANY 1717 ARCH STREET 31ST FLOOR PHILADELPHIA, PA  19103 | X | H | INDEMNIFICATION POTENTIAL LIABILITY AS CO-INDEMNITOR UNDER GENERAL INDEMNITY AGREEMENT FOR SURETY BONDS ON MURRIETA 492, LP EXECUTED 5/18/05 | X | X | | UNKNOWN | UNKNOWN |
| | | | Value:                    UNKNOWN | | | | | |
| Vendor No:                    s561 | | | | | | | | |
| ARCH INSURANCE COMPANY 1717 ARCH STREET 31ST FLOOR PHILADELPHIA, PA  19103 | X | H | INDEMNIFICATION POTENTIAL LIABILITY AS CO-INDEMNITOR UNDER GENERAL INDEMNITY AGREEMENT FOR SURETY BONDS ON MURRIETA 492, LP EXECUTED 5/18/05 | X | X | | UNKNOWN | UNKNOWN |
| | | | Value:                    UNKNOWN | | | | | |

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| Vendor No:    s2<br>CHASE HOME FINANCE<br>CUSTOMER SERVICE<br>PO BOX 24696<br>COLUMBUS, OH 43224-0696 | H | SECURED DEBT<br>FIRST TRUST DEED ON SINGLE FAMILY RESIDENCE LOCATED AT 79-205 SHADOW TRAIL, LA QUINTA, CA 92253 TO SECURE LOAN IN AMOUNT OF $638,275<br>Value:     $540,000.00 | | | | $638,275.00 | UNKNOWN |
| Vendor No:    s1<br>COUNTRYWIDE<br>CUSTOMER SERVICE<br>400 COUNTRYWIDE WAY<br>SIMI VALLEY, CA 93062 | C | SECURED DEBT<br>FIRST TRUST DEED ON COMMUNITY PROPERTY INTEREST IN CONDOMINIUM LOCATED AT 77320 CAMINO QUINTANA, LA QUINTA, CA 92253 TO SECURE $472,500 LOAN<br>Value:     $848,000.00 | | | | $472,500.00 | UNKNOWN |
| Vendor No:    s346<br>COUNTRYWIDE<br>CUSTOMER SERVICE<br>400 COUNTRYWIDE WAY<br>SIMI VALLEY, CA 93062 | H | MORTGAGE<br>NOTE PAYABLE MORTGAGE ON RESIDENTIAL REAL PROPERTY HELD IN QPERT LOCATED AT 21 ATLANTIS COVE, NEWPORT COAST, CA 92657 DEBTOR'S INTEREST IN PERSONAL RESIDENCE TRUST (QPERT) WHICH HOLDS 100% INTEREST IN SINGLE FAMILY RESIDENCE LOCATED AT 21 ATLANTIS COVE, NEWPORT COAST, CA 92657<br>Value:     $4,600,000.00 | | | | $1,371,100.00 | UNKNOWN |
| Vendor No:    s353<br>COUNTY OF MAUI<br>REAL PROPERTY TAX DIV<br>70 E KAAHUMANU AVE<br>STE A16<br>KAHULUI, HI 96732 | H | TAXES & OTHER GOVT DEBTS<br>PROPERTY TAX FOR CONDOMINIUM LOCATED AT 13 COCONUT GROVE LANE, UNIT C, LAHAINA, HI 96761<br>Value:     $4,275,000.00 | | | | UNKNOWN | UNKNOWN |

Sheet no. 3 of 7   sheets attached to Schedule of
Creditors Holding Secured Claims

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Vendor No:                    s512 | | | | | | | | |
| GUS C & JULIE M GIANULIAS FAMILY REVOCABLE TRUST 2264 FAIR OAKS BLVD STE 100 SACRAMENTO, CA 95825 | | H | 1/3/2008 MONEY LOANED FIFTH TRUST DEED ON REAL PROPERTY COMPRISED OF 3 LOTS AT 48TH & ADAMS, LA QUINTA, CA TO SECURE $3,000,000 NOTE PAYABLE; UCC RECORDED 1/3/2008 AGAINST 79-020 SHADOW TRAIL, LA QUINTA, CA | | | X | $450,000.00 | UNKNOWN |
| | | | Value:                       UNKNOWN | | | | | |
| Vendor No:                    s514 | | | | | | | | |
| GUS C & JULIE M GIANULIAS FAMILY REVOCABLE TRUST 2264 FAIR OAKS BLVD STE 100 SACRAMENTO, CA 95825 | | H | 1/1/2008 MONEY LOANED FOURTH TRUST DEED ON UNDEVELOPED LAND LOCATED AT 12553 SETTLERS LANE, TRUCKEE, CA 96161 COMPRISED OF 0.38 ACRES TO SECURE $3,000,000 NOTE PAYABLE | | | | $300,000.00 | UNKNOWN |
| | | | Value:               $540,000.00 | | | | | |
| Vendor No:                    s36 | | | | | | | | |
| GUS C & JULIE M GIANULIAS FAMILY 2264 FAIR OAKS BLVD SUITE 100 SACRAMENTO, CA 95825 | | H | MONEY LOANED SECOND TRUST DEED ON COMMUNITY PROPERTY INTEREST IN CONDOMINIUM LOCATED AT 77320 CAMINO QUINTANA, LA QUINTA, CA 92253 TO SECURE $3,000,000 NOTE PAYABLE | | | | $550,000.00 | UNKNOWN |
| | | | Value:               $648,000.00 | | | | | |
| Vendor No:                    s37 | | | | | | | | |
| GUS C & JULIE M GIANULIAS FAMILY 2264 FAIR OAKS BLVD SUITE 100 SACRAMENTO, CA 95825 | | H | MONEY LOANED THIRD TRUST DEED ON CONDOMINIUM LOCATED AT 13 COCONUT GROVE, UNIT C, LAHAINA, HI 96761 TO SECURE $3,000,000 NOTE PAYABLE | | | | $1,000,000.00 | UNKNOWN |
| | | | Value:             $4,275,000.00 | | | | | |

Sheet no. 4 of 7  sheets attached to Schedule of
Creditors Holding Secured Claims

In re **James Chris Gianulias** _____    Case No. **8:08-13150-RK**

Debtor                                                                    (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Vendor No: s513<br>GUS C & JULIE M GIANULIAS FAMILY REVOCABLE TRUST<br>JULIE M GIANULIAS FAMILY REVOCABLE TRUST<br>2264 FAIR OAKS BLVD STE 100<br>SACRAMENTO, CA 95825 | | | 1/24/2008<br>MONEY LOANED<br>FIRST TRUST DEED ON CONDOMINIUM LOCATED AT FASCHING HAUS EAST, 747 S GALENA STREET, UNIT 340/440, ASPEN, CO 81611 TO SECURE $3,000,000 NOTE PAYABLE | | | | $700,000.00 | UNKNOWN |
| | | | **Value:** $945,000.00 | | | | | |
| Vendor No: s7<br>MARILYN GIANULIAS ROBBINS<br>4515 BRIGHTON ROAD<br>CORONA DEL MAR, CA 92625 | | H | AGREEMENT<br>DIVORCE SETTLEMENT SECURED BY ALL PERSONAL PROPERTY | | | | $4,200,000.00 | UNKNOWN |
| | | | **Value:** UNKNOWN | | | | | |
| Vendor No: s417<br>MERCEDES-BENZ FINANCIAL<br>6 CAMPUS CIRCLE<br>SUITE 100<br>WEST LAKE, TX 76262 | | H | 12/26/2006<br>LEASE-OTHER<br>AUTOMOBILE LEASE - 2007 MERCEDES BENZ S65 SEDAN | | | | $98,148.88 | $1,725.73 |
| | | | **Value:** $195,955.00 | | | | | |
| Vendor No: s3<br>NATIONAL BANK OF AZ<br>ROBIN<br>6001 N 24TH STREET., BLDG C<br>PHOENIX, AZ 85016 | X | H | 3/15/2007<br>MORTGAGE<br>FIRST TRUST DEED ON UNDEVELOPED LAND LOCATED AT 12553 SETTLERS LANE, TRUCKEE, CA 96161 COMPRISED OF 0.38 ACRES IN OLD GREENWOOD DEVELOPMENT TO SECURE LAND ACQUISITION LOAN OF $506,600 | | | | $506,600.00 | UNKNOWN |
| | | | **Value:** $540,000.00 | | | | | |
| Vendor No: s352<br>NEVADA COUNTY<br>TREASURER & TAX COLLECTOR<br>E CHRISTINA DABIS<br>950 MAIDU AVE<br>NEVADA, CA 95959 | | H | TAXES & OTHER GOVT DEBTS<br>PROPERTY TAX ON UNDEVELOPED LAND LOCATED AT 12553 SETTLERS LANE, TRUCKEE, CA 96161 COMPRISED OF .38 ACRES IN OLD GREENWOOD DEVELOPMENT | | | | UNKNOWN | UNKNOWN |
| | | | **Value:** $540,000.00 | | | | | |

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|
| Vendor No: s349 ORANGE COUNTY TAX COLLECTOR THE TREASURER 12 CIVIC CENTER PLAZA SANTA ANA, CA 92701 | H | TAXES & OTHER GOVT DEBTS PROPERTY TAX FOR RESIDENTIAL REAL PROPERTY LOCATED AT 21 ATLANTIS COVE, NEWPORT COAST, CA 92657 Value: UNKNOWN | | | | UNKNOWN | UNKNOWN |
| Vendor No: s351 PITKIN COUNTY ASSESSOR TOM ISAAC 506 E MAIN ST STE 202 ASPEN, CO 81611 | H | TAXES & OTHER GOVT DEBTS PROPERTY TAX FOR CONDOMINIUM LOCATED AT FASCHING HAUS EAST, 747 S GALENA STREET, UNIT 340/440, ASPEN, CO 81611 Value: $945,000.00 | | | | UNKNOWN | UNKNOWN |
| Vendor No: s350 RIVERSIDE COUNTY TAX COLLECTOR PAUL MCDONNELL, TREASURER 4080 LEMON ST 11TH FLOOR RIVERSIDE, CA 92502 | H | TAXES & OTHER GOVT DEBTS PROPERTY TAX ON SINGLE FAMILY RESIDENCE LOCATED AT 79-205 SHADOW TRAIL, LA QUINTA, CA 92253 (H); 3 LOTS AT 48TH & ADAMS, LA QUINTA, CA (H); AND CONDOMINIUM LOCATED AT 77320 CAMINO QUINTANA, LA QUINTA, CA 92253 © Value: UNKNOWN | | | | UNKNOWN | UNKNOWN |
| Vendor No: s4 WELLS FARGO JANET PERCEVIC 1512 EUREKA RD , STE 300 ROSEVILLE, CA 95661 | H | MORTGAGE FIRST TRUST DEED ON CONDOMINIUM LOCATED AT 13 COCONUT GROVE LANE, UNIT C, LAHAINA, HI 96761 TO SECURE PERM LOAN IN AMOUNT OF $3,000,000 Value: $4,275,000.00 | | | | $3,000,000.00 | UNKNOWN |
| Vendor No: s34 WELLS FARGO JANET PERCEVIC 1512 EUREKA RD , STE 300 ROSEVILLE, CA 95661 | H | MORTGAGE SECOND TRUST DEED ON CONDOMINIUM LOCATED AT 13 COCONUT GROVE, UNIT C, LAHAINA, HI 96761 TO SECURE LOAN OF $1,000,000 Value: $4,275,000.00 | | | | $1,000,000.00 | UNKNOWN |

Sheet no. 6 of 7   sheets attached to Schedule of
Creditors Holding Secured Claims

In re James Chris Gianulias        Case No. __8:08-13150-RK__
_____
          Debtor                                       (If known)

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE | CODEBTOR HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM, IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT UNLIQUIDATED DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|
| **Vendor No:**     s35 <br> WELLS FARGO <br> JANET PERCEVIC <br> 1512 EUREKA RD , STE 300 <br> ROSEVILLE, CA 95661 |    H | MORTGAGE <br> FIRST TRUST DEED ON CONDOMINIUM LOCATED AT FASCHING HAUS EAST, 747 S GALENA ST, UNIT 340/440, ASPEN, CO 81611 TO SECURE LOAN OF $280,000 <br><br> Value:         $945,000.00 | | $255,245.21 | UNKNOWN |
| **Vendor No:**    s564 <br> WESTERN INSURANCE COMPANY <br> ATTN LESLIE SCHULENBERG <br> 675 WEST MOANA <br> RENO, NV 89509 | X   H | INDEMNIFICATION <br> POTENTIAL LIABILITY AS CO-INDEMITOR FOR SURETY BONDS UNDER CONTINUING AGREEMENT OF INDEMNITY - CONTRACTORS FORM EXECUTED 4/27/07 <br><br> Value:      UNKNOWN | X   X | UNKNOWN | UNKNOWN |
| **Vendor No:**    s572 <br> WESTERN INSURANCE COMPANY <br> ATTN LESLIE SCHULENBERG <br> 675 WEST MOANA <br> RENO, NV 89509 | X   H | INDEMNIFICATION <br> POTENTIAL LIABILITY AS CO-INDEMNITY FOR SURETY BONDS UNDER CONTINUING AGREEMENT OF INDEMNITY CONTRACTORS FORM EXECUTED 2/16/07 <br><br> Value:      UNKNOWN | X   X | UNKNOWN | UNKNOWN |
| **Vendor No:**    s579 <br> WESTERN INSURANCE COMPANY <br> ATTN LESLIE SCHULENBERG <br> 675 WEST MOANA <br> RENO, NV 89509 | X   H | INDEMNIFICATION <br> POTENTIAL LIABILITY AS CO-INDEMNITOR FOR SURETY BONDS UNDER CONTINUING AGREEMENT OF INDEMNITY CONTRACTORS FORM EXECUTED 8/1/07 <br><br> Value:      UNKNOWN | X   X | UNKNOWN | UNKNOWN |
| **Vendor No:**    s584 <br> WESTERN INSURANCE COMPANY <br> ATTN LESLIE SCHULENBERG <br> 675 WEST MOANA <br> RENO, NV 89509 | X   H | INDEMNIFICATION <br> POTENTIAL LIABILIT AS CO-INDEMNITOR FOR SURETY BONDS UNDER CONTINUING AGREEMENT OF INDEMNITY CONTRACTORS FORM EXECUTED 8/6/07 <br><br> Value:      UNKNOWN | X   X | UNKNOWN | UNKNOWN |

Sheet no. 7 of 7   sheets attached to Schedule of
Creditors Holding Secured Claims

Total Unsecured     $1,725.73
PLUS UNKNOWN

Total Secured     $14,541,869.09
(Use only on the last page of the completed Schedule D)     PLUS UNKNOWN

(Report total also on Summary of Schedules)